## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

IN RE:

      **JOHNNY RAY MOORE**      :      **CHAPTER 13**

            **DEBTOR**      :

                      :      **CASE NO: 16-51133 JAM**

                      :

                      :      **NOVEMBER 28, 2016**

## DEBTOR OBJECTION TO CLAIM

Johnny Ray Moore, Debtor of the above – captioned estate, objects to the following claim:

Claim No. 6, filed November 2, 2016 by Water Pollution Control Authority for the City of Bridgeport, herein called "the Bridgeport WPCA" in the amount of $10399.78; the Debtor objects to this claim for the following reasons:

1.     The amount of the claim is UNSECURED;

2.     The amount of this claim accrued as a result of an unlawful foreclosure civil action commenced on May 6, 2014 against the Debtor, in Connecticut Superior Court under FBT CV- 14-6028284-S;

3.     The accumulation of the debt and the relief sought by the creditors alleged proof of claim was accrued in violation of 11 U.S.C. § 362 (a) of the automatic stay that was in enforce at that time under Debtor's Bankruptcy Petition 12-51027;

4.     Attorney Barbara H. Katz, Chapter 7, Trustee by letter dated May 14, 2015 informed counsel for Bridgeport WPCA that the entire civil action was in violation of the automatic stay;

5.    The Trustee's letter also stated that counsel was aware of the automatic and nevertheless chose with willfully intent to violate the automatic stay without first receiving the requested relief from the Bankruptcy Court; to prosecute a strict foreclosure against the Debtor in State Court;

6.    The Debtor on April 4, 2016 filed its Appearance and his Motion to Dismiss the Bridgeport WPCA foreclosure action in State Court. Please see the State Court Judicial Doc. No. 122;

7.    On May 23, 2016 the State Superior Court of Fairfield County, located in Bridgeport Connecticut, GRANTED the Debtor's Motion to Dismiss;

8.    The Debtor's Motion to Dismiss was GRANTED by the Honorable Judge Richard Gilardi, who issued his ORDER thereof on May 23, 2016, Please see doc. no. 122.10;

9.    In addition to the above, the Bridgeport WPCA and its counsel had several opportunities during the pendency of my petition to submit its claims to Attorney Barbara H. Katz, the Chapter 7, Trustee, for payment;

10.    However, the Bridgeport WPCA and its counsel, chose not to do so, in order to increase the legal cost in State Court, having commenced a foreclosure action and prosecuted and obtained a Judgment of Strict Foreclosure and Law Day in violation of the Debtor's Automatic Stay.

The Claimant now seeks monetary relief under the Debtor's Chapter 13 petition for its egregious actions for which the Bridgeport WPCA and its counsel are not entitled to and hereto the Debtor Respectfully moves this Honorable Court to disallow this claim in its entirety.

**WHEREFORE**, the Debtor objects to Claim No. 6 on the grounds that the creditors claim is not a secured debt. Further, the amount of the debt claimed by the creditor consist of legal fees, marshal fees and court costs as a result of a civil foreclosure action that was commenced against the Debtor in violation of the automatic stay pursuant to federal law. In addition, the state court action and all costs associated with the said action were dismissed against the Debtor in its entirety.

In support of the Debtor's objection to Claim No. 6. attached and made hereto a part of the record are the Debtor's Exhibits in support of the Objection to Claim.

Dated at Shelton Connecticut this 28th of November, 2016.

RESPECTFULLY SUBMITTED THE DEBTOR

By:

Johnny Ray Moore, Pro Se
15 Sachem Drive
Shelton CT. 06484
203-395-4284
Johnnyraybanker@gmail.com

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

IN RE:

| | | |
|---|---|---|
| **JOHNNY RAY MOORE** | : | **CHAPTER 13** |
| **DEBTOR** | : | |
| | : | **CASE NO: 16-51133 JAM** |
| | : | |
| | : | **NOVEMBER 28, 2016** |

## ORDER SUSTAINING OBJECTION TO CLAIM

The objection of Johnny Ray Moore, the Debtor dated November 28, 2016, to proof

of Claim filed in this proceeding having come before this Court after due notice and a

hearing; it is hereby

**ORDERED**: that the objection is sustained as to the following:

Claim No. 6. Filed November 2, 2016 by the Bridgeport WPCA in the amount

of $10,399.78 is disallowed.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

IN RE:

| | | |
|---|---|---|
| **JOHNNY RAY MOORE** | : | **CHAPTER 13** |
| **DEBTOR** | : | |
| | : | **CASE NO: 16-51133 JAM** |
| | : | |
| | : | **NOVEMBER 28, 2016** |
| | | |
| | : | **Doc. No. \_\_\_\_** |

## <u>DEBTOR EXHIBITS IN SUPPORT OF OBJECTION TO CLAIM</u>

The following Exhibits A, B, C, and D are attached hereto and made a part of the record in support of the Debtor Objection to Claim:

**1. Exhibit A** - are copies of the letters sent to the Law Firm of Juda J. Epstein, counsel for the Bridgeport WPCA, by Attorney Barbara H. Katz;

**2. Exhibit B** - is a certified copy State Court transcript of the hearing held regarding the Debtor's Motion to Dismiss;

**3. Exhibit C** – is a copy of the State Court ORDER granting the Debtor's its Motion to Dismiss;

**4. Exhibit D** – is a copy of the state court case detail highlighting the egregious motions filed by the Bridgeport WPCA counsel and the Debtors attempts to defend the rights afforded him by the Bankruptcy Court against such unwarranted aggression to harass the Debtor into paying a debt under the threat of foreclosing on its real estate property located at 574-576 Union Avenue, Bridgeport CT 06607.

## CERTIFICATION

I HEREBY CERIFY that a copy of the objection and exhibits was mailed, U.S. first

class, postage Prepaid, on November 28, 2016, to the following parties listed below:

Water Pollution Control Authority
For the City of Bridgeport
c/o Law Office of Juda J. Epstein
3543 Main Street
Bridgeport, CT. 06606

Water Pollution Control Authority
For the City of Bridgeport
695 Seaview Avenue
Bridgeport, CT 06607-1628

Tower Lien, LLC
P.O.Box 823502
Philadelphia, PA 19182-3502

Tower Lien LLC
Marcus Law Firm
275 Branford Road
Branford, CT 06471
c/o Mark L. Bergamo, Esq.

US Bank, National Association as
Custodian for Tower DBW VI 2016-1 Trust
P.O.Box 645040
Cincinnati, OH 45264-5040

Hampshire House Condo Assoc.
c/o Mattew k. Beatman
Zeisler & Zeisler, P.C.
10 Middle Street, 15th floor
Bridgeport CT 06604-4299

Regional Water Authority
c/o Mike McKeon
90 Sargent Drive
New Haven, CT 06511-5918

State of CT, Dept. of Rev. Serv.
attn.: Maria Santos, Esq.
Office of the Attorney General
55 Elm Street
Hartford, CT 06106-1746

North East Medical Group
P.O.Box 417514
Boston, Ma 02241-7514

Ally Bank
P.O.Box 130424
Roseville MN 55113-0004

US Bank, National Association
Mark L. Bergam, Esq.
the Marcus Law Firm
275 Branford Road
Branford, CT 06471-1337

Bridgeport Anesthesia
P.O.Box 454
Brattleboro, VT 05302-0454
Ruth, NJ 07070-0454

Frontier Communication
Bankruptcy Dept.
19 John Street
Middletown, NY 10940-4918

Hampshire House Condo Assoc.
c/o Edward Walsh, Esq.
Bai, Pollock, Bluewiess & Mulcahey, PC
Two Corporate Drive
Shelton, CT 06484-6238

Bank of America
c/o Aldridge Pite, LLP
4375 Jutland Drive, Suite 200
P.O.Box 17933
San Diego, Ca 92177-7921

PennyMac Holdings LLC
Attn: Linda St. Pierre, Esq.
50 Weston Street
Hartford, CT 06120

JPMorgan Chase Bank, N.A.
Mail Code LA4-5555
700 Kanas Lane
Monroe, LA 71203-4774

Bank of America
P.O.Box 26012
NC4-105—2-99
Greensboro, NC 27420-6012

Attorney Barbara H. Katz, Trustee
57 Trumbull Street
New Haven, CT 06510-2022

U.S.Trustee
Office of the U.S.Trustee
Giaimo Federal Building
150 Court Street
New Haven, CT 06510-2022

Molly T. Whiton, Trustee 13
10 Columbus Street
Hartford, CT 06106-2073

PennyMac Loan Service, LLC
Attn: Legal/Bankruptcy Dept.
6101 Conor Drive, Suite 310
Moorpark, CA 92177-7921

Specialized Loan Servicing, LLC
Attn: Bankruptcy Dept.
8742 Lucent Blvd., Suite 300
Highlands Rance, Colorado 80129

JPMorgan Chase Bank, N.A.
Attn: Victoria Forcella, Esq.
50 Weston Street
Hartford CT 06120

Holley Claiborn, Esq., U.S.Trustee
Office of the U.S.Trustee
Giaimo Federal Building
150 Court Street
New Haven, CT 06510-2022

THE DEBTOR

By: _____

Johnny Ray Moore, Pro Se
15 Sachem Drive
Shelton CT. 06484
203-395-4284
Johnnyraybanker@gmail.com

**BARBARA H. KATZ, TRUSTEE**
**57 TRUMBULL STREET**
**NEW HAVEN, CONNECTICUT 06510-1004**
**TELEPHONE (203) 772-4828**
**FACSIMILE (203) 777-2791**
barbarakatz@snet.net

February 11, 2015

**BY FAX ONLY (203) 371-6001**
Juda J. Epstein, Esq.
3543 Main Street
2nd Floor
Bridgeport, Connecticut 06606

Re:   Johnny Ray Moore
Chapter 7 Case No. 12-51027 AHWS
WPCA of the City of Bridgeport v. Moore et al
Docket # 433.

Dear Attorney Epstein:

As you may know, I am the trustee of the above-captioned Chapter 7 bankruptcy estate. I read your motion for relief from stay regarding 574-576 Union Avenue, Bridgeport, Connecticut and have filed an objection to the motion on the grounds that there is equity in the real estate and I intend to sell the property. Towards that end I have filed a motion to employ a real estate agent. A copy of my objection is attached for your reference.

A hearing has been scheduled on your motion and my objection for February 17, 2015 at 10:00 a.m. I am unavailable at that time. I will be examining a number of debtors at their Section 341 meetings of creditors as part of my duties as a chapter 7 trustee. Accordingly I request a continuance of the hearing to February 24, 2015. Of course I would also welcome either a withdrawal of your motion or making it off with a right to reclaim.

Kindly let me know if you agree to a continuance. If I have not heard from you by 3:30 p.m. on Friday, February 13, 2015 I will assume that you do not agree to a continuance and will file a motion with the Court requesting one.

Thank you.

Very truly yours,

Barbara H. Katz

BHK/fdr
enc.
cc:   David Volman, Esq. (w/enc.)
Attorney Holley Claiborn (w/enc.)

EXHIBIT A.

BARBARA H. KATZ, TRUSTEE
57 TRUMBULL STREET
NEW HAVEN, CONNECTICUT 06510-1004
TELEPHONE (203) 772-4828
FACSIMILE (203) 777-2791
barbarakatz@snet.net

May 14, 2015

**BY FAX (203) 371-6001**
**And BY U. S. MAIL, FIRST CLASS**
Juda J. Epstein, Esq.
3543 Main Street
2nd Floor
Bridgeport, Connecticut 06606

      Re:    Johnny Ray Moore
             Chapter 7 Case No. 12-51027 AHWS

             WPCA of the City of Bridgeport v. Moore et al
             FBT CV14-6042793-S.

Dear Attorney Epstein:

As you know, I am the trustee of the above-captioned Chapter 7 bankruptcy estate. It has come to my attention that you have, in violation of the automatic stay provided in 11 U.S.C. §362(a) obtained a judgment of strict foreclosure in the above-captioned matter pending in the Connecticut Superior Court.

On February 11, 2015 I advised you in writing that the property that is the subject of the foreclosure action, 574-576 Union Avenue, Bridgeport, Connecticut, is property of the Bankruptcy Estate and that I intend to sell the property for the benefit of the estate. I also enclosed in that letter a copy of my objection to the motion for relief from the automatic stay that you filed. On February 17, 2015 the Bankruptcy Court marked off your motion. This is the docket entry:

| | | |
|---|---|---|
| 02/17/2015 | | Hearing Off (RE: <u>433</u> Motion for Relief From Stay filed by Creditor WPCA Of Bridgeport, <u>436</u> Objection filed by Trustee Barbara H. Katz, Trustee). No show by the WPCA of Bridgeport. (Senteio, Renee) (Entered: 02/17/2015) |

You did not pursue your motion and relief from stay has not been granted by the Court.

Demand is made that you immediately file a motion to reopen the judgment of strict foreclosure that you obtained and withdraw the foreclosure action. The entire foreclosure action is a violation of the automatic stay which you have simply ignored

Juda J. Epstein, Esq.
May 14, 2015
Page 2

despite being on notice at the latest on February 11, 2015. Should you fail to file and prosecute a motion to reopen judgment and serve me with a copy of the motion by May 21, 2015 I will take the appropriate action against you and your client in the Bankruptcy Court for willful violation of the automatic stay provided by 11 U.S.C. §362(a).

Very truly yours,

Barbara H. Katz

BHK/fdr
cc:     David Volman, Esq.
        Attorney Holley Claiborn

## Pam Ulatoski

**From:** BARBARA KATZ [barbarakatz@snet.net]
**Sent:** Thursday, May 14, 2015 12:05 PM
**To:** David Volman; Claiborn Holley L. (USTP)
**Subject:** Johnny Ray Moore, Bridgeport WPCA
**Attachments:** WPCA Moore_20150514120154.PDF

Please see the attached letter that was faxed & mailed to Attorney Epstein this morning.

thanks,
Barbara

Barbara H. Katz
Law Office of Barbara H. Katz
57 Trumbull St.
New Haven, CT 06510-1004
(203) 772-4828
THE INFORMATION CONTAINED IN THIS ELECTRONIC MESSAGE AND ANY ATTACHED DOCUMENT(S) IS
INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED
ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND
CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION,
DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE (203) 772-4828 OR BY
ELECTRONIC MAIL (barbarakatz@snet.net) IMMEDIATELY. THANK YOU.

```
DOCKET NO:
FBT CV 14 6042793S
                              :  SUPERIOR COURT

WATER POLLUTION CONTROL       :  JUDICIAL DISTRICT OF
                                 FAIRFIELD

v.                            :  AT BRIDGEPORT, CONNECTICUT

JOHNNY RAY MOORE              :  MAY 23, 2016
```

_____


BEFORE THE HONORABLE RICHARD GILARDI, JUDGE


A P P E A R A N C E S :


   Representing the Plaintiff:

       ATTORNEY JUDA EPSTEIN,
       3543 Main Street
       2nd Floor
       Bridgeport, Connecticut


   Representing the Defendant:

       SELF-REPRESENTED PARTY


                         Recorded by:
                         Karen Springer

                         Transcribed by:
                         Stephanie Sullivan,
                         Court Recording Monitor
                         1061 Main Street
                         Bridgeport, Connecticut

EXHIBIT B

1          MR. MOORE:  122, Your Honor.

2          THE COURT:  122?

3          MR. MOORE:  Yes, Your Honor.

4          ATTORNEY EPSTEIN:  Good morning, Your Honor.

5     Juda J. Epstein on behalf of the plaintiff.

6          MR. MOORE:  Good morning, Your Honor.  Johnny

7     Ray Moore, the defendant.  This is my motion also,

8     Your Honor, to dismiss this complaint for lack of

9     subject matter jurisdiction.

10         THE COURT:  Go ahead.

11         MR. MOORE:  Yes.  This -- this particular

12    complaint, Your Honor, was also commenced against the

13    defendant during the pendency of the defendant's

14    bankruptcy stay, Your Honor, which basically that

15    stay prohibits any commencement of a civil action

16    against the defendant in Civil Court, in State Court,

17    while that stay is in effect.

18         I filed a bankruptcy petition on May

19    the 31st, 2012.  I -- during that pendency, Your

20    Honor, I received a letter from the Law Firm of Juda

21    Epstein.

22         THE COURT:  Well it's in bankruptcy.

23         ATTORNEY EPSTEIN:  It's not in bankruptcy now.

24    It's not.  It's all done.  Over.

25         THE COURT:  It's not on the record.

26         ATTORNEY EPSTEIN:  Your Honor, there's a --

27         MR. MOORE:  Well -- may I --

1         ATTORNEY EPSTEIN:  He has already been

2     discharged in bankruptcy.  And the trustee has

3     abandoned the case.  There's no reason to dismiss

4     this case.  We already have judgement in this file.

5     We proceeded correctly.  Smoke in mirrors and

6     dilatory.

7         MR. MOORE:  Your -- Your --

8         ATTORNEY EPSTEIN:  He hasn't paid his sewer

9     charges in five years.  It's an investment property.

10    It's all just --

11        MR. MOORE:  Your Honor, may I -- smoke in

12    mirrors in color of -- of law is from the Law Firm of

13    Juda Epstein, Your Honor.  They filed recently --

14    they filed in this court a affidavit that the matter

15    was still pending in Bankruptcy Court.  That's what I

16    believe my -- Your Honor, was -- was addressing.  I

17    think they filed that affidavit like two weeks ago

18    that the matter was still pending in Bankruptcy

19    Court.

20        This particular issue here, Your Honor -- and

21    again the Law Firm of Juda Epstein commenced this

22    foreclosure action against me during the pendency of

23    my bankruptcy stay.  When I received the letter from

24    his law firm saying that we represent the WPCA, I

25    called his law firm.  I actually physically went down

26    to his law firm.  I asked his law firm what is the

27    post-petition debt that is owed.  They refused to

1      give me the amount of the post-petition debt.

2          But if the Court looks at the record, the post-

3      petition debt is less than a thousand dollars, Your

4      Honor.  His law firm seeks to charge me a sum of like

5      six thousand dollars for alleged legal fees that they

6      accrued during the pendency of my bankruptcy stay,

7      which the Chapter 7, in my exhibit, clearly informed

8      his law firm that it was illegal and that if he --

9      his law firm did not open the judgement of strict

10     foreclosure that they prosecuted with willful intent.

11     Exhibit M, Your Honor, if the Court should look at

12     Exhibit M, this is a letter from the Chapter 7

13     trustee to the law firm of Juda Epstein, and I would

14     like to put this on the record.

15         It says; Dear Attorney Epstein, as you know, I

16     am the Chapter 7 trustee of the above captioned

17     Chapter 7 bankruptcy estate.  It has come to my

18     attention that you have, in violation of the

19     automatic stay, provided in 11 USC section 362a,

20     obtained a judgement of strict foreclosure in the

21     above captioned matter pending in the Connecticut

22     Superior Court.  On February the 11th, 2015, I

23     advised you, in writing, that the property is the

24     subject of the -- that the property that is the

25     subject of the foreclosure action, 574-576 Union

26     Avenue, Bridgeport, Connecticut, is the property of

27     the bankruptcy estate.  And that I intend to sell the

1    property for the benefit of the estate.  I also

2    advised you that in that letter a copy of my

3    objection to the Motion of Relief from stay from the

4    automatic stay that you filed on February

5    the 17th, 2015, the Bankruptcy Court marked off your

6    motion that is docket entry.

7         And it shows here that his law firm filed a

8    Motion for Relief of stay.  They never showed up in

9    court.  They never prosecuted the motion.  Afterwards

10   they moved in State Court and they prosecute their --

11   their Motion for Strict Foreclosure, Your Honor.

12        In addition she says; you did not pursue your

13   motion and relief from stay that has not been granted

14   by the Court.  Demand is made that you immediately

15   file a Motion to Open the Judgement of the strict

16   foreclosure that you obtained and withdraw the

17   foreclosure action.  The entire foreclosure action is

18   a violation of the automatic stay, which you have

19   simply ignored despite being on notice and of the

20   latest on February the 11th, 2015.  Should you fail

21   to file an prosecute a Motion to Open the judgement

22   and serve me with a copy of the motion by May

23   the 21st, 2015, I will take appropriate action

24   against you and your client in the Bankruptcy Court

25   for willful violation of the automatic stay provided

26   by 11 USC section 362a.

27        THE COURT:  Well listen, Judge Bellis opened and

1    vacated the judgment.

2        MR. MOORE:  But he did not dismiss the

3    complaint.

4        THE COURT:  I'm sorry?

5        MR. MOORE:  But he did not dismiss this

6    complaint.  The entire --

7        THE COURT:  Wait a minute.  I'm just telling

8    you --

9        MR. MOORE:  Yes.

10       THE COURT:  As far as the judgement is

11   concerned --

12       MR. MOORE:  Correct.

13       THE COURT:  -- it was vacated.

14       MR. MOORE:  Yes, Your Honor.

15       THE COURT:  There's a notice of bankruptcy

16   pending.  That doesn't -- that doesn't eliminate it.

17   It just stays any action.

18       MR. MOORE:  I understand that, Your Honor.

19       THE COURT:  So -- and I don't have any -- I

20   don't have any motion that bankruptcy has been --

21       ATTORNEY EPSTEIN:  Your Honor, in my motion --

22   in my objection, everything he said is half true

23   only.  And it is true that he went bankrupt.  It is

24   true that during the pendency of the case, I -- the

25   bankruptcy case, I asked the Bankruptcy Court for

26   relief of stay.

27       THE COURT:  Right.

6

1       ATTORNEY EPSTEIN:  What's not true is that I --

2   no, I personally went to court in November.

3       THE COURT:  Well was it granted?

4       ATTORNEY EPSTEIN:  I'm sorry?

5       THE COURT:  Was it granted?

6       ATTORNEY EPSTEIN:  The Court said it was moot

7   because they issued a discharge.  So the Bankruptcy

8   Court either -- they grant for leave for stay -- in

9   Bankruptcy Court they said; doesn't matter, it's moot

10  because we issued Mr. Ray a discharge.

11      MR. MOORE:  Objection, Your Honor.

12      ATTORNEY EPSTEIN:  The trustee, she did not --

13      MR. MOORE:  That's not true.

14      ATTORNEY EPSTEIN:  -- bother showing up to

15  court.  I was there, she wasn't.  After she didn't

16  bother to do her job, I went back to State Court.

17  The Court said it's moot, what does it matter, we

18  already issued a discharge.

19      THE COURT:  Well this is all hearsay.  I don't

20  have anything that says that.

21      ATTORNEY EPSTEIN:  None -- Judge, none of it

22  matters.  What matters is that the bankruptcy is

23  over.  Even Mr. Moore --

24      THE COURT:  Yeah, but there's nothing in the

25  file to indicate that.

26      ATTORNEY EPSTEIN:  There is, Your Honor.  There

27  is.  If you look at my objection, I issued --

| 1 | MR. MOORE: It's not -- (indiscernible.) |
| 2 | ATTORNEY EPSTEIN: -- Exhibit number -- |
| 3 | THE COURT: Oh, okay. |
| 4 | ATTORNEY EPSTEIN: Exhibit number B is the |
| 5 | discharge, which was granted in 2015. But Exhibit -- |
| 6 | Exhibit B is from the United District Bankruptcy |
| 7 | Court, it's order -- the debtor is granted the |
| 8 | discharge under section 727 Title 11. And Exhibit C, |
| 9 | Your Honor, is an affidavit and release filed on the |
| 10 | land records by Attorney Barbara Katz, who was the |
| 11 | bankruptcy trustee. And that, she swears, and puts |
| 12 | on -- everyone on notice of pendency of the |
| 13 | bankruptcy case. It says that release and discharge, |
| 14 | certain notice of pendency of bankruptcy case, dated |
| 15 | November 4th, 2014 on the land records. So she's |
| 16 | releasing her hold. So the bankruptcy case is over. |
| 17 | He's been discharged. The trustee is released. |
| 18 | So I went back to State Court to obtain a |
| 19 | judgement. We vacated a judgement. He is now filing |
| 20 | a Motion to Dismiss. The reason he's filing a Motion |
| 21 | to Dismiss Judge is so that I don't get another |
| 22 | judgement and he loses this house. He hasn't paid |
| 23 | any money at all since 2012. He has violated the law |
| 24 | in the -- in Federal Court that had ordered him to |
| 25 | pay the current charges while he was bankrupt, |
| 26 | which -- |
| 27 | MR. MOORE: I object, Your Honor. That's -- |

1        ATTORNEY EPSTEIN:  -- which he did not.

2        MR. MOORE:  That's incorrect.

3        ATTORNEY EPSTEIN:  So what I'm asking the

4   Court --

5        MR. MOORE:  Objection, Your Honor.  That's

6   incorrect.

7        ATTORNEY EPSTEIN:  -- to do --

8        MR. MOORE:  That's --

9        ATTORNEY EPSTEIN:  -- is to deny his Motion to

10   Dismiss the case.

11        MR. MOORE:  Objection, Your Honor.  Counsel is

12   standing in this court today lying.  Okay.  He's

13   lying, Your Honor --

14        THE COURT:  Did you read Exhibit B?

15        MR. MOORE:  Oh, Your Honor, I am not

16   disputing --

17        THE COURT:  So -- so it's -- bankruptcy's been

18   discharged?  You've been discharged?

19        MR. MOORE:  The bankruptcy has been discharged.

20        THE COURT:  All right.  So now we're back to

21   square one.

22        MR. MOORE:  I'm not disputing that.  What I am

23   disputing, Your Honor, is the fact that during the

24   pendency of my bankruptcy stay you cannot commence a

25   foreclosure action against the defendant.

26        THE COURT:  That's -- that's been reopened --

27   it's been reopened and vacated.

```
 1            MR. MOORE:  What's been -- no, Your Honor.

 2            THE COURT:  The judgement.

 3            MR. MOORE:  It hasn't been --

 4            THE COURT:  Judge Bellis ordered --

 5            MR. MOORE:  The judgement -- the judgment has

 6     been opened and vacated.  But he wants to charge me

 7     all these legal fees --

 8            THE COURT:  Well that's a different story.

 9            MR. MOORE:  Okay.  He wants to charge all these

10     legal fees for an action that he didn't have the

11     legal right to commence against me.

12            ATTORNEY EPSTEIN:  We're not here to talk

13     about --

14            MR. MOORE:  Now if he --

15            ATTORNEY EPSTEIN:  -- the legal fees.

16            MR. MOORE:  If he --

17            ATTORNEY EPSTEIN:  It's about a Motion to

18     Dismiss.

19            MR. MOORE:  If he feels that he has that right,

20     you know, I mean that's a matter that we take up

21     in --

22            THE COURT:  Well that's something you can

23     argue --

24            MR. MOORE:  -- in bankruptcy --

25            THE COURT:  -- when it's down for the hearing.

26            MR. MOORE:  Your Honor, my -- my -- my Motion to

27     Dismiss today, okay, I filed a Motion to --
```

```
1           THE COURT:  I know.

2           MR. MOORE:  -- Dismiss today, Your Honor.  It's

3      very well pleaded.  And I would make this a part of

4      the record, because I'm not sure if Your Honor had --

5      has had the time to actually look at my motion, Your

6      Honor, with the facts and the exhibits.  So, you

7      know, I would like to make my motion a part of the

8      record today, Your Honor.  And if Your Honor has not

9      had the opportunity to look at the facts to read my

10     memorandum of law, to review my exhibits, you know, I

11     would -- and my affidavit.

12          I'm not disputing the fact that there's a stay.

13     I'm -- I'm not disputing that at all.  I'm disputing

14     the fact that the Law Firm of Juda Epstein, on behalf

15     of the W.P.C.A., commenced this foreclosure action

16     against me during the pendency of my bankruptcy stay,

17     which renders this Court without subject matter

18     jurisdiction to hear this complaint.  And the

19     complaint according to the positon of the Chapter 7

20     trustee --

21          THE COURT:  I'm not --

22          MR. MOORE:  -- should be dismissed.

23          THE COURT:  I'm not disagreeing.  But you're not

24     disputing the fact that you -- there is a lien for

25     the water?

26          MR. MOORE:  A thousand dollars.

27          THE COURT:  Okay.  The thing you're questioning
```

11

```
 1        is they charged you fees while it was in bankruptcy

 2        when they shouldn't have.  Is that it?

 3             MR. MOORE:  Correct, Your Honor.

 4             THE COURT:  Is that it?

 5             MR. MOORE:  That's correct.  And -- and Attorney

 6        Epstein --

 7             THE COURT:  But -- but if -- at some point if

 8        there's a hearing, you can argue that, when it -- in

 9        other words, you -- you mention all the charges in

10        the -- in the judgement, and one of them is

11        attorney's fees.  And you have the right to object to

12        the attorney's fees.  Judges knock it down once and a

13        while.  They do knock it down.  So you have a -- you

14        have the right to make the argument.  But that

15        doesn't make the case disappear.  Do you understand?

16             MR. MOORE:  So what you're -- so what the Court

17        is saying today is that when a defendant is -- the

18        Court renders a Motion for Strict foreclosure, the

19        Court renders a law day, the -- the defendant files

20        bankruptcy, an automatic stay of all proceedings

21        are -- are stayed.

22             THE COURT:  I know what you're saying.  And

23        during that --

24             MR. MOORE:  So -- so he can continue -- because

25        that's what Attorney Juda Epstein --

26             THE COURT:  I realize that, you're saying --

27             MR. MOORE:  -- basically is stating.
```

12

```
 1              THE COURT:  -- that they didn't have the right
 2       to --
 3              MR. MOORE:  And he has the right to do.
 4              THE COURT:  -- to incur legal fees while it was
 5       in bankruptcy.
 6              MR. MOORE:  No, what I'm saying, Your Honor,
 7       that this complaint should be dismissed.
 8              THE COURT:  Why?
 9              MR. MOORE:  Because it's in violation of my
10       automatic stay.
11              THE COURT:  There was no automatic stay.  It's
12       been discharged.
13              MR. MOORE:  The -- the judgement, Your Honor,
14       was -- the judgement was -- the judgement of strict
15       foreclosure --
16              THE COURT:  Was vacated.
17              MR. MOORE:  -- was opened --
18              THE COURT:  It was opened and vacated.
19              MR. MOORE:  -- and vacated.  Right.
20              THE COURT:  So now we're back to square one.
21              MR. MOORE:  Well we're not back to square one,
22       because the only thing that Attorney Juda Epstein
23       will -- will do --
24              THE COURT:  Wait a minute.  There's no
25       bankruptcy.
26              MR. MOORE:  There's no bankruptcy.
27              THE COURT:  You've been discharged.
```

```
 1              MR. MOORE:  Correct.

 2              THE COURT:  The case is still pending.  They

 3    haven't been paid.  They're not going to go away.

 4    They have the right to pursue it.  Do you disagree?

 5              MR. MOORE:  Well --

 6              THE COURT:  Wait a minute.  Do you disagree?

 7              MR. MOORE:  In part, I do.  And this is what I

 8    disagree with --

 9              THE COURT:  All right.

10              MR. MOORE:  What I disagree with, Your Honor, is

11    that after my bankruptcy stay the Law Firm of Juda

12    Epstein had the right to commence a foreclosure

13    action against me.  After my bankruptcy stay.  Not

14    during my bankruptcy stay.  That's the issue that I

15    have.  This was commenced during my bankruptcy stay.

16              So I got discharged and -- and law firms do it

17    all the time, they get relief from stay, and they --

18    they continue their foreclosure action or they

19    commence a foreclosure action.

20              What the law firm of Juda Epstein should have

21    done, which they willfully chose not to do, was wait

22    until after I received my discharge or my bankruptcy

23    was dismissed and then commenced a foreclosure action

24    on behalf of their client, that's my argument.

25    That's what they didn't do.

26              THE COURT:  So you're saying during the

27    bankruptcy the judgement -- whatever they did was
```

```
 1        void?  Yes?

 2             MR. MOORE:  Yes.

 3             ATTORNEY EPSTEIN:  Your Honor, we got a

 4        judgement after --

 5             MR. MOORE:  The complaint.

 6             ATTORNEY EPSTEIN:  -- it was discharged in

 7        Bankruptcy Court.

 8             MR. MOORE:  That's not true.

 9             ATTORNEY EPSTEIN:  He was discharged in

10        Bankruptcy Court.  And we got a judgement in State

11        Court, which we have vacated.

12             MR. MOORE:  No, they didn't.  That's --

13             ATTORNEY EPSTEIN:  The remedy for whatever he's

14        imagined as wrong was fodder for the Federal Court

15        for him to go to Bankruptcy Court and say; hey, Judge

16        Shiff -- or whoever -- I got a discharge, so I don't

17        have to pay my old debts.  I'm violating the Court

18        order by not paying my new debts and Epstein's firm

19        returned a writ to court -- we turned a writ to State

20        Court while it maybe should have, or maybe shouldn't

21        have.  It's not about that we have -- don't have a

22        right to pursue this case --

23             THE COURT:  We're not -- he's not saying that.

24        What he's saying is the action you took while he was

25        in bankruptcy is void.  And having been discharged,

26        then it's up to you to start a new action.

27             ATTORNEY EPSTEIN:  That's not right.
```

1        THE COURT:  Well wait a minute.

2        ATTORNEY EPSTEIN:  Okay.

3        THE COURT:  Is that what you're saying?

4        MR. MOORE:  That's what I'm saying, Your Honor.

5     That's exactly what I'm saying.

6        THE COURT:  Whatever you did while it was in

7     bankruptcy, you were -- you were precluded from

8     doing.

9        ATTORNEY EPSTEIN:  I was not, Your Honor.

10       THE COURT:  You were not.

11       ATTORNEY EPSTEIN:  That's -- he got a discharge,

12    when -- it's not -- even if --

13       THE COURT:  He's not -- when you filed the case

14    against him, was he in bankruptcy?

15       ATTORNEY EPSTEIN:  When the case was returned to

16    court, he was in bankruptcy.

17       THE COURT:  Then that was -- that was a void.

18    That was --

19       ATTORNEY EPSTEIN:  Correct, Your Honor.  Against

20    him only.  Not the other defendants.  But then he got

21    his discharge.  Once he got his discharge, I was

22    allowed to proceed.

23       THE COURT:  No.  You -- you were allowed to

24    proceed with a new action because the first one was

25    void because you did it during a bankruptcy.

26       ATTORNEY EPSTEIN:  Your Honor, I -- we have

27    researched the law, and we don't find any law on that

1    fact.

2         THE COURT:  Any law?

3         ATTORNEY EPSTEIN:  There's -- correct.

4         THE COURT:  During a stay?

5         ATTOREY EPSTEIN:  There -- there was no --

6         THE COURT:  During a bankruptcy?

7         ATTORNEY EPSTEIN:  We -- I looked at the law.

8    There is no law that says if I return a writ -- it

9    says I can't proceed.  But if the writ is returned

10   and the defendant is bankrupt, the writ is not

11   automatically dismissed.

12        MR. MOORE:  Your Honor --

13        ATTORNEY EPSTEIN:  It is not -- there's no --

14   I -- we looked at the law.  I cannot proceed.  I

15   vacated the judgement because the trustee said --

16   like he -- it was -- the trustee said; oh, that even

17   though the discharged issued, a trustee wanted to be

18   able to sell the property and pay all the other

19   people Mr. Ray didn't pay.  But she decided not to do

20   that.  And she ultimately released -- released it

21   from the stay that she had placed on it.

22        MR. MOORE:  Your Honor, may I?  His law firm --

23        ATTORNEY EPSTEIN:  He could have in Federal

24   Court --

25        MR. MOORE:  His law firm --

26        ATTORNEY EPSTEIN:  -- went to the Federal Court

27   and asked the Federal Court to have the writ

```
 1        dismissed in State Court.  He did not do that.  And

 2        it's not -- this is not the proper forum for --

 3              THE COURT:  What if he had?

 4              ATTORNEY EPSTEIN:  I don't -- I don't think the

 5        Federal Court would dismiss it.  I also don't

 6        think -- he already -- he doesn't even have

 7        jurisdiction to talk to the Court, Your Honor.  He's

 8        discharged from the debt.  He went to Federal Court.

 9        He does -- the Federal Court said he doesn't have to

10        pay this money.  So why does he have this standing,

11        after he goes to Federal Court and the Federal Judge

12        says; all right, Mr. Ray, you didn't pay the W.P.C.A.

13        for four, five, six years.  That's okay.  But now you

14        go back to State Court to say; even though I have a

15        discharge, I want to argue that it should be

16        dismissed.

17              MR. MOORE:  Your Honor --

18              ATTORNEY EPSTEIN:  It's not equitable either.

19              MR. MOORE:  Your -- Your Honor, I mean with all

20        due respect, Attorney Juda Epstein apparently doesn't

21        understand the facts.  Okay.  He's mispresented the

22        facts.

23              THE COURT:  Well don't say that.

24              MR. MOORE:  But he understood, Your Honor, that

25        there was a stay in place as a result of my --

26              THE COURT:  I know what you're saying.

27              MR. MOORE:  He filed a Motion for Release --
```

1       THE COURT:  During the stay, you can't file any

2   pleadings at all --

3       MR. MOORE:  Correct.

4       THE COURT:  -- including the complaint.

5       MR. MOORE:  That's correct, Your Honor.

6       THE COURT:  That's what you're saying.

7       MR. MOORE:  Yes, Your Honor.

8       THE COURT:  So once it was discharged, it was

9   incumbent upon them to start by serving you.

10      MR. MOORE:  Correct, Your Honor.

11      THE COURT:  That's what --

12      MR. MOORE:  That's what I'm saying, Your Honor.

13      THE COURT:  That's what he's saying.

14      ATTORNEY EPSTEIN:  Right.  He's one of the four

15  or five defendants.

16      THE COURT:  I'm sorry?

17      ATTORNEY EPSTEIN:  So I don't agree with

18  anything he's said.  But if the Court thinks it's

19  right to dismiss it against Mr. Ray.  So the writ

20  will still be fine.  And we'll just serve -- we will

21  move to cite him in tomorrow.  He's been discharged

22  from the debt, Your Honor.

23      MR. MOORE:  And all the --

24      ATTORNEY EPSTEIN:  He hasn't made a payment on

25  an investment property --

26      MR. MOORE:  Your Honor --

27      ATTORNEY EPSTEIN:  -- in four or five years.

1      MR. MOORE:  Your Honor --

2      ATTORNEY EPSTEIN:  He shouldn't even be

3  allowed --

4      MR. MOORE:  Your Honor --

5      ATTORNEY EPSTEIN:  -- to make this argument.

6      MR. MOORE:  Your Honor, first of all there's no

7  mortgage on the property.  Second of all, if you look

8  at counsel's pleadings.  Okay.  If you -- if you look

9  at his pleadings, the -- the outstanding charge is a

10  thousand dollars.  One thousand dollars, Your Honor.

11  I believe that is Exhibit -- a thousand dollars.

12      I mean I -- I went to his office to try to

13  settle this.  I settled it with the New Haven

14  W.P.C.A.

15      And as a matter of fact, Your Honor, this

16  property was -- was owned by the Chapter 7 trustee,

17  who sent a notice on several occasions to his law

18  firm asking them to send her a bill so she could pay

19  the debt.  But his law firm didn't do that.  You know

20  why?  Because they want to hit me with six thousand

21  dollars in legal fees that they should not have

22  even -- on a action that they should not have

23  commenced because of my stay.  That's what this is,

24  it's his law firm wanting to hit me with -- with --

25  with these six thousand dollars in fees.

26      The -- the post-petition debt, Your Honor, is

27  only a thousand dollars.

```
 1              ATTORNEY EPSTEIN:  Your Honor, it's not about --

 2              MR. MOORE:  One thousand dollars.

 3              ATTORNEY EPSTEIN:  -- post-petition debt.

 4              MR. MOORE:  One thousand dollars.

 5              ATTORNEY EPSTEIN:  He keeps saying it's a

 6         thousand dollars.

 7              MR. MOORE:  Okay.

 8              ATTORNEY EPSTEIN:  It's -- he got a discharge,

 9         personally.  But the property, he can't keep this

10         house without paying the W.P.C.A. in full.

11              MR. MOORE:  A thousand dollars.

12              ATTORNEY EPSTEIN:  It doesn't matter -- that's

13         wrong.

14              MR. MOORE:  How much do I owe?

15              ATTORNEY EPSTEIN:  Your Honor, he has to pay all

16         of the liens for all of the sewer charges.  I'm

17         dealing with his attitude that he feels; I have a

18         discharge in Federal Court, I don't have to pay

19         the -- I don't have the fees.  In order for him to

20         try to keep this house that he's been discharged

21         from, he has to pay all the legal fees, all the costs

22         and all the sewer charges.  Because the liens are

23         valid, even if you get a discharge.

24              THE COURT:  No one's saying that the -- the debt

25         is going away.

26              ATTORNEY EPSTEIN:  Except Mr. Moore.

27              MR. MOORE:  No, I'm not saying that either, Your
```

1    Honor.

2         THE COURT:   What he's saying is the original

3    writ, summons and complaint was served during

4    bankruptcy.

5         ATTORNEY EPSTEIN:   Correct.

6         THE COURT:   And therefore it was improper.

7         ATTORNEY EPSTEIN:   Correct.

8         MR. MOORE:   Yes, Your Honor.

9         THE COURT:   Even though you moved to vacate and

10   it was -- and it was open.

11        ATTORNEY EPSTEIN:   Right.

12        THE COURT:   What he's saying; originally it

13   shouldn't have been served.

14        ATTORNEY EPSTEIN:   Right.

15        THE COURT:   Now that he's been discharged, it

16   should be started over.   I'm not saying the debt will

17   disappear.

18        ATTORNEY EPSTEIN:   Right.   I believe that that's

19   incorrect.   Judge Bellis did not have that take on

20   it, when it came before her.   And if Your Honor's

21   gonna grant this, what I think is incorrect, Motion

22   to Dismiss, please grant it only as to Mr. Moore, so

23   all I'll have to do is re-serve him, and not

24   everybody else.

25        THE COURT:   That's what I'm saying.

26        ATTORNEY EPSTEIN:   I don't think that -- that --

27   I don't think the law requires me to re-serve

```
 1        everyone else.

 2               MR. MOORE:  Your Honor --

 3               THE COURT:  Well --

 4               ATTORNEY EPSTEIN:  Or him.  I don't think he has

 5        to be re-served either.

 6               THE COURT:  The law also prohibits any action

 7        during a bankruptcy.

 8               ATTORNEY EPSTEIN:  Correct.

 9               MR. MOORE:  Which counsel knows.

10               THE COURT:  Which was done.

11               ATTORNEY EPSTEIN:  Correct.

12               THE COURT:  So I'm ordering you just to -- I'm

13        ordering you to re-serve him for the -- for the

14        foreclosure.

15               ATTORNEY EPSTEIN:  Okay, Your Honor.  Thank you.

16               THE COURT:  All right.

17               MR. MOORE:  Thank you, Your Honor.

18                              ****

19

20

21

22

23

24

25

26

27
```

```
DOCKET NO:
FBT CV 14 6042793S
                                :   SUPERIOR COURT

WATER POLLUTION CONTROL         :   JUDICIAL DISTRICT OF
                                    FAIRFIELD

v.                              :   AT BRIDGEPORT, CONNECTICUT

JOHNNY RAY MOORE                :   MAY 23, 2016
```

C E R T I F I C A T I O N


        I hereby certify the foregoing pages are a true and

correct transcription of the audio recording of the above-

referenced case, heard in Superior Court, Judicial District of

Fairfield, Bridgeport, Connecticut, before the Honorable Richard

Gilardi, Judge, on the 23rd day of May, 2016.



        Dated this 7th day of June, 2016, in Bridgeport,

Connecticut.


                                Stephanie Sullivan,
                                Court Recording Monitor

ORDER   419018

DOCKET NO: FBTCV146042793S

SUPERIOR COURT

WATER POLLUTION CONTROL
AUTHORITY FOR THE CITY OF Et Al
  V.
MOORE, JOHNNY R

JUDICIAL DISTRICT OF FAIRFIELD
  AT BRIDGEPORT

5/23/2016

## ORDER

ORDER REGARDING:
04/04/2016 122.00 MOTION TO DISMISS

The foregoing, having been heard by the Court, is hereby:

ORDER: GRANTED

As to Johnny Moore only.

Judicial Notice (JDNO) was sent regarding this order.

419018
_____

Judge: RICHARD P GILARDI
Processed by: Dean Pulos

Exhibit C.



## State of Connecticut Judicial Branch
# Civil and Family Inquiry



Civil / Family Home
.
Attorney/Firm Case List
Attorney/Firm Look-up 🖉

Docket Number Search
Party Name Search
Property Address Search

Short Calendars
  By Court Location
  By Juris Number
  Motions to Seal or Close
  Calendar Notices
  Short Calendar
  Quick Guide 🖉
.
Court Events By Date
Court Events By Juris
Number
.
Scheduling Inquiry
.
Pending Foreclosure Sales 🖉

Questions & Answers
Court Information 🖉
Legal Terms 🖉



Comments

✆ FBT-CV14-6042793-S  **WATER POLLUTION CONTROL AUTHORITY FOR THE CITY OF Et Al v. MOORE, JOHNNY R**

Prefix/Suffix: [none]  Case Type: P00  File Date: 05/06/2014  Return Date: 05/13/2014

Case Detail  Notices  History  Scheduled Court Dates  E-Services Login  Screen Section Help  ▶

Pending Foreclosure Sales  To receive an email when there is activity on this case, click here. 🖉

Information Updated as of: 11/28/2016

| Case Information |
|---|
| Case Type: P00 - Property - Foreclosure |
| Court Location: BRIDGEPORT JD |
| Property Address: 574-576 Union Avenue, Bridgeport, CT 06607 |
| List Type: No List Type |
| Trial List Claim: |
| Last Action Date: 09/06/2016 (The "last action date" is the date the information was entered in the system) |

| Disposition Information |
|---|
| Disposition Date: |
| Disposition: |
| Judge or Magistrate: |

| Party & Appearance Information | | |
|---|---|---|
| **Party** | **No Fee Party** | **Category** |
| P-01 WATER POLLUTION CONTROL AUTHORITY FOR THE CITY OF BRIDGEPORT | | Plaintiff |
| Attorney: ✆ EPSTEIN JUDA J LAW OFFICE OF (430291)  File Date: 05/06/2014  3543 MAIN STREET  SECOND FLOOR  BRIDGEPORT, CT 06606 | | |
| D-01 JOHNNY R MOORE | | Defendant |
| Self-Rep: 15 SACHEM DRIVE  File Date: 04/04/2016  SHELTON, CT 06484 | | |
| D-02 WEPAWUG-FLAGG FEDERAL CREDIT UNION  Non-Appearing | | Defendant |
| D-03 STATE OF CONNECTICUT DEPARTMENT OF REVENUE SERVICES | | Defendant |
| Attorney: ✆ AAG GARY G WILLIAMS (403967)  File Date: 06/12/2014  ATTY GEN-COLLECTIONS  PO BOX 120  HARTFORD, CT 061410120 | | |
| D-04 BRIDGEPORT HYDRAULIC COMPANY N/K/A AQUARION WATER COMPANY OF CONNECTICUT  Non-Appearing | | Defendant |
| D-05 PEOPLE'S BANK N/K/A PEOPLE'S UNITED BANK  Non-Appearing | | Defendant |
| D-06 SOLAR FUEL OIL COMPANY, INC.  Non-Appearing | | Defendant |
| D-07 WATER POLLUTION CONTROL AUTHORITY FOR THE CITY OF NEW HAVEN | | Defendant |
| Attorney: ✆ REVELEY WILLIAM G. & ASSOCIATES LLC (423840) File Date: 05/20/2015  P.O. BOX 657  VERNON, CT 06066 | | |
| D-08 UNITED ILLUMINATING  Non-Appearing | | Defendant |
| D-09 AQUARION WATER COMPANY OF CONNECTICUT  Non-Appearing | | Defendant |

Viewing Documents on Civil Cases:

Exhibit D.

- Documents, court orders and judicial notices in 2014 and future civil cases are available publicly over the internet.*
- For cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*
- If there is an ✻* in front of the docket number at the top of this page, then the file is electronic.  Documents and court orders can be viewed at any judicial district courthouse and at some geographical area courthouses during normal business hours.*
- You can view pleadings or other documents that are not electronic during normal business hours at the Clerk's Office in the Judicial District where the case is located.*
- Viewing of documents protected by law or court order may be limited.

                                                                          * unless

otherwise restricted

| | | | Motions / Pleadings / Documents / Case Status | |
|---|---|---|---|---|
| **Entry No** | **File Date** | **Filed By** | **Description** | **Arguable** |
| | 05/06/2014 | P | SUMMONS 🗐 | |
| | 05/06/2014 | P | SUMMONS 🗐 | |
| | 05/06/2014 | P | COMPLAINT 🗐 | |
| | 05/06/2014 | P | COMPLAINT 🗐 | |
| | 05/06/2014 | P | RETURN OF SERVICE 🗐 | |
| | 05/06/2014 | P | RETURN OF SERVICE 🗐 | |
| | 05/06/2014 | P | ADDITIONAL PARTIES PAGE 🗐 | |
| | 05/06/2014 | P | ADDITIONAL PARTIES PAGE 🗐 | |
| | 06/12/2014 | D | APPEARANCE 🗐 <br> Appearance | |
| | 05/20/2015 | D | APPEARANCE 🗐 <br> Appearance | |
| | 04/04/2016 | | APPEARANCE 🗐 | |
| 101.00 | 05/06/2014 | C | FORECLOSURE MEDIATION – INELIGIBLE CASE (NO DOCUMENT) | No |
| 102.00 | 05/07/2014 | C | FORECLOSURE MEDIATION-COMPLIANCE WITH P.A.09-209 (NO DOCUMENT) SEE FORM# JD-CV-109 | No |
| 103.00 | 05/19/2014 | P | NOTICE OF BANKRUPTCY 🗐 | No |
| 104.00 | 06/10/2014 | P | REQUEST TO CONFORM CASE INITIATION DATA ENTRY TO SUMMONS (JD-CL-96) 🗐 | No |
| 105.00 | 06/10/2014 | P | WITHDRAWAL OF MOTION 🗐 | No |
| 106.00 | 06/10/2014 | P | REQUEST TO CONFORM CASE INITIATION DATA ENTRY TO SUMMONS (JD-CL-96) 🗐 | No |
| 107.00 | 03/19/2015 | P | NOTICE 🗐 <br> DISCHARGE OF DEBTOR FROM BANKRUPTCY | No |
| 108.00 | 03/31/2015 | P | MOTION FOR DEFAULT -FAILURE TO APPEAR PB 17-20 🗐 <br> *RESULT:* Granted 5/20/2015 BY THE CLERK | No |
| 108.10 | 05/20/2015 | C | ORDER 🗐 <br> *RESULT:* Granted 5/20/2015 BY THE CLERK | No |
| 109.00 | 04/17/2015 | P | MOTION FOR DEFAULT-FAILURE TO PLEAD 🗐 <br> *RESULT:* Granted 5/8/2015 BY THE CLERK | No |
| 109.10 | 05/08/2015 | C | ORDER 🗐 <br> *RESULT:* Granted 5/8/2015 BY THE CLERK | No |
| 110.00 | 04/17/2015 | P | MOTION FOR JUDGMENT-STRICT FORECLOSURE 🗐 <br> *RESULT:* Granted 5/4/2015 HON ALFRED JENNINGS | Yes |
| 110.10 | 05/04/2015 | C | ORDER 🗐 <br> Law day 7/7/2015 <br> *RESULT:* Granted 5/4/2015 HON ALFRED JENNINGS | No |
| 110.50 | 05/04/2015 | C | JUDGMENT OF STRICT FORECLOSURE <br> *RESULT:* HON ALFRED JENNINGS | No |
| 111.00 | 04/30/2015 | P | | No |

|  |  |  | AFFIDAVIT OF DEBT 🖫 |  |
|---|---|---|---|---|
| 112.00 | 04/30/2015 | P | AFFIDAVIT RE: ATTORNEY/COUNSEL FEES 🖫 | No |
| 113.00 | 04/30/2015 | P | OATH OF APPRAISERS 🖫 | No |
| 114.00 | 04/30/2015 | P | APPRAISAL 🖫 | No |
| 115.00 | 04/30/2015 | P | MILITARY AFFIDAVIT 🖫 | No |
| 116.00 | 05/04/2015 | P | FORECLOSURE WORKSHEET JD-CV-77 🖫 CORRECTED | No |
| 117.00 | 05/07/2015 | P | BILL OF COSTS 🖫 RESULT: Rejected 7/9/2015 BY THE CLERK | No |
| 117.10 | 07/09/2015 | C | ORDER 🖫 RESULT: Rejected 7/9/2015 BY THE CLERK | No |
| 118.00 | 05/07/2015 | P | NOTICE OF JUDGMENT – CERTIFIED/SERVED 🖫 | No |
| 119.00 | 05/15/2015 | P | MOTION TO OPEN AND VACATE JUDGMENT 🖫 RESULT: Order 6/2/2015 HON BARBARA BELLIS | No |
| 119.10 | 06/02/2015 | C | ORDER 🖫 RESULT: Order 6/2/2015 HON BARBARA BELLIS | No |
| 120.00 | 06/02/2015 | P | NOTICE OF BANKRUPTCY 🖫 | No |
| 121.00 | 06/03/2015 | C | REPLACE RECORD TO PLEADING STATUS (KEYPOINT 2) AND ERASE ALL HIGHER KEYPOINT DATES | No |
| 122.00 | 04/04/2016 | D | MOTION TO DISMISS 🖫 RESULT: Granted 5/23/2016 HON RICHARD GILARDI | Yes |
| 122.10 | 05/23/2016 | C | ORDER 🖫 RESULT: Granted 5/23/2016 HON RICHARD GILARDI | No |
| 123.00 | 04/20/2016 | P | AFFIDAVIT THAT PARTY IS IN BANKRUPTCY 🖫 | No |
| 124.00 | 05/20/2016 | P | OBJECTION TO MOTION 🖫 Objection to Defendants Motion to Dismiss | No |
| 125.00 | 06/02/2016 | P | MOTION TO CITE ADDITIONAL PARTY 🖫 RESULT: Off 9/6/2016 HON RICHARD GILARDI | No |
| 125.10 | 09/06/2016 | C | ORDER 🖫 RESULT: Off 9/6/2016 HON RICHARD GILARDI | No |
| 126.00 | 06/15/2016 | D | MOTION FOR CONTINUANCE 🖫 | No |
| 127.00 | 06/15/2016 | P | OBJECTION TO MOTION 🖫 MOTION FOR CONTINUANCE | No |
| 128.00 | 06/15/2016 | D | MOTION TO STRIKE 🖫 re: Motion to Cite RESULT: Off 8/2/2016 HON RICHARD GILARDI | Yes |
| 128.10 | 08/02/2016 | C | ORDER 🖫 RESULT: Off 8/2/2016 HON RICHARD GILARDI | No |
| 129.00 | 06/15/2016 | D | MEMORANDUM IN SUPPORT OF MOTION 🖫 | No |
| 130.00 | 08/01/2016 | P | OBJECTION TO MOTION 🖫 PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO STRIKE | No |
| 131.00 | 08/02/2016 | D | REPLY MEMORANDUM 🖫 | No |
| 132.00 | 08/12/2016 | P | MEMORANDUM IN SUPPORT OF MOTION 🖫 Supplemental Memorandum of Law in Support of Plaintiff's Objection to Defendant's Motion to Strike | No |
| 133.00 | 08/22/2016 | D | MOTION TO REARGUE/RECONSIDER 🖫 This Motion for Reconsideration is filed seeking reversal of the Court Order (#128.10) | No |
| 134.00 | 08/31/2016 | D | NOTICE OF BANKRUPTCY 🖫 Defendant's Notice of Bankruptcy Filing | No |

| Scheduled Court Dates as of 11/25/2016 |
|---|
| FBT-CV14-6042793-S - **WATER POLLUTION CONTROL AUTHORITY FOR THE CITY OF Et Al v. MOORE, JOHNNY R** |

| # | Date | Time | Event Description | Status |
|---|------|------|-------------------|--------|
| | | | No Events Scheduled | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed. To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar and Family Support Magistrate Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

All matters on a family support magistrate calendar are presumed ready to go forward.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil or family standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars and Family Support Magistrate Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Number or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2016, State of Connecticut Judicial Branch

Page Created on 11/28/2016 at 2:21:54 PM

http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=FBTCV1460...    11/28/2016