UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

| | |
|---|---|
| In Re: Johnny Ray Moore a/k/a<br>Johnny R. Moore<br>Debtor | Chapter 13<br>Case No.: 16-51133 |
| The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12<br>Movant,<br>vs.<br>Johnny Ray Moore a/k/a<br>Johnny R. Moore<br>Molly T. Whiton, Esq., Trustee<br>Respondents | |

_____/

**MOTION OF THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-12 FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT**

The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12 ("Movant"), a creditor in the above captioned Chapter 13 proceeding, moves this Court for an Order, pursuant to 11 U.S.C. §362(d) so that it may foreclosure a Mortgage which it holds on real property known and numbered as 73-75 Baldwin Street, Bridgeport, CT 06607.  In support of its motion, Movant states the following:

    1.    On May 26, 2006, Johnny Ray Moore ("Debtor") executed and delivered a Note (the "Note", a copy of which is attached hereto as Exhibit "A") to Countrywide Home Loans, Inc.  The Note was secured by a Mortgage also dated May 26, 2006 and recorded in the City of Bridgeport Land Records in Book 6992 at Pages 323 (the "Mortgage", a copy of which is attached here to Exhibit "B") on real property owned by Debtor and known and numbered as 73-75 Baldwin Street, Bridgeport, CT 06607 (the "Real Property").

2. Movant is the current holder of the Mortgage by virtue of an Assignment of Mortgage recorded in the City of Bridgeport Land Records in Book 8549 at Page 210 (the "Assignment", a copy of which is attached hereto as Exhibit "C").

3. There is no other collateral securing the Note.

4. Specialized Loan Servicing LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant or Movant's successor or assignee. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage/Deed of Trust.

5. Movant has not filed a complaint to foreclose in the Connecticut Superior Court.

6. On August 24, 2016, Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.

7. As of February 16, 2017, the post-petition delinquency owed by the Debtor on the Note is $8,330.03 (see "Affidavit in Support of Motion for Relief" attached hereto as Exhibit "D").  Movant estimates that, if a hearing on this motion is held within thirty days of the date of filing, an additional payment will come due and owing.

8. According to Debtor's Schedules, the fair market value of the Real Property is $150,000.00, which is an admission by Debtor.  A copy of Schedule A is attached hereto as Exhibit "E".

9. Upon information and belief, there are no additional liens or encumbrances on the Real Property.

10. As of February 16, 2017, the total outstanding balance owed on the Note was $94,678.12 (see Exhibit "D").

11. The estimated total amount of encumbrances on the Real Property is $94,678.12.

12. According to Movant's Proof of Claim, the total pre-petition arrearage is $1,973.53.

13. Debtor's Chapter 13 Plan has not been confirmed and does not provide for any treatment of Movant's secured claim.

14. Movant is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because Debtor has not made payments pursuant to the Note and Mortgage.

15. Movant is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(2) because the Debtor has no equity in the Real Property and the Real Property is not necessary for an effective reorganization.

WHEREFORE, Movant moves that the Court enter an Order granting Movant relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may proceed to exercise its rights pursuant to the Note and Mortgage. They may also proceed according to applicable state and federal law to commence, continue and prosecute to judgment a foreclosure action with respect to the Real Property and that entry of the Order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3).

|  |  |
|---|---|
|  | The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12<br>By its attorneys, |
| Date: March 16, 2017 | /s/ Patricia A. Davis, Esq.<br>Patricia A. Davis, Esq. # 25753<br>Marinosci Law Group, P.C.<br>275 West Natick Road, Suite 500<br>Warwick, RI 02886<br>Telephone: (401) 234-9200 x 171<br>pdavis@mlg-defaultlaw.com |

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

In Re: Johnny Ray Moore a/k/a           Chapter 13
      Johnny R. Moore                 Case No.: 16-51133
         Debtor,
_____/

## CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on the 16th day of March, 2017, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system or, by first class mail on the parties listed in section 2 below.

1. Documents Served:

    1. Motion for Relief

    2. Exhibits A through E

    3. Proposed Order

    4. Notice of Contested Matter

    5. Certificate of Service

                                                  /s/ Patricia A. Davis, Esq.
                                                  Patricia A. Davis, Esq. # 25753
                                                  Marinosci Law Group, P.C.
                                                  275 West Natick Road, Suite 500
                                                  Warwick, RI  02886
                                                  Telephone:  (401) 234-9200

<u>VIA ECF</u>
U.S. Trustee, on behalf of the US Trustee
Molly T. Whiton, Esq., on behalf of the Trustee
Linda St. Pierre, Esq., on behalf of PennyMac Holdings, LLC
Matthew K. Beatman, Esq., on behalf of Hampshire House Condominium
Juda J. Epstein, Esq., on behalf of Water Pollution Control Authority
Victoria L. Forcella, Esq., on behalf of JP Morgan Chase Bank
Mark L. Bergano, Esq., on behalf of U.S. Bank, National Association
Mark L. Bergano, Esq., on behalf of Tower Lien, LLC
Michael T. Rozea, Esq., on behalf of Bank of America, N.A.
Linda St. Pierre, Esq., on behalf of Bank of America, N.A.
Walter M. Spader, Esq., on behalf of Tower Lien, LLC

<u>VIA US MAIL</u>
Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06484

City of Bridgeport – Tax Collector Office
Attn: Veronica Jones
45 Lyon Terrace, Room 123
Bridgeport, CT 06604

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

| | |
|---|---|
| In Re: Johnny Ray Moore a/k/a<br>　　　Johnny R. Moore<br>　　　　Debtor | Chapter 13<br>Case No.: 16-51133 |
| The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12<br>　　　　Movant,<br>vs.<br><br>Johnny Ray Moore a/k/a<br>Johnny R. Moore<br>Molly T. Whiton, Esq., Trustee<br>　　　　Respondents<br>_____/ | |

## NOTICE OF CONTESTED MATTER RESPONSE DEADLINE

　　The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12 (the "Movant") has filed a Motion for Relief, (the "Contested Matter") in the above-captioned case. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than March 30, 2017.* In the absence of a timely filed response, the proposed order in the Contested Matter *may* enter without further notice and hearing, *see*, 11 U.S.C. § 102(1).

|  |  |
|---|---|
|  | The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12 |
| Date:  March 16, 2017 | /s/ Patricia David, Esq.　　　　　　　<br>Patricia Davis, Esq. #25753<br>Marinosci Law Group, P.C.<br>275 West Natick Road, Suite 500<br>Warwick, RI  02886<br>Telephone:  (401) 234-9200 |

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECTICUT (BRIDGEPORT)

| | |
|---|---|
| In Re: Johnny Ray Moore a/k/a<br>Johnny R. Moore<br>Debtor | Chapter 13<br>Case No.: 16-51133 |
| The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12<br>Movant,<br>vs.<br>Johnny Ray Moore a/k/a<br>Johnny R. Moore<br>Molly T. Whiton, Esq., Trustee<br>Respondents<br>_____/ | |

## ORDER GRANTING
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

After notice and a hearing, of The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12's (hereafter, the "Movant") Motion for Relief from Stay (hereafter, the "Motion"), ECF No. ____

**IT IS HEREBY ORDERED** that the Motion is **GRANTED** – the automatic stay of 11 U.S.C. § 362(a) is modified pursuant to section § 362(d) to permit the Movant, and/or its successors and assigns, to commence, continue and prosecute to judgment a foreclosure action and otherwise exercise its rights, if any, with respect to real property known as 73-75 Baldwin Street, Bridgeport, CT 06607 in accordance with applicable state law, and

**IT IS FURTHER ORDRED** that the 14-day stay of by Fed. R. Bankr. P. 4001(a)(3) is no applicable and the Movant may immediately enforce and implement its Order.

At _____ this _____ day of _____, 2017

_____
U.S. BANKRUPTCY JUDGE