IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE:<br><br>JOHNNY RAY MOORE<br>AKA JOHNNY R. MOORE<br>    DEBTOR(S)<br><br>SPECIALIZED LOAN SERVICING LLC, AS<br>SERVICING AGENT FOR THE BANK OF<br>NEW YORK MELLON FKA THE BANK OF<br>NEW YORK, AS TRUSTEE FOR THE<br>CERTIFICATEHOLDERS OF THE CWABS,<br>INC., ASSET-BACKED CERTIFICATES,<br>SERIES 2006-12<br>    MOVANT<br>VS<br>JOHNNY RAY MOORE<br>AND MOLLY T. WHITON, TRUSTEE<br>    RESPONDENTS | CASE NO. 16-51133<br><br>CHAPTER 13 |

## AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM STAY

"I, __Ami McKernan__ hereby state the following, under the pains and penalty of perjury as follows:

1. Specialized Loan Servicing LLC, as servicing agent for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12 ("Movant") and its successors and/or assigns, is authorized to sue on its own behalf.

2. I am an employee of Specialized Loan Servicing LLC and duly authorized representative of Movant and hereby make this affidavit in such capacity. All facts recited herein are within my personal knowledge of all records concerning the account with Debtor(s) and are true and correct.

3. In the course of my employment, I have become familiar with the manner and method in which Specialized Loan Servicing LLC maintains its books and records in its regular course of business. Those books and records are managed by employees and agents whose duty it is to keep the books and records accurately and completely and to record each event or item at or near the time of the event or item so noted.

4. I am familiar with the books and records related to the Note secured by Mortgage/Deed of Trust of even date therewith covering certain real property located at 73-75 Baldwin Street, Bridgeport, CT 06607, and more particularly described in the Mortgage/Deed of Trust.

AFFIDAVIT IN SUPPORT OF
MOTION FOR RELIEF FROM STAY

4126-N-4849

5. Note and/or Mortgage/Deed of Trust, Loan Number xxxxxx7231, in the original principal amount of $248,000.00, dated May 26, 2006 was executed by the Original Mortgagor(s): Johnny Ray Moore to Countrywide Home Loans, Inc. True and correct copies of the endorsed Note and Mortgage/Deed of Trust are attached as Exhibits "A" and "B" respectively.

6. Specialized Loan Servicing LLC is the current servicer of Debtor(s)' loan for .The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12.

7. The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12 is the holder of, and, directly or through an agent, has possession of the original endorsed Note and/or Mortgage/Deed of Trust.

8. Debtor(s) are in default on their obligations to Movant in that Debtor(s) have failed to make their installment payments when due and owing pursuant to the terms of the above-described Note and/or Mortgage/Deed of Trust.

9. As of the date of filing of this case, the pre-petition arrears were $1,973.53. As of February 16, 2017, per the Trustee Ledger, no disbursements have been made.

10. As of February 16, 2017, the unpaid principal balance was $86,892.69. Debtor(s) are due 5 post-petition payments, totaling: $8,340.70.

| Number of Missed Payments | From | To | Missed Principal & Interest | Missed Escrow (If Applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 5 | 10/01/2016 | 02/01/2017 | $891.62 | $776.52 | $1,668.14 | $8,340.70 |

11. As of February 16, 2017, there are unpaid post-petition fees and costs incurred less than 180 days ago in the amount of $0.00 due and owing that have not been Noticed under Rule 3002.1(c).

| Date Assessed | Description of Fee | Amount |
|---|---|---|
| N/A | N/A | N/A |

12. As of February 16, 2017, the total post-petition delinquency is $8,330.03, which includes a credit of the suspense balance of $10.67. As of February 16, 2017, the total contractual delinquency is $10,303.56, which includes a credit of the post-petition suspense balance of $10.67 and a credit of the pre-petition suspense balance of $30.00.

13. By failing to make the regular monthly installment payments due pursuant to the Note and/or Mortgage/Deed of Trust, Debtor(s) have not provided adequate protection to Movant.

14. Movant has had to retain counsel to represent it before this Court and is incurring legal expenses and attorneys' fees for which it is entitled to reimbursement under the terms of the Note.

I declare that the foregoing facts are true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NOT."

16-51133

Specialized Loan Servicing LLC, as servicing agent for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12

By: _____  MAR 0 9 2017

Ami McKernan    Second Assistant Vice President
A duly Authorized Representative

State of Colorado
County of Douglas

The foregoing instrument was acknowledged before me this _____ by
                                                              (Date)
_____ of Specialized Loan Servicing LLC, a Delaware
(Name, Title)
Limited Liability Company, on behalf of the LLC.

_____
(Notary's official Signature)

_____
(Commission Expiration)

See attached

AFFIDAVIT IN SUPPORT OF
MOTION FOR RELIEF FROM STAY                                    4126-N-4849

## COLORADO NOTARIAL JURAT

STATE OF COLORADO )

COUNTY OF DOUGLAS )

Subscribed and sworn before me in the County of Douglas, State of Colorado this __MAR 0 9 2017__ by __Ami McKernan__.
(Date)                           (Name)

AGNES BRADSHAW
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20084040359
MY COMMISSION EXPIRES 12/03/2020

Notary's Official Signature

12/3/20

Commission Expiration

Description of document this notarial certificate is being attached to:

| | |
|---|---|
| Type / Title of Document: | affidavit |
| Date of Document: | MAR 0 9 2017 |
| Number of Pages: | 3 |
| Additional Signers (other than those named in notarial certificate) | N/A |

Note: This is a jurat format notarial certificate. This document as well as the document it is attached to cannot contain any blank lines. Please ensure all blanks are filled in prior to notarization.

Moore

| Creditor: | Specialized Loan Servicing LLC |
|---|---|
| Debtor: | JOHNNY RAY MOORE |
| Case No.: | 16-51133 |
| Loan No.: | xxxxxx7231 |
| Our File No.: | 4126-N-4849 |
| Collateral: | 73-75 Baldwin Street, Bridgeport, CT 06607 |

**POST-PETITION PAYMENTS RECEIVED**

Loan Status as of: 2/16/2017
Initial Due Date: 9/1/2016

| Date Received | Amount Received | Due Date | Amount Due | NSF/Late Charges/Other | Paid Over/Short | Description |
|---|---|---|---|---|---|---|
| 8/30/2016 | $ 1,679.91 | | $ - | $ - | $ 1,679.91 | Funds Received |
| | $ - | 9/1/2016 | $ 1,669.24 | $ - | $ (1,669.24) | Payment Accrued |
| | $ - | 10/1/2016 | $ 1,668.14 | $ - | $ (1,668.14) | Payment Accrued |
| | $ - | 11/1/2016 | $ 1,668.14 | $ - | $ (1,668.14) | Payment Accrued |
| | $ - | 12/1/2016 | $ 1,668.14 | $ - | $ (1,668.14) | Payment Accrued |
| | $ - | 1/1/2017 | $ 1,668.14 | $ - | $ (1,668.14) | Payment Accrued |
| | $ - | 2/1/2017 | $ 1,668.14 | $ - | $ (1,668.14) | Payment Accrued |
| Total: | $ 1,679.91 | | $ 10,009.94 | | $ (8,330.03) | |

| Delinquent Payments | | | Days Delinquent | 138 |
|---|---|---|---|---|
| Month Due | P&I Due | Escrow Due | Escrow Due | |
| 10/1/2016 | $ 891.62 | $ 776.52 | $ 1,668.14 | |
| 11/1/2016 | $ 891.62 | $ 776.52 | $ 1,668.14 | |
| 12/1/2016 | $ 891.62 | $ 776.52 | $ 1,668.14 | |
| 1/1/2017 | $ 891.62 | $ 776.52 | $ 1,668.14 | |
| 2/1/2017 | $ 891.62 | $ 776.52 | $ 1,668.14 | |
| Delinquency | | | $ 8,340.70 | |
| Less Post Petition Suspense | | | $ 10.67 | |
| Total Delinquency | | | $ 8,330.03 | |

# Case Number 1651133

 NATIONAL DATA CENTER

## Debtor Information

Debtor 1   JOHNNY RAY MOORE
Debtor 2

## Trustee Information

Trustee   Molly T. Whiton

**Status**
Trustee Data current as Of  02/15/2017
Total of 0 marked Claim(s)   N/A
Outstanding amount in marked claims   N/A

### CASE INFORMATION

| | | | |
|---|---|---|---|
| Case Number | 1651133 | Filing Fee in Plan | $0.00 |
| Case Status | PENDING | Filing Fee Paid to Date | $0.00 |
| NDC Case Status | Active-Open | Date Petition Filed | 08/24/2016 |
| Customer Code | 4135-N-4639 | Date Plan Filed | 08/24/2016 |
| Balance on Hand | $2,337.50 | First 341 Meeting Date | 09/27/2016 |
| Last Receipt Date | 01/31/2017 | Date Case Confirmed | |
| Last Receipt Amount | $500.00 | Date Case Closed | |
| Last Disbursement Date | 01/31/2017 | Bar Date | |
| Percentage to Unsecured | 0.00% | Cleared Date | |
| Plan Base | $0.00 | Date First Payment Due | |
| Total Paid into Plan | $2,500.00 | Confirmation Hearing Date | |
| Total Paid to all Parties | $162.50 | Final Report Date | |
| Total Paid to Creditors | $0.00 | Show Cause Date | |
| Delinquency Amount | | Probation Date | |
| Min To Unsecured | | Bar Check Flag | |
| Court Case Number | | Disburse Flag | |
| Unsecured Interest | | Hold Permanent | |
| Proposed Length Of Plan | | Hold Temporary | |

### TRUSTEE INFORMATION

| | |
|---|---|
| Trustee Name | Molly T. Whiton |
| Trustee City | Hartford, CT |
| Amount Paid to Date | $162.50 |

### JUDGE/ATTORNEY INFORMATION

| | |
|---|---|
| Judge Name | HONORABLE JULIE A. MANNING |
| Court District | |
| Court Division | |
| Region | |
| Attorney Name | PRO SE |
| Attorney Address | |

| | |
|---|---|
| Attorney Phone | |
| Attorney Percent | |
| Attorney Pay Level For Percent | |
| Attorney Fee in Plan | $0.00 |
| Attorney Paid to Date | $0.00 |
| Attorney Fee Paid Outside Plan | $0.00 |

### DEBTOR INFORMATION

| Debtor 1 | | Debtor 2 | |
|---|---|---|---|
| Debtor Name | JOHNNY RAY MOORE | Debtor Name | |
| Direct Payment Amt | $500.00 | Direct Payment Amt | $0.00 |
| Direct Payment Frequency | Monthly | Direct Payment Frequency | |
| Payroll Deduction Amt | $0.00 | Payroll Deduction Amt | $0.00 |
| Payroll Deduction Frequency | | Payroll Deduction Frequency | |

## COURT DOCKET                                                            CASE HISTORY

Docket items are gathered from Pacer. Docket links prior to April 2015 is not available. Pacer access requires a separate Pacer account.

| ENTERED DATE | DOCKET DESCRIPTION | DOCKET NUMBER | PACER CASE ID |
|---|---|---|---|
| 2/1/2017 4:10:41 PM | Objection to Claim | 101 | 279776 |
| 2/1/2017 12:00:08 AM | Digital Audio Recording | 100 | 279776 |
| 1/31/2017 7:14:47 PM | Hearing Held | | |
| 1/27/2017 5:36:02 AM | BNC Certificate of Mailing | 99 | 279776 |
| 1/25/2017 5:43:02 PM | Notice of Mortgage Payment Change | | 279776 |
| 1/24/2017 9:08:32 PM | Reply | 98 | 279776 |
| 1/24/2017 1:43:18 AM | Transcript | 97 | 279776 |
| 1/24/2017 1:43:18 AM | Transcript | | |
| 1/23/2017 9:57:27 PM | Supplemental Document | 96 | 279776 |
| 1/20/2017 9:26:39 PM | Objection to Confirmation of Plan | 95 | 279776 |
| 1/19/2017 9:30:21 PM | Digital Audio Recording | 94 | 279776 |
| 1/19/2017 8:43:09 PM | Response | 93 | 279776 |
| 1/19/2017 8:14:11 PM | Hearing Held | | |
| 1/19/2017 8:12:44 PM | Hearing Held | | |

**CUSTOMER CASE TAG**

Case Identifier:

Comment:

## Claim Summary

**NATIONAL DATA CENTER**

| Case Number: 1651133 | Debtor1 Name: Johnny Ray Moore | Trustee Name: Molly Whiton |
|---|---|---|
| Case Status: Pending | Debtor2 Name: | Trustee City: Hartford, CT |

| CLAIM NUMBER | CREDITOR NAME | CLAIM DESCRIPTION | CLAIM AMOUNT | PRINCIPAL PAID | INTEREST PAID | SCHEDULED AMOUNT | PRINCIPAL OWED | MONTHLY PAYMENT | INTEREST RATE % |
|---|---|---|---|---|---|---|---|---|---|

No records to display.

This document was prepared by
Home Retention Services, Inc.,
Modifications Department
9700 Bissonnet Street
Suite 1500
Houston, TX 77036
1.877.422.1761

_____ SPACE ABOVE THIS LINE FOR RECORDER'S USE _____

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), effective on the date set forth below, between Johnny Ray Moore, (the "Borrower(s)") and Bank of America, N.A. ("Lender") amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the 26 day of May, 2006 and in the amount of $248,000.00, and (2) the Note bearing the same date as, and secured by, the Security Instrument (the "Note") which covers the real and personal property described in the Security Instrument and defined therein as in the "Property", located at 73-75 Baldwin Street, Bridgeport, CT 06607.

If my representations in Section 1 below continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3 below, amend and supplement (1) Security Instrument on the Property and (2) the Note secured by the Security Instrument, and any previous modifications to the Security Instrument and/or Note. The Security Instrument and Note together, as they may previously have been amended, are referred to as the "Loan Documents". Capitalized terms used in this Agreement and not defined here have the meaning given to them in the Loan Documents.

I have received three copies of this Agreement. After I sign and return two copies of this Agreement to Lender, I will retain the other copy for my records. This Agreement will not take effect unless the preconditions set forth in Section 2 below have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

BAC MODIFICATION AGREEMENT
(C3 3477 rev. 12/12) Bank of America, N.A.

C3 3477-3B

I am experiencing a financial hardship, and as a result, (1) I am in default under the Loan Documents or my default is imminent, and (2) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

    A.    The property is currently occupied and there has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow.

    B.    I have provided documentation for **all** income that I receive that I am required to disclose, and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for this Loan Modification ("Modification").

    C.    Under penalty of perjury, all documents and information that I (or any third party on my behalf) have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Modification, are true and correct to the best of my information and belief.

    D.    I have made all payments required under a trial period plan or loan workout plan.

2.    **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A.    If prior to the Modification Effective Date as set forth in Section 3 below, Lender determines that any of my representations in Section 1 above are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In that event, Lender will have all of the rights and remedies provided by the Loan Documents; and

    B.    I understand that the Loan Documents will not be modified unless and until (1) I return a signed and notarized (if required) copy of this Agreement to Lender, (2) the Lender accepts this Agreement by signing it, (3) and for borrowers in active bankruptcy, the bankruptcy court approves it, and (4) the Modification Effective Date (as defined in Section 3 below) has occurred.

3.    **The Modification.** If all of my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 above have been met, the Loan Documents will automatically become modified on August 01, 2013 (the "Modification Effective Date").

BAC MODIFICATION AGREEMENT
C3 3477 rev 12/12 Bank of America, N.A.

C3 3477-3B

A. As part of this Modification, I agree that all amounts and arrearages that are or will be past due as of the Modification Effective Date, including unpaid and deferred interest, fees, charges, escrow advances, and other costs, but excluding unpaid late charges, (collectively "Unpaid Amounts") less any amounts paid to Lender but not previously credited to my Loan, will be added to the current principal balance of the Note. This combined principal balance will be $412,240.46 (the "Combined Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement unless those amounts are either deferred as non-interest bearing or forgiven as specified in this Agreement.

B. $322,086.01 of the Combined Principal Balance is hereby permanently forgiven, and will be deducted from the unpaid principal balance. I further acknowledge that Lender may be required to report the amount of principal forgiveness to the IRS and that any tax liability arising out of that forgiveness shall be my responsibility. I further acknowledge that Lender has recommended that I consult my own tax advisor to determine how this forgiveness impacts my personal situation.

C. As of the Modification Effective Date the principal balance of the loan that remains due and payable is $90,154.45 (the "New Principal Balance").

D. Interest at the rate of 10.87% will begin to accrue on the New Principal Balance as of July 01, 2013 and the first new monthly payment on the New Principal Balance will be due on August 01, 2013. My payment schedule for the modified Loan is as follows:

BAC MODIFICATION AGREEMENT
(C3 3477 rev. 12/12) Bank of America, N.A.

C3_3477-3B

| Months | Interest Rate | Type of Payment | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On |
|---|---|---|---|---|---|---|
| 275 | 10.87% | Principal and Interest | $891.62 | $839.63 May adjust periodically | $1,731.25 May adjust periodically | 08/01/2013 |

* If escrow payments are collected by Lender, Lender may adjust such payments periodically in accordance with applicable law. Therefore, my total monthly payment may change accordingly.

The terms in this Section 3.D. supersede any provisions to the contrary in the Loan Documents, and previous loan modifications including (but not limited to) provisions for an adjustable or interest-only rate.

    E.    I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

4. Additional Agreements. Lender and I agree to the following:

    A.    All persons, or their authorized representative(s), who signed the Loan Documents have signed this Agreement, unless (1) a borrower or co-borrower is deceased; (2) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, meaning that the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (3) Lender has waived this requirement in writing. This Agreement may be executed in separate counterparts, each of which shall be deemed an original.

    B.    This Agreement supersedes the terms of any modification, forbearance, trial period plan, or loan workout plan that I previously entered into with Lender.

    C.    I will comply, except to the extent that they are modified by this Agreement, with all

BAC MODIFICATION AGREEMENT
IC3_3477 rev. 12/12) Bank of America, N.A.

C3_3477-3B

covenants, agreements, and requirements of the Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments, the amount of which may periodically change over the term of my Loan.

D. The Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

E. All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. Except as otherwise specifically provided in, and as expressly modified by, this Agreement, Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

F. I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items". I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.F. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may

BAC MODIFICATION AGREEMENT
(C3 3477 rev. 12/12) Bank of America, N.A.

C3 3477-3B

revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.F.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

G. On and after the Modification Effective Date, and notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any Interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, Lender shall not exercise this option if state or federal law, rules, or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Security Instrument. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand, to the extent such action is not prohibited by applicable state and federal law.

H. On and after the Modification Effective Date, Lender will allow the transfer and assumption of the Loan, including this Agreement, only to a transferee of my property as permitted under the Garn-St Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. On and after the Modification Effective Date, any provision in the Note (or in any addendum or amendment to the Note) that allowed for the assessment of a penalty for full or partial prepayment of the Note, is null and void.

J. I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by Lender's procedures to ensure that the modified mortgage loan is in first-lien position

BAC MODIFICATION AGREEMENT -
(C3 3477 rev. 12/12) Bank of America, N.A.

C3 3477-3B

and/or is fully enforceable upon modification. Under any circumstance and not withstanding anything else to the contrary in this Agreement, if Lender does not receive such title endorsement(s), title insurance product(s), and/or subordination agreement(s), the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I will allow Lender to attach an Exhibit to this Loan Modification that will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

K. I will execute such other documents as may be reasonably necessary either to (1) consummate the terms and conditions of this Agreement; or (2) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. If I elect not to sign any such correction documents, the terms of the original Loan Documents, or the most recent modified terms currently in effect, shall, at Lender's sole option, continue in full force, and the terms of the original Loan Documents, or the most recent modified terms currently in effect, will not be modified by this Agreement.

L. Any optional product(s) I may have purchased after the closing of my Loan, the cost for which I agreed to have added to my Total Monthly Payment, will (1) remain in force as long as I add the amount due and owing to my Total Monthly Payment each month and (2) continue to be governed by the terms of the documents the provider of the optional product delivered to me ("Governing Documents"), unless I (a) notify the provider of the optional product of my request to cancel; or (b) fail to pay any and all amounts payable when due, at which time the optional product may terminate as provided under the Governing Documents. If I have questions about any optional product(s) I may have purchased, I should contact Bank of America, N.A.

M. I agree and consent to the disclosure of my personal information and the terms of this Modification Agreement by Lender or its agents to (a) governmental authorities, including the U.S. Department of the Treasury and Department of Justice, and their agents, (b) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services this Loan or any subordinate lien on the Property; (c) companies that perform support services in conjunction with this Modification and (d) any HUD-certified housing counselor.

BAC MODIFICATION AGREEMENT
(C3 3477 rev. 12/12) Bank of America, N.A.

C3 3477-3B

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with us or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options.

If you are currently in a bankruptcy proceeding, approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy case.

BAC MODIFICATION AGREEMENT
(C3_3477 rev. 12/12) Bank of America, N.A.

C3_3477-3B

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.

_Johnny Ray Moore_ (signature)   _July 12, 2013_
Borrower  Johnny Ray Moore          Date

_____   _____
Borrower                          Date

BAC MODIFICATION AGREEMENT
(C3 3477 rev. 12/12) Bank of America, N.A.

C3_3477-3B

DO NOT WRITE BELOW THIS LINE

THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP

By: Stewart Lender Services, Inc., its attorney in fact

By: _____      _____
                                          Date

_____, Stewart Lender Services, Inc.

BAC MODIFICATION AGREEMENT
(C3_3477 rev. 12-12) Bank of America, N.A

C3 3477-3B