# FILED

## UNITED STATES BANKRUPTCY COURT 2017 MAR 27 P 1: 16
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT

IN RE:

| | | |
|---|---|---|
| JOHNNY RAY MOORE | : | CHAPTER 13 |
| DEBTOR | : | |
| | : | CASE NO: 16-51133 JAM |
| The Bank of New York Mellon FKA The Bank of | : | |
| New York, as Trustee for the Certificateholders of | : | MARCH 27, 2017 |
| the CWABS, Inc., Asset-Backed Certificates | : | |
| Series 2006-12 | : | DOC. NO._____ |
| MOVANT | : | |
| | : | |
| JOHNNY RAY MOORE, DEBTOR | : | |
| RESPONDENT | : | |
| | : | |
| MOLLY T. WHITON, TRUSTEE | : | |
| RESPONDENT | : | |

## DEBTOR'S OBJECTION TO MOVANT'S PROOF OF CLAIM NO. 12

COMES NOW **JOHNNY RAY MOORE**, a Citizen of the **UNITED STATES OF AMERICA**, which has been afforded rights under the **UNITED STATES CONSTITUTION** to **Due Process**, herein called ("the Debtor") of the above Bankruptcy Estate, the Debtor respectfully files this Objection to the following proof of claim, claim no. 12, in defense of the Bankruptcy Estate Pursuant to 11 U.S.C. § 558 of the United States Bankruptcy Code.

The said Claim has been filed with this Court on behalf of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, as TRUSTEE FOR THE CERTIFICATEHOLDERS of THE CWABS INC., ASSETT-BACKED CERTIFICATES SERIES 2006-12, herein called ("the Movant"). The Debtor claims the Movant does not

Highlighting the Debtor's Discharge, the Fair Credit Report Act, the 1009-C and requested a release of the Mortgage Lien. Please see **EXHIBIT A.**

The Movant acknowledged the Debtor's letter and responded to it with its own letter dated April 7, 2016 acknowledging that there was and is no Reaffirmation Agreement entered into by either the Debtor and the Movant reaffirming the Debt as a result of the Discharge, Nevertheless the Movant also within the contents of the letter threatened the Debtor, that if the Discharged Debt was not paid the Movant would foreclose on the Debt. Please see **EXHIBIT B.**

The Movant then afterwards, transferred the alleged servicing rights to collect the Discharged Debt to Specialized Loan Servicing who has continued to harass and intimidate the Debtor to continue to tender mortgage payments regarding a mortgage debt that has been discharged and acknowledged by the Movant having reported the cancellation of the debt to the IRS.  In addition Specialized Loan Servicing has also violated the Debtor's rights Pursuant to 11 U.S.C. Section 524(a)(2) of the United States Bankruptcy Code as to the Debtor's Discharge Injunction having sent the Debtor various threatening letters of harassment, in particular a letter dated November 4, 2016 now claiming the mortgage loan is in default and must be brought current in order to avoided foreclosing on the debt. Please see **EXHIBIT C.**

In addition the Movant continues to pressure the Debtor to tender mortgage payments by filing a second Proof of Claim, No. 12 *inter alia* in violation of the Court's Discharge Order and the Debtor considers these actions by the Movant to be a willful acts to violate the Debtor's Discharge Injunction through various Loan Servicers behalf of the Movant who is an **UNSECURED PARTY IN INTEREST**. The Debtor considers

these acts by the Movant to also be a blatant disrespect of Bankruptcy Laws under Title 11 of the United States Bankruptcy Code and such contempt for the Court's Order must not be allowed by this Court.

I.    **HISTORICAL FACTS PERTAINING TO THE MOVANT PROOF OF CLAIM AS IT PERTAINS TO THE MORTGAGE DEBT "THE NOTE".**

On May 31, 2012 the Debtor filed a Chapter 13 Bankruptcy Petition for relief under case no. 12-51027 under Title 11 of the United States Bankruptcy Code.

On October 19, 2012 the Movant's filed a Proof of Claim, Claim No. 15 under the Debtor's Bankruptcy Petition 12-51027. The Movant's Proof of Claim was filed in *Inter alia* claiming a personal mortgage debt owed by the Debtor in the amount of $371,413.18. Please see **EXHIBIT D.** for which the Debtor now makes part of the record.

On October 29, 2014 the Debtor petition was converted to a Chapter 7, Bankruptcy Petition under Title 11 of the United States Bankruptcy Code. Please see **EXHIBIT E.**

On February 4, 2015 the Debtor received a Chapter 7 Discharge of Debt under 11 U.S.C. § 727 of the United States Bankruptcy Code. (Please see Exhibit A).

On _____ the Court sent notice to this Movant of the Debtors discharge of the mortgage debt.

On August 24, 2016, the Debtor in good faith and with good cause filed a Chapter 13 petition for relief, under Title 11 of the United States Bankruptcy Code. The Debtor did not list this Movant as a Creditor, in the Debtor's schedules of the said petition 16-51133 filed in *inter alia* with the Court.

have in its possession a Perfected Security Instrument, Pursuant to the Federal Rules of Bankruptcy Procedure, Rule 3001 (d) by which this Court can or should allow the Movant's relief against the assets of the Bankruptcy Estates based the evidence that the Movant has submitted to the Court in support of its claim. In addition, the Court should disallow the said claim considering the [fact] **this claim was filed in violation of the Debtor's Discharge Injunction Pursuant to 11 U.S.C. 524 (a) (2), of the United States Bankruptcy Code.**

The Debtor respectfully moves the Court to disallow the said claim because the Movant has already filed a Proof of laim regarding the same Mortgage Debt for which the Debtor has received a Discharge of the Debt under 11 U.S.C. § 727 of the United States Bankruptcy Code by the Honorable Alan A. Shiff on February 4, 2015 under Petition 12-51027 by Court Order.

The Movant was fully aware of the Debtor's Discharge of the said Mortgage Debt having received such Notice from this Court. The Movant having acknowledged the Movant's Discharge of the said Mortgage Debt to the extent that the Movant reported the Discharge of the Mortgage Debt to the Internal Revenue Service, herein called the ("IRS") and forwarded to the Debtor a "Cancellation of Debt" Form 1099-C. The Movant stated that the reason for the 1099-C is (under identifiable event code "A") that the debt was discharged by way of bankruptcy. Afterwards, the Debtor addressed a letter to Bank of America, the alleged Loan Servicer who reported the cancellation of the Mortgage Debt on behalf of the Movant with a Certified Letter dated February 26, 2016

On December 27, 2016, the Movant filed a second Proof of Claim in *inter alia* claiming a Mortgage Debt in the amount of $85,599.16 which was discharged by Court Order on February 4, 2015.

## II.    THE DEBTOR'S LEGAL ARGUMENT:

After the said Debtor received the Order of Discharge from the Bankruptcy Judge under case no. 12-51027 of the proceeding, the Automatic Stay provisions of the Bankruptcy Code prohibiting all acts directed at collecting pre-bankruptcy petition debt, provides continuing protection from creditors in the form of a discharge injunction. The discharge injunction is authorized by section 524(a)(2) of the Bankruptcy Code. It provides that a bankruptcy discharge "operates as an injunction against... an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived...." 11 USC § 524.The discharge injunction is permanent, survives the bankruptcy case and is always applicable with respect to every debt that was discharged. Section 727 provides, in relevant part, that "a discharge under section (a) of this section discharges the debtor from all debts that rose before the date of the order for relief under this chapter ... 11 U.S.C. § 727 (b). As the Court said in *Green v. Walsh,* 956 F.2d 30, 33, 2d Cir (1992), "the *discharge of a debt pursuant to § 727 triggers the operation of § 524, which protects the debtor from any personal liability on the debt*" A Senate Report explains the impact of the injunction:

The injunction is to give complete effect to the discharge and to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts. This paragraph ... cover[s] any act to collect, such as dunning by telephone or letter, or

indirectly through friends, relatives, or employers, harassment, threats of repossession regarding pre bankruptcy debt.

Although the bankruptcy discharge eliminates a debt as a personal liability, the Debtor is fully aware of the [FACT] that it does not affect a valid lien that provides security for the debt. See § 522(c)(2). Since 1886, the law has been settled that a discharge in a liquidation bankruptcy case (a chapter 7 case under present law) does not discharge a lien against real or personal property; liens survive or pass through bankruptcy unaffected. See, e.g., *Johnson* v. *Home State Bank,* 501 U.S. 78, 83, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66 (1991); *Long v. Bullard,* 117 U.S. 617, 620, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886). The Supreme Court expressed the principle as follows in *Johnson:* "Notwithstanding the discharge, the [secured creditor's] right to proceed against [the debtor] *in rem* survived the Chapter 7 liquidation." 501 U.S. at 80, 111 S.Ct. 2150.

**The Debtor asks the Court to take Judicial Cognizance that the Movant's Proof of Claim filed is not an *In Rem* procedure before the Court.** And therefore must be considered as a willful act to disregard an Order by the court by the mere filing of the Proof of Claim in it-self being an *inter alia* cause of action personam against the Debtor.

The RECORD will show that no reaffirmation agreement was entered into by the Debtor and the Movant. Further, that this Court has never held any hearing under the Debtor's prior Bankruptcy Petition 12-51027 or this Petition 16-51133 Pursuant to 11 U.S.C.§ 524 (J) (i) regarding any Reaffirmation Agreement. The Movant was fully aware of the [Fact] that the Mortgage Debt has been discharged by Court Order under 11. U.S.C. § 727. The Court Order cleary states that the collection of Discharged Debts are

prohibited. The Courts have held that the filing of a second Proof of Claim, in it-self is an attempt to collect on a debt that has **already been discharged** and such a Proof of Claim constitutes a violation of the Discharge Injunction. Please see In Re: *McLean v. Greenpoint Credit LLC*, 515 B.R. 841,846 (M.D. Ala. 2014) (*once debt is discharged, debtor will not be pressured in any way to repay it*). Here we have a situation very similar to this Court's Debtor, in *McLean v. Greenpoint Credit LLC*, where the debtor in that case filed a chapter 13 2006, the petition which was converted to Chapter 7 and the debtor received a Chapter 7 discharge in 2009. The debtor filed another Chapter 13 petition in 2012 and the movant filed another proof of claim, the debtor filed an objection to the proof of claim which was sustained by the bankruptcy court, the movant appealed to the district court, the district court affirmed the lower court's ruling and then the movant appealed to the 11 circuit court of appeals which upheld the ruling of the district court. Please see In Re *McLean*, 794 F.3d 1313 (2015) which clearly stated that the mere filing of a second proof of claim regarding pre bankruptcy discharge of debt was a violation of the debtor's discharge Injunction. To the extent the section 542(a)(2)'s language is ambiguous, the legislative history confirms the court's interpretation of the language of the discharge injunction:

*"The injunction is to give complete effect to the discharge and to eliminate any doubt concerning the effect of the discharge as a total and is intended to insure that once a debt is discharged, the debtor will not be pressured in any way to repay it. In effect, the discharge extinguishes the debt, and creditors may not attempt to avoid that."* H.R. Rep. 95–595, at 365–366 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6321–22. Congress recognized that, to ensure a fresh start, bankruptcy debtors must be protected from all

devices conjured up by creditors to collect on discharged debts. *See Hardy v. IRS (In re
Hardy),* 97 F.3d 1384, 1389 (11th Cir.1996). The discharge injunction was intended to
prevent any act or attempt to collect from the debtors. Green Tree contends that filing a
proof of claim is not the equivalent of initiating a collection action or even attempting to
collect from the debtors. To support its position, Green Tree relies on *Crawford v. LVNV
Funding,* 2013 WL 1947616, at \*2 (M.D.Ala. May 9, 2013), in which the court of appeals
distinguished "filing a proof of claim" from "attempting to collect a debt" in the context of
the Fair Debt Collection Practices Act (FDCPA). Even if the analysis applied outside the
FDCPA context, this court's decision was recently vacated and remanded on appeal,
*see Crawford v. LVNV Funding, LLC,* 758 F.3d 1254 (11th Cir.2014). In *Crawford,* the
Eleventh Circuit interpreted the language of the FDCPA and concluded that the *"filing
of the proof of claim fell well within the ambit of a 'representation' or 'mean' used in
'connection with the collection of any debt,'"* and "[i]t was an effort 'to obtain payment'
of [the debtor's] debt 'by legal proceeding.'" *Crawford,* 758 F.3d at 1261 (relying on
*Heintz v. Jenkins,*514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995), for a
definition of "to collect a debt"). The Eleventh Circuit further concluded that *"[f]iling a
proof of claim is the first step in collecting a debt in bankruptcy and is, at the very least,
an 'indirect' means of collecting a debt." Id.* at 1262; *see also Lewallen v. Green Tree
Servicing, L.L.C.,* 487 F.3d 1085, 1091 (8th Cir.2007) (stating that *"[w]hen a creditor
files a proof of claim before the bankruptcy court, this amounts to a civil action to collect
the debt."*); *Coxson v. Commonwealth Mortgage Co. of Am., L.P. (Inre Coxson* ), 43 F.3d
189, 193–94 (5th Cir.1995) (agreeing with the district court that "*filing a proof of claim is*

*'an action to collect the debt'* "). *Crawford* fails to support Green Tree's interpretation of section 524(a)(2), and it resolves the issue in this case in favor of the McLeans. If filing a proof of claim is a means of collecting a debt under the FDCPA, then it also is an act or attempt to collect a debt under the bankruptcy code's discharge injunction.

The plain language of the discharge injunction, its legislative history, and analogous case law support the conclusion that **filing a proof of claim in a bankruptcy action is an act to collect on a debt is considered to be a violation of the discharge injunction.** The record is clear that this Movant with full knowledge has violated the Court's Order as well as the Debtor's Discharge Injunction having filed a second Proof of Claim on December 27, 2016 in *inter alia* regarding pre bankruptcy debt that has been Discharged. Please see **Exhibit F.**

**WHEREFORE**, the Debtor prays for the following relief, that the Movant's Proof of Claim, Claim No. 12 filed with the Court in *inter alia* regarding Pre-Petition Bankruptcy Debt which has already been discharged under bankruptcy petition no 12-51027 on February 4, 2015 by Court Order be disallowed with Prejudice.

RESPECTFULLY SUBMITTED THE DEBTOR

By: _Johnny Ray Moore_

Johnny Ray Moore, Pro Se
15 Sachem Drive
Shelton CT. 06484
203-395-4284
Johnnyraybanker@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

FILED

2017 MAR 27 P 1:

CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT

IN RE:
    JOHNNY RAY MOORE       :    CHAPTER 13
          DEBTOR           :
                    :    CASE NO: 16-51133 JAM

JPMORGAN CHASE BANK, N.A.    :
          MOVANT        :    MARCH 27, 2017
                    :

VS.                    :    DOC. NO.
                    :

JOHNNY RAY MOORE, DEBTOR   :
          RESPONDENT    :
                    :

MOLLY T. WHITON, TRUSTEE    :
          RESPONDENT    :

## <u>DEBTOR EXHIBITS IN SUPPORT OF OBJECTION TO CLAIM</u>

The following Exhibit, is attached hereto and made a part of the record in support of the Debtor's Objection to Claim:

1.    **Exhibit A**- Debtor's letter to the Movant regarding the Discharge, FCRA, and the 1099-C

2.    **Exhibit B** -  The Movant's Response to the Debtor's letter dated April 7, 2016

3.    **Exhibit C-**  The Movant's additional correspondence dated November 4, 2016

4    **Exhibit D**- Movant's Proof of Claim filed on October 19, 2012 under Petition No. 12-51027 in the Amount of $371,413.18

6.    **Exhibit E-**Copy of Court Notice sent to the Movant regarding Discharge

7.    **Exhibit F.** – The Movant's second Proof of Claim filed on December 27, 2016

under Petition No. 16-51133 in the amount of $85,599.16

RESPECTFULLY SUBMITTED THE DEBTOR

By: _____

Johnny Ray Moore, Pro Se
15 Sachem Drive
Shelton CT. 06484
203-395-4284
Johnnyraybanker@gmail.com

PURSUANT TO THE FEDERAL RULES OF EVIDENCE RULE 901 AND 902, THE FOLLOWING EXHIBIT IS BEING SUBMITTED BY THE  DEBTOR  TO BE MADE A PART OF THE RECORD.

# EXHIBIT $A$ .

**JOHNNY RAY MOORE**
**15 SACHEM DRIVE**
**SHELTON CONNECTICUT**

BANK OF AMERICA
PO BOX 31785                           FEBRUARY 26, 2016
TAMPA FL 33631-3785

**Certified Mail: 7015 0640 0001 8234 0027**

Dear Sir or Madam:

On February 4, 2015, I received a Chapter 7 Discharge of Debt under **Title 11 of the U.S.C. Section 727 of the Bankruptcy Code.**

Bank of America has reported under the **Fair Credit Reporting Act** that the said mortgage debt has been discharged. Trans Union, Equifax and Experian are all currently reporting a zero mortgage balance owed to Bank of America on my credit reports.

Bank of America is still mailing me mortgage statements for this mortgage debt that has been cancelled by Bank of America having filed its **1099-C Cancellation of Debt** with the **Internal Revenue Service** (IRS) regarding mortgage loan number 137786737.

I have attached a copy of the **IRS Form 1099-C Cancellation of Debt** in the amount of $87,788.97 that Bank of America reported to the IRS in 2015 and respectfully request that Bank of America refund to me all principle and interest mortgage payments made by me to Bank of America after the 4th day of February 2015 and also kindly forward to me a **_release of Mortgage lien_** regarding the subject property known as 73-75 Baldwin Street, Bridgeport Connecticut within 30 days of receipt of this letter of Notice.

Thank you for your attention concerning this mater.

Sincerely,
Johnny Ray Moore

Enclosure attached:
Copy of Discharge of Debtor
Copy of 1099-c Cancellation of Debt
Copy of most recent mortgage statement.

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

District of Connecticut
**Case No. 12–51027**
**Chapter 7**

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06484

Social Security / Individual Taxpayer ID No.:
xxx–xx–8060

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 2/4/15

Alan H.W. Shiff
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

certify that this is a true and correct copy of the
original which is on file at the Office of the Clerk.

Deputy Clerk, U. S. Bankruptcy Court          Date

B18 (Official Form 18) (12/07) – Cont.

## EXPLANATION OF BANKRUPTCY DISCHARGE
### IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

Date Prepared
01/21/2016

| 1 of 2

**Bank of America**

**Home Loans**

P.O. BOX 31785
TAMPA, FL 33631-3785

**Account Number 137786737**

Property Address
**73-75 BALDWIN STREET**

**IMPORTANT TAX RETURN DOCUMENT ENCLOSED**

ԻվԻրիդԻկվվՈՈՈրդդՈՈ|ՈրդՈՈՈւ|ՈՈրդՈՈրդՈՈ|Ո

AB 0126    641 580      09568 #@01 AT 0.416
JOHNNY RAY MOORE
15 Sachem Dr
Shelton CT 06484-1756

---

# Instructions for Debtor

You received this form because a Federal Government agency or an applicable financial entity (a creditor) has discharged (canceled or forgiven) a debt you owed, or because an identifiable event has occurred that either is or is deemed to be a discharge of a debt of $600 or more. If a creditor has discharged a debt you owed, you are required to include the discharged amount in your income, even if it is less than $600, on the "Other income" line of your Form 1040. However, you may not have to include all of the canceled debt in your income. There are exceptions and exclusions, such as bankruptcy and insolvency. See Pub. 4681, available at IRS.gov, for more details. If an identifiable event has occurred but the debt has not actually been discharged, then include any discharged debt in your income in the year that it is actually discharged, unless an exception or exclusion applies to you in that year.

**Debtor's identification number.** For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN). However, the creditor has reported your complete identification number to the IRS.

**Account number.** May show an account or other unique number the creditor assigned to distinguish your account.

**Box 1.** Shows the date the earliest identifiable event occurred or, at the creditor's discretion, the date of an actual discharge that occurred before an identifiable event. See the code in box 6.

**Box 2.** Shows the amount of debt either actually or deemed discharged. Note. If you do not agree with the amount, contact your creditor.

**Box 3.** Shows interest if included in the debt reported in box 2. See Pub. 4681 to see if you must include the interest in gross income.

**Box 4.** Shows a description of the debt. If box 7 is completed, box 4 also shows a description of the property.

**Box 5.** Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, at the time of the last modification. See Pub. 4681 for reporting instructions.

**Box 6.** Shows the reason your creditor has filed this form. The codes in this box are described in more detail in Pub. 4681. A-Bankruptcy; B-Other judicial debt relief; C-Statute of limitations or expiration of deficiency period; D-Foreclosure election; E-Debt relief from probate or similar proceeding; F-By agreement; G-Decision or policy to discontinue collection; H-Expiration of nonpayment testing period; or I-Other actual discharge before identifiable event.

**Box 7.** If, in the same calendar year, a foreclosure or abandonment of property occurred in connection with the cancellation of the debt, the fair market value (FMV) of the property will be shown, or you will receive a separate Form 1099-A. Generally, the gross foreclosure bid price is considered to be the FMV. For an abandonment or voluntary conveyance in lieu of foreclosure, the FMV is generally the appraised value of the property. You may have income or loss because of the acquisition or abandonment. See Pub. 4681 for information about foreclosures and abandonments. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.

**Future developments.** For the latest information about developments related to Form 1099-C and its instructions, such as legislation enacted after they were published, go to irs.gov/form1099c.

---

☐ CORRECTED (if checked)

| CREDITOR'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.<br><br>BANK OF AMERICA, N.A.<br>P.O. BOX 31785<br>TAMPA, FL 33631-3785    1-800-669-6607 | **1** Date of identifiable event<br>February 4, 2015 | OMB No 1545-1424 | **Cancellation of Debt** |
|---|---|---|---|
| | **2** Amount of debt discharged<br>$87,788.97 | **2015** | |
| | **3** Interest if included in box 2<br>$ 0.00 | Form **1099-C** | |
| CREDITOR'S federal identification number<br>94-1687665 | DEBTOR'S identification number<br>XXX-XX-8060 | **4** Debt description<br><br>73-75 BALDWIN STREET<br>BRIDGEPORT, CT<br>06607 | **Copy B**<br>**For Debtor** |
| DEBTOR'S name, street address (including apt. no.), city or town, state or province, country, and ZIP or foreign postal code<br>JOHNNY RAY MOORE<br>15 Sachem Dr<br>Shelton CT 06484-1756 | | | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
| | | **5** If checked, the debtor was personally liable for repayment of the debt  . . . . . . . . . . . . . . ☐ | |
| Account number (see instructions)<br>Servicing 137786737 | | **6** Identifiable event code<br>A | **7** Fair market value of property<br>$ |

**IMPORTANT TAX NOTICE — ACTION IS REQUIRED**

**YOU SHOULD CONSULT WITH THE IRS OR YOUR TAX ADVISOR IF YOU HAVE ANY QUESTIONS.  BANK OF AMERICA, N.A. DOES NOT OFFER TAX ADVICE.**

Please verify that we have your correct Debtor's Taxpayer Identification Number (TIN).  Providing your correct TIN is very important.  If the TIN is not correct, please provide us with the correct number immediately by writing to us at the address below or calling us at 1-800-669-6607.  If you fail to provide us your correct TIN, you may be subject to a $50 penalty imposed by the IRS.  Note:  Please include your name and account number on all communications to us.

**BANK OF AMERICA, N.A.**
**P.O. BOX 31785**
**TAMPA, FL  33631-3785**

**IMPORTANT NOTICE**

IRS regulations require BANK OF AMERICA, N.A. to issue a Form 1099-C when debt has been forgiven, but for certain individuals, amounts in box 2 and/or box 3 may or may not be taxable.  Please consult your tax advisor.

JOHNNY RAY MOORE | Account 6737 | February 16, 2016 | Page 2 of 4

## Additional contact information

 Housing counselor information: If you would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area, go to hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 1.800.569.4287.

| General Inquiries | To mail a payment | Overnight mail | Insurance matters |
|---|---|---|---|
| PO Box 31785<br>Tampa, FL 33631-3785 | PO Box 15222<br>Wilmington, DE 19886-5222 | Retail Payment Services,<br>DE5-023-03-04<br>Christiana III<br>900 Samoset Drive<br>Newark, DE 19713-6002 | Insurance Dept.<br>PO Box 961291<br>Fort Worth, TX 76161-0291 |



Notice of Error, Requests for Information and Qualified Written Requests (as defined in RESPA) must be sent to: PO Box 942019, Simi Valley, CA 93094-2019. You have certain rights under federal law to resolve errors and request information related to your account. For more information about these rights, you can go to bankofamerica.com or contact us.

## Payment processing information

Payments are considered to be received by Bank of America, N.A. when received through the means or at the locations designated on the back of your remittance coupon, or at such other locations as may be designated by Bank of America, N.A. If your loan is not current, based on certain conditions such as bankruptcy or foreclosure, you may be unable to make a payment using one or more of the means or locations listed in the "You can make your payment" section. Payments received pursuant to a PhonePay will be processed in accordance with the PhonePay agreement. Payments received pursuant to a Bank of America Bill Pay, Transfer and Mortgage Pay on the Web options will be processed in accordance with the Bill Pay, Transfer and Mortgage Pay on the Web agreement. If you're mailing a payment and do not mail your remittance coupon with your payment or do not mail your payment to the designated payment location, it may cause delays in the processing of your payment. Payments, mailed with the remittance coupon to the designated location that are received by 5 p.m. in the time zone of the designated payment location, will be credited to your account effective on that business day, unless otherwise specified on the remittance coupon provided. All payments mailed to Bank of America, N.A. must be in the form of a check or money order, made payable to Bank of America, N.A. and must be drawn in United States dollars and payable by a United States financial institution or the United States Postal Service. Certified or other forms of payment may be required, if previously advised.

We may charge you a fee of up to $40 for any payment returned or rejected by your financial institution, according to your loan documents and applicable law. In addition, there may be fees for certain services related to the servicing of your loan. These fees are either listed on our website or will be quoted upon request. All fees are subject to change without prior notice.

Interest calculation: For all full-month payment periods, interest is calculated on a monthly basis. Accordingly, interest for all full months, including February, is calculated as 30/360 of annual interest, regardless of the actual number of days in the month. For partial months, interest is calculated daily on the basis of a 365-day year.

## Other important information

TO THE EXTENT YOUR PERSONAL LIABILITY FOR THIS LOAN WAS DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY UNDER THE BANKRUPTCY CODE, THIS STATEMENT IS FOR COMPLIANCE AND/OR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE RECEIVED A DISCHARGE, YOU'RE NOT PERSONALLY LIABLE. THE ONLY RECOURSE IS AGAINST THE PROPERTY SECURING THE LOAN. THIS STATEMENT IS NOT A DEMAND FOR PAYMENT. THE COUPON IS INCLUDED ONLY AS A CONVENIENCE FOR THOSE WHO ARE MAKING REGULAR MORTGAGE PAYMENTS, AND IS NOT INTENDED TO SOLICIT PAYMENT FROM THOSE WHO HAVE SURRENDERED THE PROPERTY.

Debt Collection Notice: Bank of America, N.A. is required by law to inform you that this communication is from a debt collector.

Cramdown: If the secured portion of your loan was reduced to the value of the property, known as "cramdown", in a bankruptcy reorganization case, this statement may reflect the terms of the order allowing the cramdown. If that order was contingent upon discharge and you do not receive a discharge of the underlying debt, the contractual terms of your loan will be reinstated and will be reflected in future statements.

Credit Reporting Notice: If permitted by applicable law, we may report information about your account to the credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

Paid year-to-date: Balances in the "Past payments breakdown" section shouldn't be used for year-end tax reporting. Please use the information on IRS Form 1098, which will be provided during tax season, for reporting purposes. Balances for loans that have been service-transferred or have undergone modification may reflect activity that has occurred since the date of transfer or modification only.

Unapplied funds: Depending on the specific requirements of your loan or applicable law, funds you send us cannot be applied to your loan and we hold these funds in a non-interest-bearing account until they can be applied. For example, if you send us a partial payment (i.e. a payment less than your full periodic payment due), we may be unable to apply the payment to your loan and will hold the funds in the non-interest-bearing account for a period of

## Additional contact information

 Housing counselor information: If you would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area, go to hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 1.800.569.4287.

| General Inquiries | To mail a payment | Overnight mail | Insurance matters |
|---|---|---|---|
| PO Box 31785<br>Tampa, FL 33631-3785 | PO Box 15222<br>Wilmington, DE 19886-5222 | Retail Payment Services,<br>DE5-023-03-04<br>Christiana III<br>900 Samoset Drive<br>Newark, DE 19713-6002 | Insurance Dept.<br>PO Box 961291<br>Fort Worth, TX 76161-0291 |

Notice of Error, Requests for Information and Qualified Written Requests (as defined in RESPA) must be sent to: PO Box 942019, Simi Valley, CA 93094-2019. You have certain rights under federal law to resolve errors and request information related to your account. For more information about these rights, you can go to bankofamerica.com or contact us.

## Payment processing information

Payments are considered to be received by Bank of America, N.A. when received through the means or at the locations designated on the back of your remittance coupon, or at such other locations as may be designated by Bank of America, N.A. If your loan is not current, based on certain conditions such as bankruptcy or foreclosure, you may be unable to make a payment using one or more of the means or locations listed in the "You can make your payment" section. Payments received pursuant to a Bank of America Bill Pay, Transfer and Mortgage Pay on the Web options will be processed in accordance with the PhonePay agreement. Payments received pursuant to a Bank of America Bill Pay, Transfer and Mortgage Pay on the Web options will be processed in accordance with the Bill Pay, Transfer and Mortgage Pay on the Web agreement. If you're mailing a payment and do not mail your remittance coupon with your payment or do not mail your payment to the designated payment location, it may cause delays in the processing of your payment. Payments, mailed with the remittance coupon to the designated location that are received by 5 p.m. in the time zone of the designated payment location, will be credited to your account effective on that business day, unless otherwise specified on the remittance coupon provided. All payments mailed to Bank of America, N.A. must be in the form of a check or money order, made payable to Bank of America, N.A. and must be drawn in United States dollars and payable by a United States financial institution or the United States Postal Service. Certified or other forms of payment may be required, if previously advised.

We may charge you a fee of up to $40 for any payment returned or rejected by your financial institution, according to your loan documents and applicable law. In addition, there may be fees for certain services related to the servicing of your loan. These fees are either listed on our website or will be quoted upon request. All fees are subject to change without prior notice.

Interest calculation: For all full-month payment periods, interest is calculated on a monthly basis. Accordingly, interest for all full months, including February, is calculated as 30/360 of annual interest, regardless of the actual number of days in the month. For partial months, interest is calculated daily on the basis of a 365-day year.

## Other important information

TO THE EXTENT YOUR PERSONAL LIABILITY FOR THIS LOAN WAS DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY UNDER THE BANKRUPTCY CODE, THIS STATEMENT IS FOR COMPLIANCE AND/OR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE RECEIVED A DISCHARGE, YOU'RE NOT PERSONALLY LIABLE. THE ONLY RECOURSE IS AGAINST THE PROPERTY SECURING THE LOAN. THIS STATEMENT IS NOT A DEMAND FOR PAYMENT. THE COUPON IS INCLUDED ONLY AS A CONVENIENCE FOR THOSE WHO ARE MAKING REGULAR MORTGAGE PAYMENTS, AND IS NOT INTENDED TO SOLICIT PAYMENT FROM THOSE WHO HAVE SURRENDERED THE PROPERTY.

Debt Collection Notice: Bank of America, N.A. is required by law to inform you that this communication is from a debt collector.

Cramdown: If the secured portion of your loan was reduced to the value of the property, known as "cramdown", in a bankruptcy reorganization case, this statement may reflect the terms of the order allowing the cramdown. If that order was contingent upon discharge and you do not receive a discharge of the underlying debt, the contractual terms of your loan will be reinstated and will be reflected in future statements.

Credit Reporting Notice: If permitted by applicable law, we may report information about your account to the credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

Paid year-to-date: Balances in the "Past payments breakdown" section shouldn't be used for year-end tax reporting. Please use the information on IRS Form 1098, which will be provided during tax season, for reporting purposes. Balances for loans that have been service-transferred or have undergone modification may reflect activity that has occurred since the date of transfer or modification only.

Unapplied funds: Depending on the specific requirements of your loan or applicable law, funds you send us cannot be applied to your loan and we hold these funds in a non-interest-bearing account until they can be applied. For example, if you send us a partial payment (i.e. a payment less than your full periodic payment due), we may be unable to apply the payment to your loan and will hold the funds in the non-interest-bearing account for a period of



**Bank of America** Home Loans                    **Your Home Loan Account**

| JOHNNY RAY MOORE | Account 6737 | February 16, 2016 | Page 3 of 4 |

THIS STATEMENT IS BEING SENT FOR INFORMATIONAL AND/OR COMPLIANCE PURPOSES ONLY. IT SHOULD NOT BE CONSTRUED AS AN ATTEMPT TO COLLECT A DEBT, A DEMAND FOR PAYMENT OR AN ATTEMPT TO MODIFY ANY APPLICABLE BANKRUPTCY PLAN TERMS OR DISCHARGE INJUNCTION. IF YOU HAVE RECEIVED A DISCHARGE OF YOUR PERSONAL OBLIGATION TO REPAY THE DEBT ASSOCIATED WITH THE REFERENCED LOAN, Bank of America, N.A. WILL NOT TAKE ANY ACTION AGAINST YOU BUT HAS RETAINED THE RIGHT TO ENFORCE ITS RIGHTS AGAINST THE PROPERTY SECURING THIS LOAN.

time until you send us additional funds sufficient to equal a full periodic payment due. If you don't send us additional funds, subject to your loan documents, we may apply some or all of the unapplied funds to amounts owed on your account and return the balance of the unapplied funds to you. This balance represents the amount of your funds being held in the non-interest-bearing account, as of the date of this statement.

Statement information: The information contained in this statement is accurate as of the date of this statement but may not contain all information related to your loan. For the most up to date and complete information regarding your loan, please contact customer service.

**Bank of America** Home Loans                    **Amount due on March 1, 2016**          **$1,656.75**

Account number: 137786737
JOHNNY RAY MOORE

Property address:
73-75 BALDWIN STREET
BRIDGEPORT, CT 06607

Bank of America, N.A.
PO Box 15222
Wilmington, DE 19886-5222

Additional principal     $

Additional escrow     $

Total enclosed     $

137786737700000165675000165675

| JOHNNY RAY MOORE | | Account  6737 | | February 16, 2016 | | Page  4 of 4 |

### 🖎 You can make your payment:

- By phone - call 1.800.669.6607
- By mail using the enclosed envelope

**For checks or money orders**

- Make your check payable to Bank of America, N.A.
- Please write your loan number on the check or money order.
- Include this payment coupon with your check (do not staple your check to the coupon).
- Please do not send cash or include correspondence.

Bank of America, N.A., Member FDIC. 🏠 Equal Housing Lender © 2016 Bank of America Corporation.

PURSUANT TO THE FEDERAL RULES OF EVIDENCE RULE 901 AND 902, THE
FOLLOWING EXHIBIT IS BEING SUBMITTED BY THE  DEBTOR  TO BE MADE A
PART OF THE RECORD.

# EXHIBIT $\underline{B}$.



BLANK ROME llp
COUNSELORS AT LAW

*Phone:*   *(215) 569-5391*
*Fax:*     *(215) 832-5391*
*Email:*   *LBowes@BlankRome.com*

April 7, 2016

David G. Volman
One Trap Falls Road, Suite 901
Shelton, CT 06484

Re:   Borrower: Johnny Ray Moore (the "Borrower")
      Property Address: 73-75 Baldwin Street, Bridgeport, CT 06607
      Loan Number Ending In: 6737 (the "Loan")

Dear Mr. Volman:

This firm represents Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP ("Bank of America"), for the sole purpose of responding to correspondence from your client dated February 26, 2016, which was received by Bank of America on March 2, 2016 (collectively, the "Letter"). Because you represent the Borrower, Bank of America has requested that we send this response to your attention, with a copy to the Borrower. Bank of America has reviewed the Letter and is writing in response to the inquiries and/or allegations in the Letter that contain a Notice of Error under 12 C.F.R. §1024.35, an Information Request under 12 C.F.R. §1024.36, or which otherwise require a response under state or federal law. The results of this review are set forth below and in the documents enclosed herewith.

Bank of America's records indicate that the Borrower filed Chapter 7 bankruptcy on May 31, 2012, and the debt was discharged on February 4, 2015. Bank of America has no record of the debt being reaffirmed by the Borrower. Because the Borrower is no longer obligated to pay the debt, Bank of America sent the Borrower a 1099-C Cancellation of Debt form for the year 2015 as required by the IRS. While the Borrower's obligation under the loan documents has been discharged through the bankruptcy process, Bank of America may still foreclose on the Property if the debt is not paid as required by the loan documents. Accordingly, Bank of America must respectfully decline the Borrower's requests for a release of the lien and a refund of payments made on the Loan since the bankruptcy discharge.

Regarding the monthly mortgage statements sent in connection with the Loan, as set forth on the statement, the statements are provided for informational purposes only, and do not constitute an attempt to collect the debt.

April 7, 2016
Page 2

Enclosed for your reference is a Payment History that provides a detailed outline of transactions for the Loan during Bank of America's servicing. This history provides pertinent information on payments received, tax and insurance payments disbursed, funds in the suspense/unapplied funds balance, and late charges assessed and paid. There are no codes used in the Payment History that require specific definitions. Please note the Payment History sets forth the application of payments per the terms of the Borrower's Loan documents and may not represent the application of prepetition and postpetition payments pursuant to any applicable bankruptcy plan which may have been in effect.

The remaining requests and/or allegations contained in the Letter do not require a substantive response under 12 C.F.R. §§1024.35-1024.36 (and/or the exceptions articulated therein), or do not otherwise require a response under state or federal law.

Questions or concerns regarding the contents of this letter should be submitted to Bank of America in writing at P.O. Box 942019, Simi Valley, CA 93094-2019. If you have other questions or concerns regarding the Loan, please contact Bank of America's bankruptcy counsel, Hunt Leibert Jacobson, P.C., at (860) 246-5889.

In providing the above response, Bank of America is not limiting or waiving any rights or remedies it may now or hereafter have, whether arising under the Loan documents, at law or in equity, all of which rights and remedies are expressly reserved.

Sincerely,

Louise Bowes

Louise Bowes

Enclosure

Cc:   Johnny Ray Moore
      15 Sachem Drive
      Shelton, CT 06484

**Bank of America**



**Home Loans**

*P.O. Box 5170*
*Simi Valley, CA  93062-5170*

C3_1632 LNHISTF 17695 04/24/2012

**Notice Date:** 03/21/2016

JOHNNY RAY MOORE
15 SACHEM DR
SHELTON, CT  06484

**Loan No.:** ▓▓▓6737

**Property Address:**
73-75 BALDWIN STREET
BRIDGEPORT, CT  06607

---

**IMPORTANT MESSAGE ABOUT YOUR HOME LOAN**

Enclosed is the loan history statement you requested that provides a detailed outline of transactions for the above-referenced loan number.  This statement provides a history or information on payments we have received from you, servicing expenses we have paid to third parties, tax and insurance payments paid on your behalf, and any late charges assessed and paid.

---

**QUESTIONS?**

We appreciate the opportunity to serve your home loan needs. If you have any questions, please call us at 1-800-669-6607, Monday-Friday 7a.m. to 7p.m. Local Time.

**Bank of America**

**Home Loans**

Page 4

| Loan Number: | ▮▮▮5737 | Property Address: |
|---|---|---|
| Statement Period: | 01/1986 - 03/2016 | 73-75 BALDWIN STREET |
| Date Prepared: | 03/21/2016 | BRIDGEPORT, CT 06607 |

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | **Beginning Balance** | | | **248,000.00** | | **.00** | | | | **.00** |
| 05/31/2006 | MISC. POSTING | 443.34 | 06/2006 | .00<br>248,000.00 | 443.34 | .00<br>.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 07/17/2006 | REGULAR PAYMENT | 2,247.50 | 07/2006 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 08/07/2006 | REGULAR PAYMENT | 2,247.50 | 08/2006 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 09/15/2006 | REGULAR PAYMENT | 2,247.50 | 09/2006 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 10/13/2006 | REGULAR PAYMENT | 2,247.50 | 10/2006 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 11/10/2006 | REGULAR PAYMENT | 2,247.50 | 11/2006 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 12/06/2006 | REGULAR PAYMENT | 2,247.50 | 12/2006 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 01/16/2007 | REGULAR PAYMENT | 2,247.50 | 01/2007 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 02/07/2007 | REGULAR PAYMENT | 2,247.50 | 02/2007 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 02/26/2007 | REGULAR PAYMENT | 2,247.50 | 03/2007 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 04/10/2007 | REGULAR PAYMENT | 2,247.50 | 04/2007 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 05/11/2007 | REGULAR PAYMENT | 2,247.50 | 05/2007 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 06/11/2007 | REGULAR PAYMENT | 2,247.50 | 06/2007 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 07/13/2007 | REGULAR PAYMENT | 2,247.50 | 07/2007 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 08/27/2007 | REGULAR PAYMENT | 2,247.50 | 08/2007 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>-112.38 | .00<br>.00 |
| 09/24/2007 | REGULAR PAYMENT | 2,359.88 | 09/2007 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | 112.38<br>-112.38 | .00<br>.00 |

**Bank of America**

**Home Loans**

Page 5

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/29/2007 | REGULAR PAYMENT | 2,472.26 | 10/2007 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | 224.76<br>.00 | .00<br>.00 |
| 11/30/2007 | REGULAR PAYMENT | 2,247.50 | 11/2007 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | .00<br>-112.38 | .00<br>.00 |
| 12/28/2007 | REGULAR PAYMENT | 2,359.88 | 12/2007 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | 112.38<br>-112.38 | .00<br>.00 |
| 01/25/2008 | REGULAR PAYMENT | 2,252.22 | 01/2008 | .00<br>248,000.00 | 2,247.50 | .00<br>.00 | .00 | .00 | 4.72<br>-220.04 | .00<br>.00 |
| 01/25/2008 | MISC. POSTING | 107.66 | 01/2008 | 107.66<br>247,892.34 | .00 | .00<br>.00 | .00 | .00 | .00<br>-220.04 | .00<br>.00 |
| 02/28/2008 | REGULAR PAYMENT | 2,362.84 | 02/2008 | .00<br>247,892.34 | 2,247.30 | .00<br>.00 | .00 | .00 | 115.54<br>-216.87 | .00<br>.00 |
| 02/28/2008 | MISC. POSTING | 109.42 | 02/2008 | 109.42<br>247,782.92 | .00 | .00<br>.00 | .00 | .00 | .00<br>-216.87 | .00<br>.00 |
| 03/24/2008 | REGULAR PAYMENT | 2,353.67 | 03/2008 | .00<br>247,782.92 | 2,246.42 | .00<br>.00 | .00 | .00 | 107.25<br>-221.94 | .00<br>.00 |
| 03/24/2008 | MISC. POSTING | 109.62 | 03/2008 | 109.62<br>247,673.30 | .00 | .00<br>.00 | .00 | .00 | .00<br>-221.94 | .00<br>.00 |
| 04/25/2008 | REGULAR PAYMENT | 2,356.64 | 04/2008 | .00<br>247,673.30 | 2,245.31 | —.00<br>.00 | .00 | .00 | 111.33<br>-222.88 | .00<br>.00 |
| 04/25/2008 | MISC. POSTING | 110.61 | 04/2008 | 110.61<br>247,562.69 | .00 | .00<br>.00 | .00 | .00 | .00<br>-222.88 | .00<br>.00 |
| 05/30/2008 | REGULAR PAYMENT | 2,467.83 | 05/2008 | .00<br>247,562.69 | 2,244.34 | .00<br>.00 | .00 | .00 | 223.49<br>-111.61 | .00<br>.00 |
| 05/30/2008 | MISC. POSTING | 111.61 | 05/2008 | 111.61<br>247,451.08 | .00 | .00<br>.00 | .00 | .00 | .00<br>-111.61 | .00<br>.00 |
| 06/27/2008 | REGULAR PAYMENT | 2,243.50 | 06/2008 | .00<br>247,451.08 | 2,243.50 | .00<br>.00 | .00 | .00 | .00<br>-223.79 | .00<br>.00 |
| 06/27/2008 | MISC. POSTING | 111.61 | 06/2008 | .00<br>247,451.08 | .00 | .00<br>.00 | .00 | .00 | 111.61<br>-112.18 | .00<br>.00 |
| 07/30/2008 | REGULAR PAYMENT | 2,242.53 | 07/2008 | .00<br>247,451.08 | 2,242.53 | .00<br>.00 | .00 | .00 | .00<br>-224.31 | .00<br>.00 |
| 07/30/2008 | MISC. POSTING | 112.18 | 07/2008 | .00<br>247,451.08 | .00 | .00<br>.00 | .00 | .00 | 112.18<br>-112.13 | .00<br>.00 |
| 08/29/2008 | REGULAR PAYMENT | 2,242.53 | 08/2008 | .00<br>247,451.08 | 2,242.53 | .00<br>.00 | .00 | .00 | .00<br>-224.26 | .00<br>.00 |



**Bank of America**

**Home Loans**

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/29/2008 | REGULAR PAYMENT | 2,242.53 | 09/2008 | .00 247,451.08 | 2,242.53 | .00 .00 | .00 | .00 | .00 -336.39 | .00 .00 |
| 10/30/2008 | REGULAR PAYMENT | 2,242.53 | 10/2008 | .00 247,451.08 | 2,242.53 | .00 .00 | .00 | .00 | .00 -448.52 | .00 .00 |
| 12/01/2008 | REGULAR PAYMENT | 2,242.53 | 11/2008 | .00 247,451.08 | 2,242.53 | .00 .00 | .00 | .00 | .00 -560.65 | .00 .00 |
| 12/30/2008 | REGULAR PAYMENT | 2,242.53 | 12/2008 | .00 247,451.08 | 2,242.53 | .00 .00 | .00 | .00 | .00 -672.78 | .00 .00 |
| 01/30/2009 | REGULAR PAYMENT | 2,371.41 | 01/2009 | .00 247,451.08 | 2,371.41 | .00 .00 | .00 | .00 | .00 -791.35 | .00 .00 |
| 07/21/2009 | MISC. POSTING | .00 | 01/2009 | -220.00 247,671.08 | .00 | .00 .00 | .00 | .00 | .00 -791.35 | 220.00 220.00 |
| 07/21/2009 | PRINCIPAL ADJUST. | -16,342.11 | 08/2009 | -16,342.11 264,013.19 | .00 | .00 .00 | .00 | .00 | .00 -791.35 | .00 220.00 |
| 07/21/2009 | DUE DATE ADJUST. | .00 | 08/2009 | .00 264,013.19 | .00 | .00 .00 | .00 | .00 | .00 -791.35 | .00 220.00 |
| 07/22/2009 | MISC. POSTING | .00 | 08/2009 | .00 264,013.19 | .00 | .00 .00 | .00 | .00 | 220.00 -571.35 | -220.00 .00 |
| 10/20/2009 | MISC. POSTING | .03 | 08/2009 | .03 264,013.16 | .00 | .00 .00 | .00 | .00 | .00 -571.35 | .00 .00 |
| 02/09/2010 | CITY TAX PMT | -3,734.73 | 08/2009 | .00 264,013.16 | .00 | -3,734.73 -3,734.73 | .00 | .00 | .00 -571.35 | .00 .00 |
| 07/21/2010 | CITY TAX PMT | -3,584.45 | 08/2009 | .00 264,013.16 | .00 | -3,584.45 -7,319.18 | .00 | .00 | .00 -571.35 | .00 .00 |
| 01/13/2011 | CITY TAX PMT | -3,584.45 | 08/2009 | .00 264,013.16 | .00 | -3,584.45 -10,903.63 | .00 | .00 | .00 -571.35 | .00 .00 |
| 04/21/2011 | HAZARD INS PMT | -2,210.00 | 08/2009 | .00 264,013.16 | .00 | -2,210.00 -13,113.63 | .00 | .00 | .00 -571.35 | .00 .00 |
| 07/18/2011 | CITY TAX PMT | -3,584.45 | 08/2009 | .00 264,013.16 | .00 | -3,584.45 -16,698.08 | .00 | .00 | .00 -571.35 | .00 .00 |
| 11/17/2011 | HAZARD INS PMT | -9,562.00 | 08/2009 | .00 264,013.16 | .00 | -9,562.00 -26,260.08 | .00 | .00 | .00 -571.35 | .00 .00 |
| 11/18/2011 | HAZ INS CREDIT | 563.00 | 08/2009 | .00 264,013.16 | .00 | 563.00 -25,697.08 | .00 | .00 | .00 -571.35 | .00 .00 |
| 01/04/2012 | CITY TAX PMT | -3,584.45 | 08/2009 | .00 264,013.16 | .00 | -3,584.45 -29,281.53 | .00 | .00 | .00 -571.35 | .00 .00 |



**Bank of America**

**Home Loans**

Page 7

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 01/05/2012 | HAZARD INS PMT | -4,303.00 | 08/2009 | .00<br>264,013.16 | .00 | -4,303.00<br>-33,584.53 | .00 | .00 | .00<br>-571.35 | .00<br>.00 |
| 01/06/2012 | HAZ INS CREDIT | 8,282.00 | 08/2009 | .00<br>264,013.16 | .00 | 8,282.00<br>-25,302.53 | .00 | .00 | .00<br>-571.35 | .00<br>.00 |
| 03/06/2012 | HAZARD INS PMT | -5,149.00 | 08/2009 | .00<br>264,013.16 | .00 | -5,149.00<br>-30,451.53 | .00 | .00 | .00<br>-571.35 | .00<br>.00 |
| 03/07/2012 | HAZ INS CREDIT | 3,609.00 | 08/2009 | .00<br>264,013.16 | .00 | 3,609.00<br>-26,842.53 | .00 | .00 | .00<br>-571.35 | .00<br>.00 |
| 03/21/2012 | SPEC. ASSESSMENT | -2,129.68 | 08/2009 | .00<br>264,013.16 | .00 | -2,129.68<br>-28,972.21 | .00 | .00 | .00<br>-571.35 | .00<br>.00 |
| 05/22/2012 | HAZ INS CREDIT | 320.00 | 08/2009 | .00<br>264,013.16 | .00 | 320.00<br>-28,652.21 | .00 | .00 | .00<br>-571.35 | .00<br>.00 |
| 05/22/2012 | HAZ INS CREDIT | 591.00 | 08/2009 | .00<br>264,013.16 | .00 | 591.00<br>-28,061.21 | .00 | .00 | .00<br>-571.35 | .00<br>.00 |
| 05/31/2012 | HAZ INS CREDIT | 4,006.00 | 08/2009 | .00<br>264,013.16 | .00 | 4,006.00<br>-24,055.21 | .00 | .00 | .00<br>-571.35 | .00<br>.00 |
| 05/31/2012 | HAZARD INS PMT | -2,317.00 | 08/2009 | .00<br>264,013.16 | .00 | -2,317.00<br>-26,372.21 | .00 | .00 | .00<br>-571.35 | .00<br>.00 |
| 07/17/2012 | CITY TAX PMT | -3,717.37 | 08/2009 | .00<br>264,013.16 | .00 | -3,717.37<br>-30,089.58 | .00 | .00 | .00<br>-571.35 | .00<br>.00 |
| 01/02/2013 | CITY TAX PMT | -3,717.37 | 08/2009 | .00<br>264,013.16 | .00 | -3,717.37<br>-33,806.95 | .00 | .00 | .00<br>-571.35 | .00<br>.00 |
| 02/01/2013 | SPEC. ASSESSMENT | -1,418.93 | 08/2009 | .00<br>264,013.16 | .00 | -1,418.93<br>-35,225.88 | .00 | .00 | .00<br>-571.35 | .00<br>.00 |
| 04/15/2013 | HAZ INS CREDIT | 933.00 | 08/2009 | .00<br>264,013.16 | .00 | 933.00<br>-34,292.88 | .00 | .00 | .00<br>-571.35 | .00<br>.00 |
| 04/30/2013 | MISC. POSTING | 1,731.25 | 08/2009 | .00<br>264,013.16 | .00 | -.00<br>-34,292.88 | .00 | .00 | .00<br>-571.35 | 1,731.25<br>1,731.25 |
| 05/31/2013 | MISC. POSTING | 1,731.25 | 08/2009 | .00<br>264,013.16 | .00 | .00<br>-34,292.88 | .00 | .00 | .00<br>-571.35 | 1,731.25<br>3,462.50 |
| 06/12/2013 | MISC. POSTING | -2,392.63 | 08/2009 | .00<br>264,013.16 | .00 | .00<br>-34,292.88 | .00 | .00 | .00<br>-571.35 | -2,392.63<br>1,069.87 |
| 06/12/2013 | REGULAR PAYMENT | 2,392.63 | 09/2009 | .00<br>264,013.16 | 2,392.62 | .01<br>-34,292.87 | .00 | .00 | .00<br>-571.35 | .00<br>1,069.87 |
| 06/28/2013 | MISC. POSTING | 1,731.25 | 09/2009 | .00<br>264,013.16 | .00 | .00<br>-34,292.87 | .00 | .00 | .00<br>-571.35 | 1,731.25<br>2,801.12 |



**Bank of America**

Home Loans

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/02/2013 | MISC. POSTING | -2,392.63 | 09/2009 | .00 264,013.16 | .00 | .00 -34,292.87 | .00 | .00 | .00 -571.35 | -2,392.63 408.49 |
| 07/02/2013 | REGULAR PAYMENT | 2,392.63 | 10/2009 | .00 264,013.16 | 2,392.62 | .01 -34,292.86 | .00 | .00 | .00 -571.35 | .00 408.49 |
| 07/12/2013 | CITY TAX PMT | -3,784.74 | 10/2009 | .00 264,013.16 | .00 | -3,784.74 -38,077.60 | .00 | .00 | .00 -571.35 | .00 408.49 |
| 07/22/2013 | MISC. POSTING | .00 | 10/2009 | -41,467.30 305,480.46 | .00 | 38,822.30 744.70 | .00 | .00 | .00 -571.35 | 2,645.00 3,053.49 |
| 07/22/2013 | MISC. POSTING | .00 | 10/2009 | 408.49 305,071.97 | .00 | .00 744.70 | .00 | .00 | .00 -571.35 | -408.49 2,645.00 |
| 07/22/2013 | PRINCIPAL ADJUST. | -107,168.49 | 07/2013 | -107,168.49 412,240.46 | .00 | .00 744.70 | .00 | .00 | .00 -571.35 | .00 2,645.00 |
| 07/22/2013 | DUE DATE ADJUST. | .00 | 07/2013 | .00 412,240.46 | .00 | .00 744.70 | .00 | .00 | .00 -571.35 | .00 2,645.00 |
| 07/22/2013 | PRINCIPAL ADJUST. | 322,086.01 | 07/2013 | 322,086.01 90,154.45 | .00 | .00 744.70 | .00 | .00 | .00 -571.35 | .00 2,645.00 |
| 07/26/2013 | REGULAR PAYMENT | 1,731.25 | 08/2013 | 74.60 90,079.85 | 817.02 | 839.63 1,584.33 | .00 | .00 | .00 -571.35 | .00 2,645.00 |
| 08/01/2013 | PAYMENT REVERSAL | -1,731.25 | 07/2013 | -74.60 90,154.45 | -817.02 | -839.63 744.70 | .00 | .00 | .00 -571.35 | .00 2,645.00 |
| 08/01/2013 | MISC. POSTING | 1,731.25 | 07/2013 | .00 90,154.45 | .00 | .00 744.70 | .00 | .00 | .00 -571.35 | 1,731.25 4,376.25 |
| 08/01/2013 | MISC. POSTING | -2,645.00 | 07/2013 | .00 90,154.45 | .00 | .00 744.70 | .00 | .00 | .00 -571.35 | -2,645.00 1,731.25 |
| 08/01/2013 | MISC. POSTING | -1,731.25 | 07/2013 | .00 90,154.45 | .00 | .00 744.70 | .00 | .00 | .00 -571.35 | -1,731.25 .00 |
| 08/01/2013 | REGULAR PAYMENT | 1,731.25 | 08/2013 | 74.60 90,079.85 | 817.02 | 839.63 1,584.33 | .00 | .00 | .00 -571.35 | .00 .00 |
| 08/01/2013 | Waive/Adj LateChg | 112.18 | 06/2008 | .00 90,079.85 | .00 | .00 1,584.33 | .00 | .00 | 112.18 -459.17 | .00 .00 |
| 08/01/2013 | Waive/Adj LateChg | 112.13 | 07/2008 | .00 90,079.85 | .00 | .00 1,584.33 | .00 | .00 | 112.13 -347.04 | .00 .00 |
| 08/01/2013 | Waive/Adj LateChg | 112.13 | 08/2008 | .00 90,079.85 | .00 | .00 1,584.33 | .00 | .00 | 112.13 -234.91 | .00 .00 |
| 08/01/2013 | Waive/Adj LateChg | 112.13 | 09/2008 | .00 90,079.85 | .00 | .00 1,584.33 | .00 | .00 | 112.13 -122.78 | .00 .00 |



**Bank of America**

**Home Loans**

Page 9

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 08/01/2013 | Waive/Adj LateChg | 112.13 | 10/2008 | .00<br>90,079.85 | .00 | .00<br>1,584.33 | .00 | .00 | 112.13<br>-10.65 | .00<br>.00 |
| 08/01/2013 | Waive/Adj LateChg | 10.65 | 08/2013 | .00<br>90,079.85 | .00 | .00<br>1,584.33 | .00 | .00 | 10.65<br>.00 | .00<br>.00 |
| 09/03/2013 | REGULAR PAYMENT | 1,731.25 | 09/2013 | 75.27<br>90,004.58 | 816.35 | 839.63<br>2,423.96 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 09/30/2013 | REGULAR PAYMENT | 1,731.25 | 10/2013 | 75.95<br>89,928.63 | 815.67 | 839.63<br>3,263.59 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 10/01/2013 | REGULAR PAYMENT | 1,731.25 | 11/2013 | 76.64<br>89,851.99 | 814.98 | 839.63<br>4,103.22 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 12/02/2013 | REGULAR PAYMENT | 1,731.25 | 12/2013 | 77.34<br>89,774.65 | 814.28 | 839.63<br>4,942.85 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 01/02/2014 | REGULAR PAYMENT | 1,731.25 | 01/2014 | 78.04<br>89,696.61 | 813.58 | 839.63<br>5,782.48 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 01/06/2014 | CITY TAX PMT | -3,784.74 | 01/2014 | .00<br>89,696.61 | .00 | -3,784.74<br>1,997.74 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 02/03/2014 | REGULAR PAYMENT | 1,731.25 | 02/2014 | 78.74<br>89,617.87 | 812.88 | 839.63<br>2,837.37 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 03/03/2014 | REGULAR PAYMENT | 1,731.25 | 03/2014 | 79.46<br>89,538.41 | 812.16 | 839.63<br>3,677.00 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 03/04/2014 | SPEC. ASSESSMENT | -1,535.35 | 03/2014 | .00<br>89,538.41 | .00 | -1,535.35<br>2,141.65 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 04/01/2014 | REGULAR PAYMENT | 1,731.25 | 04/2014 | 80.18<br>89,458.23 | 811.44 | 839.63<br>2,981.28 | .00 | .00 | .00<br>.00 | .00<br>.00 |
| 05/05/2014 | REGULAR PAYMENT | 1,761.25 | 05/2014 | 80.90<br>89,377.33 | 810.72 | 839.63<br>3,820.91 | .00 | .00 | .00<br>.00 | 30.00<br>30.00 |
| 06/23/2014 | REGULAR PAYMENT | 1,731.25 | 06/2014 | 81.64<br>89,295.69 | 809.98 | 839.63<br>4,660.54 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 07/15/2014 | REGULAR PAYMENT | 1,731.25 | 07/2014 | 82.38<br>89,213.31 | 809.24 | 839.63<br>5,500.17 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 07/18/2014 | CITY TAX PMT | -3,815.76 | 07/2014 | .00<br>89,213.31 | .00 | -3,815.76<br>1,684.41 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 08/29/2014 | REGULAR PAYMENT | 1,736.43 | 08/2014 | 83.12<br>89,130.19 | 808.50 | 844.81<br>2,529.22 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 09/29/2014 | REGULAR PAYMENT | 1,736.43 | 09/2014 | 83.88<br>89,046.31 | 807.74 | 844.81<br>3,374.03 | .00 | .00 | .00<br>.00 | .00<br>30.00 |



**Bank of America**
**Home Loans**

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/31/2014 | REGULAR PAYMENT | 1,736.43 | 10/2014 | 84.64<br>88,961.67 | 806.98 | 844.81<br>4,218.84 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 11/28/2014 | REGULAR PAYMENT | 1,736.43 | 11/2014 | 85.40<br>88,876.27 | 806.22 | 844.81<br>5,063.65 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 12/05/2014 | CITY TAX PMT | -3,815.76 | 11/2014 | .00<br>88,876.27 | .00 | -3,815.76<br>1,247.89 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 12/10/2014 | HAZARD INS PMT | -1,550.00 | 11/2014 | .00<br>88,876.27 | .00 | -1,550.00<br>-302.11 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 12/11/2014 | COUNTY TAX CREDIT | 3,815.76 | 11/2014 | .00<br>88,876.27 | .00 | 3,815.76<br>3,513.65 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 12/12/2014 | REGULAR PAYMENT | 1,736.43 | 12/2014 | 86.18<br>88,790.09 | 805.44 | 844.81<br>4,358.46 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 01/14/2015 | CITY TAX PMT | -3,815.76 | 12/2014 | .00<br>88,790.09 | .00 | -3,815.76<br>542.70 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 01/29/2015 | REGULAR PAYMENT | 1,736.43 | 01/2015 | 86.96<br>88,703.13 | 804.66 | 844.81<br>1,387.51 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 02/27/2015 | REGULAR PAYMENT | 1,736.43 | 02/2015 | 87.75<br>88,615.38 | 803.87 | 844.81<br>2,232.32 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 03/25/2015 | REGULAR PAYMENT | 1,736.43 | 03/2015 | 88.54<br>88,526.84 | 803.08 | 844.81<br>3,077.13 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 04/30/2015 | REGULAR PAYMENT | 1,736.43 | 04/2015 | 89.35<br>88,437.49 | 802.27 | 844.81<br>3,921.94 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 05/29/2015 | REGULAR PAYMENT | 1,736.43 | 05/2015 | 90.16<br>88,347.33 | 801.46 | 844.81<br>4,766.75 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 06/10/2015 | OVERAGE REFUND | -341.50 | 05/2015 | .00<br>88,347.33 | .00 | -341.50<br>4,425.25 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 06/30/2015 | MISC. POSTING | 1,736.43 | 05/2015 | .00<br>88,347.33 | .00 | .00<br>4,425.25 | .00 | .00 | .00<br>.00 | 1,736.43<br>1,766.43 |
| 07/01/2015 | MISC. POSTING | -1,736.43 | 05/2015 | .00<br>88,347.33 | .00 | .00<br>4,425.25 | .00 | .00 | .00<br>.00 | -1,736.43<br>30.00 |
| 07/01/2015 | REGULAR PAYMENT | 1,736.43 | 06/2015 | 90.97<br>88,256.36 | 800.65 | 844.81<br>5,270.06 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 07/15/2015 | REGULAR PAYMENT | 1,736.43 | 07/2015 | 91.80<br>88,164.56 | 799.82 | 844.81<br>6,114.87 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 07/24/2015 | CITY TAX PMT | -3,815.76 | 07/2015 | .00<br>88,164.56 | .00 | -3,815.76<br>2,299.11 | .00 | .00 | .00<br>.00 | .00<br>30.00 |



**Bank of America**

**Home Loans**

Page 11

| Transaction Date | Description | Total Payment | PMT/Mo | Principal Balance | Interest | Escrow Balance | Optional | Buydown | Late Charges Total | Unapplied Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 08/25/2015 | REGULAR PAYMENT | 1,656.75 | 08/2015 | 92.63<br>88,071.93 | 798.99 | 765.13<br>3,064.24 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 09/30/2015 | MISC. POSTING | 1,656.75 | 08/2015 | .00<br>88,071.93 | .00 | .00<br>3,064.24 | .00 | .00 | .00<br>.00 | 1,656.75<br>1,686.75 |
| 10/01/2015 | MISC. POSTING | -1,656.75 | 08/2015 | .00<br>88,071.93 | .00 | .00<br>3,064.24 | .00 | .00 | .00<br>.00 | -1,656.75<br>30.00 |
| 10/01/2015 | REGULAR PAYMENT | 1,656.75 | 09/2015 | 93.47<br>87,978.46 | 798.15 | 765.13<br>3,829.37 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 10/30/2015 | REGULAR PAYMENT | 1,656.75 | 10/2015 | 94.32<br>87,884.14 | 797.30 | 765.13<br>4,594.50 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 11/27/2015 | REGULAR PAYMENT | 1,656.75 | 11/2015 | 95.17<br>87,788.97 | 796.45 | 765.13<br>5,359.63 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 12/16/2015 | HAZARD INS PMT | -1,700.00 | 11/2015 | .00<br>87,788.97 | .00 | -1,700.00<br>3,659.63 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 12/30/2015 | REGULAR PAYMENT | 1,656.75 | 12/2015 | 96.03<br>87,692.94 | 795.59 | 765.13<br>4,424.76 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 01/21/2016 | CITY TAX PMT | -3,815.76 | 12/2015 | .00<br>87,692.94 | .00 | -3,815.76<br>609.00 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 01/29/2016 | REGULAR PAYMENT | 1,656.75 | 01/2016 | 96.90<br>87,596.04 | 794.72 | 765.13<br>1,374.13 | .00 | .00 | .00<br>.00 | .00<br>30.00 |
| 02/29/2016 | MISC. POSTING | 1,656.75 | 01/2016 | .00<br>87,596.04 | .00 | .00<br>1,374.13 | .00 | .00 | .00<br>.00 | 1,656.75<br>1,686.75 |
| 03/01/2016 | MISC. POSTING | -1,656.75 | 01/2016 | .00<br>87,596.04 | .00 | .00<br>1,374.13 | .00 | .00 | .00<br>.00 | -1,656.75<br>30.00 |
| 03/01/2016 | REGULAR PAYMENT | 1,656.75 | 02/2016 | 97.78<br>87,498.26 | 793.84 | 765.13<br>2,139.26 | .00 | .00 | .00<br>.00 | .00<br>30.00 |

## Fee Transaction Activity (01/1986 - 03/2016)

| Transaction Date | Fee Description | Charges | Payments |
|---|---|---|---|
| 11/10/2006 | Mortgage Pay Fee-Phone | 15.00 | .00 |
| 11/10/2006 | Mortgage Pay Fee-Phone | .00 | 15.00 |



**Bank of America**
**Home Loans**

Page 12

| Transaction Date | Fee Description | Charges | Payments |
|---|---|---|---|
| 01/16/2007 | Mortgage Pay Fee-Phone | 15.00 | .00 |
| 01/16/2007 | Mortgage Pay Fee-Phone | .00 | 15.00 |
| 02/07/2007 | Mortgage Pay Fee-Phone | 15.00 | .00 |
| 02/07/2007 | Mortgage Pay Fee-Phone | .00 | 15.00 |
| 11/30/2007 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 11/30/2007 | Mortgage Pay Fee-Phone | .00 | 9.00 |
| 06/27/2008 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 06/27/2008 | Mortgage Pay Fee-Phone | .00 | 9.00 |
| 07/30/2008 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 07/30/2008 | Mortgage Pay Fee-Phone | .00 | 9.00 |
| 09/29/2008 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 09/29/2008 | Mortgage Pay Fee-Phone | .00 | 9.00 |
| 10/30/2008 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 10/30/2008 | Mortgage Pay Fee-Phone | .00 | 9.00 |
| 12/01/2008 | Mortgage Pay Fee-Phone | 12.00 | .00 |
| 12/01/2008 | Mortgage Pay Fee-Phone | .00 | 12.00 |
| 12/30/2008 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 12/30/2008 | Mortgage Pay Fee-Phone | .00 | 9.00 |
| 01/30/2009 | Mortgage Pay Fee-Phone | 9.00 | .00 |
| 01/30/2009 | Mortgage Pay Fee-Phone | .00 | 9.00 |
| 04/01/2009 | Property Inspection | 15.00 | .00 |
| 05/04/2009 | Property Inspection | 15.00 | .00 |
| 06/02/2009 | Property Inspection | 15.00 | .00 |
| 07/06/2009 | Property Inspection | 15.00 | .00 |
| 08/03/2009 | Property Inspection | 15.00 | .00 |
| 10/22/2009 | Property Inspection | 15.00 | .00 |
| 01/05/2010 | Property Inspection | 15.00 | .00 |

**Bank of America**



Home Loans

Page 13

| Transaction Date | Fee Description | Charges | Payments |
|---|---|---|---|
| 01/06/2010 | Property Inspection | 15.00 | .00 |
| 03/09/2010 | Attorney/Trustee Fee | 875.00 | .00 |
| 03/09/2010 | Court Filing Fee | 300.00 | .00 |
| 03/09/2010 | Recording Fee | 63.00 | .00 |
| 03/09/2010 | Process Server | 90.00 | .00 |
| 03/09/2010 | Title Fee | 225.00 | .00 |
| 03/11/2010 | Property Inspection | 15.00 | .00 |
| 03/12/2010 | Property Inspection | 15.00 | .00 |
| 04/06/2010 | Property Inspection | 15.00 | .00 |
| 05/11/2010 | Property Inspection | 15.00 | .00 |
| 06/15/2010 | Property Inspection | 15.00 | .00 |
| 07/06/2010 | Property Inspection | 15.00 | .00 |
| 08/10/2010 | Property Inspection | 15.00 | .00 |
| 09/01/2010 | Property Inspection | 14.00 | .00 |
| 10/21/2010 | Property Inspection | 14.00 | .00 |
| 12/14/2010 | Vacant Property Registration | 100.00 | .00 |
| 02/14/2011 | Attorney/Trustee Fee | 525.00 | .00 |
| 02/14/2011 | Court Cost | 320.00 | .00 |
| 02/14/2011 | Attorney/Trustee Fee | 525.00 | .00 |
| 02/14/2011 | Court Cost | 320.00 | .00 |
| 02/19/2011 | Property Inspection - Adjustment | -15.00 | .00 |
| 02/19/2011 | Property Inspection - Adjustment | -15.00 | .00 |
| 02/20/2011 | Property Inspection - Adjustment | -14.00 | .00 |
| 02/26/2011 | Property Inspection - Adjustment | -14.00 | .00 |
| 02/26/2011 | Vacant Property Registration - Adjustment | -100.00 | .00 |
| 03/05/2011 | Attorney/Trustee Fee - Adjustment | -525.00 | .00 |
| 03/05/2011 | Court Cost - Adjustment | -320.00 | .00 |

**Bank of America**

Home Loans

| Transaction Date | Fee Description | Charges | Payments |
|---|---|---|---|
| 04/01/2011 | Attorney/Trustee Fee - Adjustment | -875.00 | .00 |
| 04/01/2011 | Title Fee - Adjustment | -225.00 | .00 |
| 04/01/2011 | Court Filing Fee - Adjustment | -300.00 | .00 |
| 04/01/2011 | Recording Fee - Adjustment | -63.00 | .00 |
| 04/01/2011 | Process Server - Adjustment | -90.00 | .00 |
| 06/02/2011 | Attorney/Trustee Fee | 1,400.00 | .00 |
| 06/27/2011 | Attorney/Trustee Fee - Adjustment | -425.00 | .00 |
| 07/05/2011 | Court Cost - Adjustment | -320.00 | .00 |
| 10/08/2011 | Court Filing Fee - Adjustment | 300.00 | .00 |
| 10/08/2011 | Recording Fee - Adjustment | 63.00 | .00 |
| 10/08/2011 | Attorney/Trustee Fee - Adjustment | 875.00 | .00 |
| 10/08/2011 | Title Fee - Adjustment | 225.00 | .00 |
| 10/08/2011 | Process Server - Adjustment | 90.00 | .00 |
| 10/08/2011 | Court Filing Fee - Adjustment | -300.00 | .00 |
| 10/08/2011 | Process Server - Adjustment | -90.00 | .00 |
| 10/08/2011 | Recording Fee - Adjustment | -63.00 | .00 |
| 10/08/2011 | Attorney/Trustee Fee - Adjustment | -875.00 | .00 |
| 10/08/2011 | Title Fee - Adjustment | -225.00 | .00 |
| 10/10/2011 | Property Inspection - Adjustment | -15.00 | .00 |
| 10/10/2011 | Property Inspection - Adjustment | -15.00 | .00 |
| 10/10/2011 | Property Inspection - Adjustment | -15.00 | .00 |
| 10/10/2011 | Property Inspection - Adjustment | -15.00 | .00 |
| 10/10/2011 | Property Inspection - Adjustment | -15.00 | .00 |
| 10/10/2011 | Property Inspection - Adjustment | -15.00 | .00 |
| 10/10/2011 | Property Inspection - Adjustment | -15.00 | .00 |
| 10/10/2011 | Property Inspection - Adjustment | -15.00 | .00 |
| 10/10/2011 | Property Inspection - Adjustment | -15.00 | .00 |

**Bank of America**



Home Loans

Page 15

| Transaction Date | Fee Description | Charges | Payments |
|---|---|---|---|
| 10/10/2011 | Property Inspection - Adjustment | -15.00 | .00 |
| 10/10/2011 | Property Inspection - Adjustment | -15.00 | .00 |
| 10/10/2011 | Property Inspection - Adjustment | -15.00 | .00 |
| 10/10/2011 | Property Inspection - Adjustment | -15.00 | .00 |
| 01/09/2012 | Expedited Payoff Service Fee | 30.00 | .00 |
| 06/12/2012 | Court Cost | 320.00 | .00 |
| 04/08/2013 | Bankruptcy Proof of Claim | 425.00 | .00 |
| 04/08/2013 | Bankruptcy Objection to Plan | 400.00 | .00 |
| 08/01/2013 | Attorney/Trustee Fee | .00 | 525.00 |
| 08/01/2013 | Attorney/Trustee Fee | .00 | 975.00 |
| 08/01/2013 | Bankruptcy Proof of Claim | .00 | 425.00 |
| 08/01/2013 | Bankruptcy Objection to Plan | .00 | 400.00 |
| 08/01/2013 | Court Cost | .00 | 320.00 |
| 05/02/2014 | Expedited Payoff Service Fee - Adjustment | -30.00 | .00 |

PURSUANT TO THE FEDERAL RULES OF EVIDENCE RULE 901 AND 902, THE
FOLLOWING EXHIBIT IS BEING SUBMITTED BY THE  DEBTOR  TO BE MADE A
PART OF THE RECORD.

# EXHIBIT  C.



**SLS**

P.O. Box 636005
Littleton, CO 80163-6005
1-800-315-4SLS (4757)

Pg 1 of 9

+ 0663437 000000242 09SFC8 0940424
JOHNNY RAY MOORE
15 SACHEM DR
SHELTON CT 06484-1756

ᴵᴵᴵᴵᵖᴵᵖᴵᴵᴵᴵᴵᵖᴵᵖᴵᵖᴵᵖᵖᴵᵖᵖᴵᴵᴵᵖᵖᴵᴵᴵᵖᴵᵖᴵᵖᴵᵖᴵᴵᴵᴵᴵᵖᴵᵖᴵᴵᴵᵖ

November 4, 2016

Re: SLS Loan Number:      1012017231
    Property Address:     73-75 Baldwin Street
                         Bridgeport, CT 06607

### Important Notice Regarding Your Mortgage Loan and Notice of Intent to Foreclose

Dear Johnny Ray Moore,

The Note on the above referenced loan is now in default as a result of your failure to pay the 09/01/16 payment and the payments due each month thereafter, as provided for in said Note. You are hereby notified that to cure such default you are required to pay to this office all past due payments plus charges and any payments that may become due between the date of this notice and the date the default is cured. The amount required to cure the arrears as of 11/04/16 is $5,095.69. You have sixty three (63) days from the date of this letter to cure the default. We urge you to immediately upon receipt of this letter contact our Customer Assistance Department at the number provided below to obtain the amount required to reinstate your loan.

**This notice does not affect your ability to apply for or be evaluated for a foreclosure prevention option or any pending loss mitigation option that may have been extended.**

Failure to pay the total amount due under the terms and conditions of your Deed of Trust/Mortgage by 01/06/17 may result in acceleration of the entire balance outstanding under the Note including, but not limited to, the principal, interest and all other outstanding charges and costs, and commencement of foreclosure of the Trust Deed/Mortgage which is security for your Note. Please be advised that any extension of time or forbearance in the exercising of any right or remedy as provided for in the Deed of Trust/Mortgage shall not constitute a waiver of or preclude the exercising of any right or remedy.

If your loan is not brought current, inspections of your property will be made and you will be assessed fees for that purpose as permitted under state law. Additionally, if your property is found to be vacant and unsecured, the mortgage holder will have it secured and will charge you for the cost of securing. You may also be liable for reasonable attorney fees and costs incurred in connection with any proceedings on the Note and Trust Deed and such other costs as may be allowed by law. In addition, you may be liable for any deficiency that may be established as a result of the foreclosure action unless precluded by a bankruptcy discharge.



11/04/16        1012017231        0683437 000000242 09SFC8 0940424        Pg 2 of 9

In accordance with the Fair Debt Collection Practices Act, you are hereby given notice of the following:

1. Although you are not required to pay the total debt (or balance) of the Account prior to its maturity or acceleration, federal law requires Specialized Loan Servicing LLC provide you with the amount of the debt. As of 11/04/16, the amount of the unpaid principal balance is $86,892.69. This letter is in no way intended as a payoff statement and you must not rely upon this letter for purposes of paying off your mortgage.
2. Specialized Loan Servicing LLC (SLS) is the current servicer for the owner of the loan. If you request in writing within 30 days after you receive this notice, we will provide you with the name and address of the original owner if different than the current owner.
3. Unless within 30 days after you receive this notice you dispute the validity of the debt or a portion thereof, the debt will be assumed to be valid. If you notify us in writing within 30 days after you receive this notice that you dispute the debt or a portion thereof, we will obtain and mail to you verification of the debt.
4. **THIS COMMUNICATION IS FROM A DEBT COLLECTOR. PLEASE BE ADVISED THAT THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS LETTER CONSTITUTES NEITHER A DEMAND FOR PAYMENT OF THE CAPTIONED DEBT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE.**

If you believe that you are entitled to the benefits as outlined in the Servicemembers' Civil Relief Act, you should promptly provide us with evidence of your active duty status.

IF YOU DID NOT SIGN THE NOTE BUT YOU HOLD A LEGAL OR BENEFICIAL INTEREST IN THE MORTGAGED PROPERTY, THIS NOTICE IS PROVIDED TO YOU TO WARN YOU THAT IF THE FULL AMOUNT DUE ON THE MORTGAGE, AS DESCRIBED IN THE BEGINNING OF THIS LETTER, REMAINS UNPAID. **YOU MAY LOSE YOUR INTEREST IN THE MORTGAGED PROPERTY.**

SLS would like you to be aware that if you are unable to make payments or resume payments within a reasonable period of time due to a reduction in your income resulting from a loss or reduction in your employment, you may be eligible for Homeownership Counseling. Please contact HUD toll free number (800-569-4287) to obtain a list of HUD approved non-profit organizations serving your area. Attached is a list of HUD approved counseling agencies selected by the Connecticut Housing Finance Authority ("CHFA") for the Emergency Mortgage Assistance Payment Program ("EMAPP").

**Your mortgage may qualify for consideration under Connecticut's Emergency Mortgage Assistance Payment Program (EMAP) as administered by CHFA.**

Within sixty (60) days from the date of this letter, you have the right to (1) have a face-to-face meeting, telephone or other conference acceptable to CHFA with SLS, or a face-to-face meeting with a CHFA-approved consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or such other resolution, and (2) contact CHFA to obtain information and apply for emergency mortgage assistance payments if you are unable to resolve the delinquency or default with SLS.

Within sixty (60) days of the date of this letter, you also have the right to contact CHFA, to obtain information, and to apply for Emergency Mortgage Assistance payments if you and SLS are unable to resolve the delinquency or default. The address for CHFA is 999 West Street, Rocky Hill, Connecticut 06067,and CHFA's telephone number is 860-721-9501, and fax number is 860-571-4352. Please see the enclosed Emergency Mortgage Assistance Payment Program Brochure for more information about EMAPP.

You are further advised that you shall have the right to reinstate the Loan after acceleration, as well as the right to raise any defenses that may exist to the acceleration, including assertion of the non-existence of a default.



11/04/16        1012017231        0683437 000000242 09SFC8 0940424        Pg 3 of 9

You are notified that a NEGATIVE CREDIT REPORT about this default and any legal action that may occur as a result may be submitted to one or more national credit reporting agencies.

WE WILL NOT GIVE YOU ANY LEGAL ADVICE. If you make a written request that we not contact you, we will not do so, except to send notices that are required by statute or contract.

If you surrender possession of the Property you may still owe additional monies after the money received from the sale of the Property is deducted from the total amount that you owe under the Note.

If you have any questions, regarding this letter, please contact Specialized Loan Servicing, LLC at (800)306-6062 Monday through Friday, from 6:00 a.m. to 6:00 p.m. (MT). TDD number 800-268-9419 Monday through Friday, 8:00 a.m. to 5:00 p.m. (MT).

SLS requests that all payments be made in **certified funds, cashier's check or money order(s)** payable to and mailed to "Specialized Loan Servicing LLC" **Attention: Customer Assistance Department** to one of the below addresses **(always include your Loan Number with your payment):**

| **VIA Regular Mail** | **VIA Over Night Address** | **VIA Western Union Quick Collect** |
|---|---|---|
| Specialized Loan Servicing LLC | Specialized Loan Servicing LLC | Code City: PAYSLS |
| PO Box 105219 | 8742 Lucent Blvd, Suite 300 | Code Sate: CO |
| Atlanta, GA 30348 5219 | Highlands Ranch, CO 80129 | Reference: Loan Number |

The matters discussed herein are of extreme importance. We trust you will give them appropriate attention. It is the practice and policy of SLS to work with customers that have experienced a hardship. We have many alternative programs available to assist customers in avoiding a foreclosure action. Please visit our website address www.sls.net for options or feel free to contact Customer Assistance area at 800-306-6062 where one of our experienced and skilled Agents may assist you. Do not delay. There is help available for most customers. We cannot assist you if you do not contact us. We are committed to providing you with professional and courteous service. We respect our customers, especially those that are having difficulties and will always strive to treat you with the dignity you deserve.

SPECIALIZED LOAN SERVICING LLC
Customer Assistance Department



11/04/16          1012017231          0683437 000000242 09SFC8 0940424          Pg 4 of 9

## Emergency Mortgage Assistance Program (EMAP)

### Brochure

### Program Description

The Emergency Mortgage Assistance Program (EMAP) is administered by the Connecticut Housing Finance Authority (CHFA). EMAP is available to eligible Connecticut homeowners who have fallen behind on their mortgage payment because of a temporary financial hardship beyond their control. An EMAP loan provides an initial disbursement to bring a homeowner's delinquent mortgage current. In addition, a homeowner may be eligible to receive monthly mortgage assistance.

While receiving EMAP assistance, a homeowner must participate in an annual recertification process conducted by CHFA to determine the necessity for continuation, termination or adjustment in the amount of emergency mortgage assistance. The homeowner must also notify CHFA of any changes in their financial status during the period of assistance. Repayment of the EMAP mortgage loan does not begin until a homeowner's finances permit, as determined by CHFA. Interest will not accrue on the EMAP loan until it is scheduled for repayment. The EMAP loan will be repaid as a 30-year, fixed rate mortgage.

### Terms and Conditions

- EMAP is available to eligible Connecticut homeowners who have fallen behind on their mortgage payment because of a temporary financial hardship beyond their control. A financial hardship includes, but is not limited to, a reduction of income or an increase in expenses resulting from:
  - o  Unemployment or underemployment of one or more of the mortgagors;
  - o  A loss, reduction or delay in receipt of such federal, state, or municipal benefits as Social Security, supplemental security income, public assistance and government pensions;
  - o  A loss, reduction or delay in receipt of such private benefits as pension, disability, annuity or retirement benefits;
  - o  Divorce or a loss of support payments;
  - o  Disability, illness or death of a mortgagor;
  - o  A significant increase in the dollar amount of the periodic payments required by the mortgage;
  - o  An unanticipated rise in housing expenses;
  - o  Expenses related to the disability, illness or death of a member of the mortgagor's family.

A hardship does not include the accumulation of credit or installment debt for recreational or non-essential items which caused a financial burden.

- The maximum allowable monthly mortgage assistance is set by law and based on a formula that uses annual area median income as published by the U.S. Department of Housing and Urban Development.
- Assistance is available for up to a total of 60 months. Eligible homeowners are required to pay a portion of their monthly mortgage payment to CHFA based on their total household income, while receiving emergency mortgage assistance. CHFA will combine the homeowner's payment with the monthly assistance provided through the Emergency Mortgage Assistance Program and will then pay the total required monthly mortgage payment to the homeowner's lender.



11/04/16          1012017231          0683437 000000242 09SFC8 0940424          Pg 5 of 9

**Eligible Properties**

A homeowner cannot have an ownership interest in any other real estate.

All properties must be owner-occupied and the primary residence of the applicant. Eligible properties include:

- Single family homes
- Single family homes located in Planned Unit Developments (PUDs)
- A unit in a condominium
- Two-to-four family homes

Please note that no business or commercial use of the property is allowed.

**Homeowner Eligibility Requirements**

Eligibility for EMAP includes the following:

- The delinquent mortgage is not FHA-insured.
- The mortgage must be secured by a home-owner's primary residence.
- Eligible homeowners must not have sufficient assets at their disposal to alleviate the financial hardship.
- A homeowner's inability to make the mortgage payments on their primary residence must be due to either a financial hardship resulting in a reduction of household income or an increase in expenses, or a significant increase in the monthly mortgage payment amount required by their current mortgage lender.
- A homeowner must either be 60 days delinquent or be in receipt of a delinquency notice from the current mortgage lender which indicates the lender's intent to initiate foreclosure proceedings. Homeowners who anticipate becoming 60 days delinquent on a mortgage may also be eligible. A homeowner will need to provide CHFA with documentation to support the probability of becoming delinquent which will be reviewed by CHFA to determine eligibility (for example: notice of a lay-off or copy of a mortgage statement showing an increase in the adjustable rate and payment).
- In order to be eligible to apply for EMAP, a homeowner must inform CHFA that they contacted their current mortgage lender in an effort to correct the delinquency, but were either unsuccessful in negotiating a repayment plan or were unable to honor a negotiated repayment plan due to an unforeseen financial hardship; or they contacted a CHFA/HUD-approved housing counseling agency (refer to the list of approved agencies on page 6) in an effort to contact their lender to negotiate terms to correct the delinquency of the mortgage.
- Homeowners who apply for EMAP and have received a Summons and Complaint are required to participate in the Judicial Mediation Program as part of the EMAP application process.
- Except for the current delinquency, the homeowners must have a favorable mortgage credit history for the previous two years (or period of ownership) with no more than three 30-day late payments for the 12 months prior to hardship.
- CHFA must determine that there is a reasonable expectation that the homeowner will be able to reinstate their current mortgage payments and have the ability to repay the EMAP mortgage loan.
- Eligible homeowners must be fully discharged from any action of bankruptcy.



# CONNECTICUT HOUSING FINANCE AUTHORITY

## EMERGENCY MORTGAGE ASSISTANCE PROGRAM
CHFA/HUD-Approved Counseling Agencies

The Connecticut Housing Finance Authority encourages all homeowners struggling with their mortgage payments to contact one of the following housing counseling agencies to explore all foreclosure prevention options available.

**Bridgeport Neighborhood Trust**
*Bridgeport*
(203) 290-4255 ext. 107

**Catholic Charities**
*Middletown, New London, Norwich and Willimantic*
(860) 889-8346 ext. 272

**Community Renewal Team (CRT)**
*Hartford and Middletown*
(860) 560-5880 (call center)

**Greater New Haven Community Loan Fund**
*New Haven*
(203) 624-7406 ext. 130

**Neighborhood Housing Services of New Britain**
(860) 224-2433

**Neighborhood Housing Services of New Haven**
(203) 777-6925 ext. 26

**Neighborhood Housing Services of Waterbury**
(203) 753-1896 ext. 10



11/04/16          1012017231          0683437 000000242 09SFC8 0940424          Pg 7 of 9

**FORECLOSURE MEDIATION**
**NOTICE OF COMMUNITY-**
**BASED RESOURCES**
JD-CV-126  Rev. 4-15
C.G.S. § 49-31*l*

| **ADA NOTICE** |
| The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA.* |

STATE OF CONNECTICUT
**SUPERIOR COURT**
JUDICIAL BRANCH
*www.jud.ct.gov*

## State of Connecticut Department of Banking
## Foreclosure Hotline Bulletin
## Community-Based Resources for Connecticut Homeowners in Foreclosure

*Note: Assistance in multiple languages is available through Connecticut Housing Finance Authority (CHFA/HUD)-approved housing counseling agencies (refer to the list below). Ayuda en Español es disponible a través de agencias de consejería de vivienda aprobado por CHFA/HUD (favor de referirse a la lista de abajo).*

## Toll-free Mortgage Foreclosure Assistance Hotline: 1-877-472-8313
## Department of Banking Website: www.ct.gov/dob

The free Foreclosure Hotline is open Monday-Friday 8:00 a.m. to 5:00 p.m. Calls will be returned within two business days. Homeowners who are currently a party to a foreclosure action with time sensitive foreclosure concerns should call the Hotline for assistance. You can also reach the Department of Banking by calling **1-800-831-7225 (toll-free)** or **860-240-8299.**

## Mortgage Assistance Programs from the
## Connecticut Housing Finance Authority (CHFA)

**The Connecticut Housing Finance Authority** administers the state's Emergency Mortgage Assistance Program (EMAP) which was created by the Connecticut General Assembly. EMAP can help eligible homeowners with overdue payments and provide monthly mortgage assistance. For more information, contact a CHFA/HUD-approved housing counseling agency (listed below), call CHFA at **1-877-571-2432,** or visit *www.chfa.org.*

### CHFA/HUD-Approved Housing Counselors:

CHFA/HUD-approved housing counselors provide free services to Connecticut homeowners who are struggling financially and may be at risk of foreclosure. They can review your budget and find ways to help with financial issues. They are trained in handling FHA and "conventional" loans and can help you negotiate with your mortgage company or apply to CHFA for an Emergency Mortgage Assistance loan. If a foreclosure case has been filed against you and you have asked to participate in the Foreclosure Mediation Program, they can help you get ready for mediation (including the Premediation meetings with your mediator) and help you submit financial documents to your mortgage company as part of the mediation process. CHFA/HUD approved housing counselors welcome residents from all over Connecticut. You do not need to go to the agency closest to you.



| County | CHFA/HUD-Approved Housing Counseling Agency | Phone |
|---|---|---|
| Fairfield | **Bridgeport Neighborhood Trust,** 570 State Street, Bridgeport *www.bntweb.org* | 203-290-4255 ext. 107 |
| Hartford | **Community Renewal Team,** 395 Wethersfield Ave., Hartford *www.crtct.org* | 860-560-5880 |
| | **Neighborhood Housing Services of New Britain,** 223 Broad St., New Britain *www.nhsnb.org* | 860-224-2433 |
| New Haven | **Neighborhood Housing Services of New Haven,** 333 Sherman Ave., New Haven *www.nhsofnewhaven.org* | 203-777-6925 ext. 26 |
| | **Greater New Haven Community Loan Fund,** 171 Orange St., New Haven *http:llwww.theroofproject.org* | 203-624-7406 ext. 130 |
| | **Neighborhood Housing Services of Waterbury,** 161 North Main Street, Waterbury *www.nhswaterbury.org* (serves Waterbury, Naugatuck, Torrington, and all of Northwest CT) | 203-753-1896 ext. 10 |
| New London/ Windham | **Catholic Charities, Diocese of Norwich,** 331 Main St., Norwich; 28 Huntington St., New London *www.ccfsn.org* | 860-889-8346 ext. 272 |

## Legal Resources

**Foreclosure Prevention Legal Clinics**: The Connecticut Fair Housing Center, the Department of Banking, and the Judicial Branch's Foreclosure Mediation Program present free clinics for homeowners in foreclosure. The clinics offer information on the process and on preparing for court from a Center attorney, guidance on resources for homeowners from the Department of Banking, and a description of the Mediation Program from a court mediator. After the presentations, homeowners can talk about their situations one-on-one with volunteer attorneys, paralegals, and student volunteers. The clinic in **Hartford** is **the 3rd Tuesday evening of most months** and is run by the Connecticut Fair Housing Center and the University of Hartford Paralegal Studies Program. The clinic in **Fairfield County** is **the 3rd Wednesday evening of most months**, is sponsored by Bridgeport Mayor Bill Finch, Stamford Mayor David Martin and Norwalk Mayor Harry W. Rilling, and is run by the Connecticut Fair Housing Center and Homes Saved By Faith. Its location changes each month among the 3 cities. More information on the clinics (including times and locations) is available on *www.ctfairhousing.org* or by calling **1-888-247-4401**.

**Judicial Branch Foreclosure Volunteer Attorney Program**: Volunteer attorneys are available to give advice and answer questions about foreclosure at certain courthouses in the state. Homeowners facing foreclosure throughout Connecticut are welcome to attend. Call 860-263-2734 for additional information, or visit http://jud.ct.gov/volunteer_atty_prgm.htm..

**Foreclosure Manual for Self-Represented Homeowners**: The Connecticut Fair Housing Center publishes "Representing Yourself in Foreclosure: A Guide for Connecticut Homeowners," a free manual describing the foreclosure and mediation process for self-represented homeowners. Copies are available from CHFA/HUD-approved housing counselors on *www.ctfairhousing.org*, and by calling the Center at **1-888-247-4401**.

**Statewide Legal Services (SLS)**: SLS provides free legal advice and referrals for callers qualifying for its services (guidelines include income limits). You can reach SLS by calling **1-800-453-3320 or 860-344-0380 or visiting www.slsct.org.**

**Court Service Centers**: In certain Superior Court locations, Court Service Centers provide public access computers, printers, fax machines, copiers, phones, and work space for self-represented parties. Refer to *www.jud.ct.gov*, and go to the **Quick Links** menu on the home page of the Judicial website for more information.

**Lawyer Referral Services**: County Bar Associations in Connecticut offer referral services that introduce homeowners to lawyers who can answer questions during an initial half-hour consultation. You can send an email with your questions and availability. Services beyond the 1st half-hour fee will be at the attorney's usual fee.

| County | Phone | Fee for 1/2 hour Consultation | Website | Email |
|---|---|---|---|---|
| Fairfield | **203-335-4116** | $35 | *www.fairfieldlawyerreferral.com* | fcba@conversent.net |
| Hartford* | **860-525-6052** | $25 | *www.hartfordbar.org* | hcba@hartfordbar.org |
| New Haven | **203-562-5750** | $35 | *www.newhavenbar.org* | NHCBAinfo@newhavenbar.org |
| New London | **860-889-9384** | $25 | *www.nlcba.org* | **See website for contact form** |

*The Hartford County Bar also covers Litchfield, Middlesex, Tolland, and Windham Counties.



**How Foreclosure Rescue Scams Work.** People in foreclosure are often the target of "foreclosure rescue scams." Be **very** careful of non-lawyers who ask you to pay a fee for counseling, loan modification, foreclosure prevention, or a "forensic audit" of your loan documents, **regardless of their promises or claims.** Many out-of-state attorneys target Connecticut residents: **you should never pay attorneys that you do not meet.** Contact the Department of Banking for more information at **1-877-472-8313** or visit *www.preventloanscams.org*.

**Mortgage Crisis Job Training Program.** The state-funded Mortgage Crisis Job Training Program is a project of The WorkPlace, Inc., in partnership with the Connecticut Housing Finance Authority (CHFA), Capital Workforce Partners, and Connecticut's workforce system. The Program helps homeowners increase their job skills and earning potential. It offers customized employment services, job training scholarships, financial literacy, and credit counseling. For information call **1-866-683-1682** or go to *www.workplace.org/mortgage.asp*.

**Financial Assistance Programs.** Connecticut's 12 Community Action Agencies (CAAs) help people meet immediate needs through services such as Eviction and Foreclosure Prevention, energy/heating assistance, food pantries, and weatherization. CAAs also empower people to improve their financial future through employment services, financial literacy training, and other programs. To locate your local CAA call the Connecticut Association for Community Action at **860-832-9438** or visit: *www.cafca.org/our-network*.

For more information on programs for homeowners facing financial distress, review the Department of Banking's materials on

11/04/16          1012017231          0683437 000000242 09SFC8 0940424          Pg 9 of 9

*www.ct.gov/dob* or call **1-877-472-8313.** You can also call Info line at 2-1-1 for resources.

**PLEASE READ THIS ENTIRE NOTICE AS IT CONTAINS IMPORTANT INFORMATION**

Specialized Loan Servicing LLC ("SLS"), as the servicer of the above-referenced loan, which is secured by a mortgage on the above-referenced property (the "Mortgage"), is providing you formal notice, pursuant to the provisions of Connecticut Public Act 14-84(a), Section 3, of the following:

1.   Our records indicate as of the date of this letter, the Mortgage is delinquent or in default.

2.   You have the option of contacting us to discuss whether the Property may, by mutual consent , be marketed for sale pursuant to a listing agreement established in accordance with Connecticut Public Act 14-84(a), Section 5.

Foreclosure by market sale will not be an option for you unless you are a borrower on the Note, the Mortgage is a first mortgage (but not a reverse annuity mortgage), the mortgaged Property is residential real property that you occupy as your primary residence and you otherwise qualify under the act.

Foreclosure by market sale also will not be available if the amounts due on the mortgage loan, in addition to amounts of all prior lien(s), by operation of law, are less than the appraised value of the Property.

3.   You may contact SLS at:

Mailing address:   8742 Lucent Boulevard, Suite 300, Highlands Ranch, CO 80129.
Telephone number: 1-800-306-6059
Facsimile number: 1-720-241-7526
E-Mail Address: crdocs@sls.net

4.   You have sixty (60) days after the date of this letter to initiate contact with SLS and to contemporaneously confirm with SLS in writing your election to pursue a foreclosure by market sale, either by mail sent to the designated mailing address or by e-mail sent to the designated e-mail address.



5.   You should contact a licensed Connecticut real estate agent to discuss the feasibility of listing the property for sale pursuant to the foreclosure by market sale process.

6. If we mutually agree to proceed with discussions concerning an acceptable listing agreement, you must first permit an appraisal of the Property by a licensed Connecticut appraiser to verify your eligibility for foreclosure by market sale. This appraisal will require both an interior and exterior inspection of the property.

7. If we mutually agree to proceed and you are eligible, the property would be listed for sale with a real estate agent but the terms and conditions of the listing agreement, including the duration and listing price, must be acceptable to both parties.

8. The terms and conditions of any offer to purchase, including the purchase price and any contingencies, must be acceptable to both parties.

9. If an acceptable offer is received, you would then sign an agreement to sell the Property through a foreclosure by market sale.

**10. If you consent to a foreclosure by market sale, you will not be eligible for foreclosure mediation in any type of foreclosure action that is commenced following the giving of such consent.**

PURSUANT TO THE FEDERAL RULES OF EVIDENCE RULE 901 AND 902, THE
FOLLOWING EXHIBIT IS BEING SUBMITTED BY THE  DEBTOR  TO BE MADE A
PART OF THE RECORD.

# EXHIBIT D.

B 10 (Official Form 10)

| UNITED STATES BANKRUPTCY COURT  BRIDGEPORT DISTRICT OF CONNECTICUT | PROOF OF CLAIM |
|---|---|

Name of Debtors: Johnny Ray Moore | Case Number: 12-51027-ahws

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor : Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-12

**COURT USE ONLY**

Name and address where notices should be sent:
Bank of America, N.A.
7105 Corporate Drive
Plano, TX 75024

Telephone number:                   email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
   (*If known*)
Filed on: _____

Name and address where payment should be sent (if different from above):
Bank of America, N.A.
PO Box 660933
Dallas, TX 75266

Telephone number:                   email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:  $371,413.18**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

X Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim: Money Loaned**
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: 6737 | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(see instruction # 3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of Setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: X Real Estate ☐ Motor Vehicle ☐ Other
Describe: 73-75 Baldwin Street, Bridgeport, CT 06607

Value Of Property: $ _____

Annual Interest Rate   10.875%   ☐ Fixed  X Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$111,286.47

Basis for perfection:          Recorded Mortgage

Amount of Secured Claim:   $ 371,413.18

Amount Unsecured:          $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of the claim falls in one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

Amount entitled to priority:

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (08/10 publication draft)

---

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (*See instruction #7 and definition of "redacted."*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box:

☐ I am the creditor.  X I am the creditor's authorized agent. ☐ I am the trustee, or the debtor. ☐ I am a guarantor, surety, indorser, or other codebtor.
        (Attach copy of power of attorney, if any.)  (See Bankruptcy Rule 3004.)  (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Ana M. Fidalgo, Esq.
Title:     Attorney for Creditor
Company:  Bendett & McHugh, PC
Address and telephone number (if different from notice address above:
270 Farmington Avenue, Suite 151
Farmington CT 06032
Telephone number: (860) 677-2868   email: BKECF@bmpc-law.com

(Signature)      (Date)   10-19-12

---

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law- in certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering healthcare goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering healthcare goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (08/10 publication draft)

## DEFINITIONS

### Debtor
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

### Creditor
A creditor is a person, corporation, or other entity to whom the debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

### Claim
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured

### Proof of Claim
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

### Secured Claim Under 11 U.S.C. §506(a)
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of he property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

### Unsecured Claim
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

### Claim Entitled to Priority Under 11 U.S.C. §507(a)
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

### Redacted
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted certain information. A creditor must show only the last four digits of any social security, individual's tax identification, or financial account number; only the initials of a minor's name; and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

### Evidence of Perfection
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

### Acknowledgment of Filing of Claim
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

### Offers to Purchase a Claim
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 10 *et seq.*), and any applicable orders of the bankruptcy court

B 10 (Attachment A) (12/11)

## Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Bankruptcy Rule 3001(c)(2).

| | | | |
|---|---|---|---|
| Name of debtor: | Johnny Ray Moore | Case number: | 12-51027-ahws |
| | The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006- | | |
| Name of creditor: | 12 | Last four digits of any number you use to identify the debtor's account: | 6737 |

### Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

**1. Principal due**                                                                      (1)  $   264,013.16

**2. Interest due**

| Interest rate | From | To | Amount |
|---|---|---|---|
| | mm/dd/yyyy | mm/dd/yyyy | |
| 10.875 % | 8/1/2009 | 4/30/2012** | $   78,956.46 |
| % | / / | / / | $ |
| % | / / | / / | $ |

Total interest due as of the petition date   $   78,956.46   Copy total here ▶   (2)  + $   78,956.46

**3. Total principal and interest due**                                          (3)  $   342,969.62

Escrow advance in the amount of $26,372.21 is included in the total amount of the secured claim on Official Form 10.

**Partial month interest is not included for the month the bankruptcy was filed.

### Part 2: Statement of Prepetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges incurred in connection with the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates Incurred | | Amount |
|---|---|---|---|
| 1. Late charges | 6 @ $112.13 : 7/30/08, 08/29/08, 09/29/08, 10/30/08, 12/1/08, 12/30/08; 1 @  $118.57 : 1/30/09 ;  (less $220.00 credit applied 7/22/09 ) | (1)  $ | 571.35 |
| 2. Non-sufficient funds (NSF) fees | | (2)  $ | |
| 3. Attorney fees | 2/14/11 @ $525.00; 6/2/11 @ $975.00 | (3)  $ | 1,500.00 |
| 4. Filing fees and court costs | | (4)  $ | |
| 5. Advertisement costs | | (5)  $ | |
| 6. Sheriff/auctioneer fees | | (6)  $ | |
| 7. Title costs | | (7)  $ | |
| 8. Recording fees | | (8)  $ | |
| 9. Appraisal/broker's price opinion fees | | (9)  $ | |
| 10. Property Inspection fees | | (10)  $ | |
| 11. Tax advances (non-escrow) | | (11)  $ | |
| 12. Insurance advances (non-escrow) | | (12)  $ | |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | This amount is NOT included in the total debt shown on Official Form 10 | (13)  $ | 28,375.35 |
| 14. Property preservation expenses. Specify:_____ | | (14)  $ | |
| 15. Other. Specify:_____ | | (15)  $ | |
| 18. Total prepetition fees, expenses and charges. Add all of the amounts listed above. | | (18)  $ | 30,446.70 |

### Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

Does the installment payment amount include an escrow deposit?

☐ No

☒ Yes. Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with applicable nonbankruptcy law.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1. Installment payments due | Date last payment received by creditor | 10/20/2009 | | | | | |
| | Number of installment payments due | | | (1) | 33 | | |
| 2. Amount of installment payments due | 22 | Installments 9/1/09-6/1/11 | @ | 2,392.63 | $ | $52,637.86 | |
| | 11 | Installments 7/1/11-5/1/12 | @ | 2,563.81 | $ | $28,201.91 | |
| | ___ | Installments | @ | | + $ | $0.00 | |
| | Total Installment payments due as of the petition date | | | | $ | $80,839.77 | Copy total here ▶ $ 80,839.77 |
| 3. Calculation of cure amount | Add total prepetition fees, expenses, and charges | | | | | | Copy total from Part 2 here ▶ + $ 30,446.70 |
| | Subtract total of unapplied funds received from the debtor. This amount is derived from the Total Debt section of the Part 1. | | | | | | − $ _____ |
| | Subtract amounts for which debtor is entitled to a refund. | | | | | | − $ _____ |
| | Total amount necessary to cure default as of the petition date. | | | | | | (3) $ 111,286.47 |
| | | | | | | | Copy total onto item 4 of Proof of Claim form |

Post Petition payment due July 1, 2012 is $3,485.51 ($2,563.80 P &I / $921.71 Escrow)

Bank of America, N.A. services the loan on the property referenced in this proof of claim. In the event the automatic stay in this case is modified, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-12, "NOTEHOLDER".

Note holder, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Note holder or has been duly endorsed. Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

PURSUANT TO THE FEDERAL RULES OF EVIDENCE RULE 901 AND 902, THE
FOLLOWING EXHIBIT IS BEING SUBMITTED BY THE DEBTOR TO BE MADE A
PART OF THE RECORD.


# EXHIBIT E.

PURSUANT TO THE FEDERAL RULES OF EVIDENCE RULE 901 AND 902, THE
FOLLOWING EXHIBIT IS BEING SUBMITTED BY THE DEBTOR TO BE MADE A
PART OF THE RECORD.

# EXHIBIT_E_.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Johnny Ray Moore |
| | Johnny R Moore |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: _____ District of Connecticut (State) | |
| Case number | 16-51133 |

## Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-12
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor    c/o SPECIALIZED LOAN SERVICING LLC

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

*Where should notices to the creditor be sent?*

Specialized Loan Servicing LLC
Name

8742 Lucent Blvd, Suite 300
Number    Street

Highlands Ranch, Colorado 80129
City    State    ZIP Code

Contact phone    (800) 315-4757
Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

*Where should payments to the creditor be sent? (if different)*

Specialized Loan Servicing LLC
Name

PO Box 636007
Number    Street

Littleton, Colorado 80163
City    State    ZIP Code

Contact phone    (800) 315-4757
Contact email

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Case 16-51133   Claim 12-1   Filed 12/27/16   Desc Main Document   Page 2 of 7

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6.** Do you have any number you use to identify the debtor?

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 7231

**7.** How much is the claim?   $85,599.16 .

Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** What is the basis of the claim? Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as healthcare information.

Money Loaned

**9.** Is all or part of the claim secured?

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of Property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: 73-75 Baldwin Street, Bridgeport, Connecticut 06607

**Basis for Perfection:** Recordation of Lien
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $

Amount of the claim that is secured: $85,599.16

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $1,973.53

Annual Interest Rate (when case was filed) 10.875000%
☑ Fixed
☐ Variable

**10.** Is this claim based on a lease?

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11.** Is this claim subject to a right of setoff?

☑ No
☐ Yes. Identify the property: _____

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | |
|---|---|---|---|---|
| | | ☐ Yes. Check one: | | **Amount entitled to priority** |
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| | | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C.§ 507(a)(7). | | $ _____ |
| | | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $ _____ |
| | | * Amounts are subject to adjustment on 04/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |

---

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____12/27/2016_____
                        MM / DD / YYYY

/s/ Andrew Kussmaul
     Signature

Print the name of the person who is completing and signing this claim:

| Name | Andrew Kussmaul | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Authorized Agent for Specialized Loan Servicing LLC | | |
| Company | Buckley Madole, P.C. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | P. O. Box 9013 | | |
| | Number          Street | | |
| | Addison | TX | 75001 |
| | City | State | ZIP Code |
| Contact phone | (972) 643-6600 | Email | POCInquiries@BuckleyMadole.com |

**Proof of Claim**

**Mortgage Proof of Claim Attachment** Case 16-51133   Claim 12-1   Filed 12/27/16   Desc Main Document   Page 4 of 7

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | | |
|---|---|---|---|---|---|---|---|---|
| Case number: | 16-51133 | Principal balance: | $86,995.91 | Principal & interest due: | $891.62 | Effective Date: | 09/01/2016 | 10/01/2016 |
| Debtor 1: | Johnny Ray Moore | Interest due: | $699.84 | Prepetition fees due: | $89.16 | Principal & interest: | $891.62 | $891.62 |
| | Johnny R Moore | Fees, costs due: | $89.16 | Escrow deficiency for funds advanced: | $0.00 | Monthly escrow: | $777.62 | $776.52 |
| Debtor 2: | | Escrow deficiency for funds advanced: | $0.00 | Projected escrow shortage: | $1,022.75 | Private mortgage insurance: | | |
| Last 4 digits to identify: | 7231 | Less total funds on hand: | $2,185.75 | Less funds on hand: | $30.00 | Total monthly payment: | $1,669.24 | $1,668.14 |
| Creditor: | The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-12 | Total debt: | $85,599.16 | Total prepetition arrearage: | $1,973.53 | | | |
| Servicer: | Specialized Loan Servicing LLC | | | | | | | |
| Fixed accrual/daily simple interest/other: | Fixed | | | | | | | |

### Part 5: Loan Payment History from First Date of Default

| | | Account Activity | | | | How Funds Were Applied / Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Amount | H. Prin, int & esc past due balance | I. Amount to principal | J. Amount to interest | K. Amount to escrow | L. Amount to fees or charges | Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| | | | | Starting Balance | | $0.00 | | | | | | | $87,498.26 | $0.00 | $2,139.26 | $0.00 | $30.00 |
| 03/01/2016 | $1,656.75 | | | Regular Payment Due | 03/01/2016 | $1,656.75 | | | | | | | $87,498.26 | $0.00 | $2,139.26 | $0.00 | $30.00 |
| 03/31/2016 | | $1,656.75 | | Payment Received | 04/01/2016 | $0.00 | $98.67 | $792.95 | $765.13 | | | | $87,399.59 | $0.00 | $2,904.39 | $0.00 | $30.00 |
| 04/01/2016 | $1,656.75 | | | Regular Payment Due | 04/01/2016 | $1,656.75 | | | | | | | $87,399.59 | $0.00 | $2,904.39 | $0.00 | $30.00 |
| 04/29/2016 | | $1,656.75 | | Payment Received | 05/01/2016 | $0.00 | $99.56 | $792.06 | $765.13 | | | | $87,300.03 | $0.00 | $3,669.52 | $0.00 | $30.00 |
| 04/29/2016 | | | $44.58 | Late Fee | 05/01/2016 | $0.00 | | | | | | | $87,300.03 | $0.00 | $3,669.52 | $44.58 | $30.00 |
| 05/01/2016 | $1,656.75 | | | Regular Payment Due | 05/01/2016 | $1,656.75 | | | | | | | $87,300.03 | $0.00 | $3,669.52 | $44.58 | $30.00 |
| 05/31/2016 | | $1,656.75 | | Payment Received | 06/01/2016 | $0.00 | $100.46 | $791.16 | $765.13 | | | | $87,199.57 | $0.00 | $4,434.65 | $44.58 | $30.00 |
| 06/01/2016 | $1,656.75 | | | Regular Payment Due | 06/01/2016 | $1,656.75 | | | | | | | $87,199.57 | $0.00 | $4,434.65 | $44.58 | $30.00 |
| 06/30/2016 | | $1,656.75 | | Payment Received | 07/01/2016 | $0.00 | $101.37 | $790.25 | $765.13 | | | | $87,098.20 | $0.00 | $5,199.78 | $44.58 | $30.00 |

**Mortgage Proof of Claim Attachment** Case 16-51133  Claim 12-1   Filed 12/27/16   Desc Main Document   Page 5 of 7

(12/15)

| Case number: | 16-51133 |
|---|---|
| Debtor 1: | Johnny Ray Moore |

### Part 5: Loan Payment History from First Date of Default

| | | Account Activity | | | | | How Funds Were Applied / Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 07/01/2016 | $1,656.75 | | | Regular Payment Due | 07/01/2016 | $1,656.75 | | | | | | $87,098.20 | $0.00 | $5,199.78 | $44.58 | $30.00 |
| 07/15/2016 | | | | $3,809.16 Escrow Disbursement: City Tax | 07/01/2016 | $1,656.75 | | | | | | $87,098.20 | $0.00 | $1,390.62 | $44.58 | $30.00 |
| 07/29/2016 | | $1,656.75 | | Payment Received | 08/01/2016 | $0.00 | $102.29 | $789.33 | $765.13 | | | $86,995.91 | $0.00 | $2,155.75 | $44.58 | $30.00 |
| 07/29/2016 | | | $44.58 Late Fee | | 08/01/2016 | $0.00 | | | | | | $86,995.91 | $0.00 | $2,155.75 | $89.16 | $30.00 |
| 08/01/2016 | $891.62 | | | Regular Payment Due | 08/01/2016 | $891.62 | | | | | | $86,995.91 | $0.00 | $2,155.75 | $89.16 | $30.00 |
| 08/24/2016 | | | | Petition Date | 08/01/2016 | $891.62 | | | | | | $86,995.91 | $0.00 | $2,155.75 | $89.16 | $30.00 |

Official Form 410 A

Mortgage Proof of Claim Attachment

Page 2 of 3

4126-N-4849

| Fill in this information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | Johnny Ray Moore | | | |
| | Johnny R Moore | | | |
| Debtor 2 (Spouse, if filing) | | | | |
| United States Bankruptcy Court for the: | | District of | Connecticut | |
| Case number | 16-51133 | | (State) | |

## Mortgage Proof of Claim Attachment: Addendum

### Additional Claim Itemization:

| Loan History Date | Actual Date Incurred | Description | Amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

### POC Special Language:

Specialized Loan Servicing LLC services the loan on the property referenced in this proof of claim. In the event the automatic stay in this case is modified, this case dismisses, and /or the debtor obtains a discharge and a foreclosure action is commence on the mortgaged property, the foreclosure will be conducted in the name of The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-12 , "NOTEHOLDER". Noteholder, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly endorsed. Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

## CERTIFICATE OF SERVICE OF PROOF OF CLAIM

I hereby certify that a true and correct copy of the foregoing document has been served upon the following parties in interest on or before December 27, 2016 via electronic notice unless otherwise stated:

**Debtor**       *Via U.S. Mail*
Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06484-1756

**Debtors' Attorney**
Johnny Ray Moore
Debtor Pro Se
15 Sachem Drive
Shelton, CT 06484-1756

**Chapter 13 Trustee**
Molly T. Whiton
10 Columbus Boulevard
Hartford, Connecticut 06106

Respectfully Submitted,

/s/ Andrew Kussmaul
Andrew Kussmaul

4126-N-4849

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE: | |
| JOHNNY RAY MOORE | : CHAPTER 13 |
| DEBTOR | : |
| | : CASE NO: 16-51133 JAM |
| JPMORGAN CHASE BANK, N.A. | : |
| MOVANT | : MARCH 2 7, 2017 |
| | : |
| VS. | : DOC. NO. |
| | : |
| JOHNNY RAY MOORE, DEBTOR | : |
| RESPONDENT | : |
| | : |
| MOLLY T. WHITON, TRUSTEE | : |
| RESPONDENT | : |

### ORDER SUSTAINING OBJECTION TO CLAIM

The objection of Johnny Ray Moore, the Debtor dated March 26, 2017, to

the Movant's Proof of Claim filed in this proceeding having come before this Court after

due notice and a hearing; it is hereby

**ORDERED**: that the Debtor's objection is sustained as to the following:

Claim No. 12. Filed in the amount of $85, 599.16 is Disallowed.

THE COURT

_____
BANKRUTPCY / JUDGE

**FILED**

2011 MAR 27 P 1: 16

## **CERTIFICATE OF SERVICE**

CLERK. U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT

I Johnny Ray Moore, the Debtor certify that a copy of this Objection to Claim No. 12

was sent by electronic email to the following parties listed below:

Mark L. Bergamo, Esq.
The Marcus Law Firm
ATTYS For Tower Lien LLC
275 Branford Road
North Branford, CT 06471
mbergamo@marcuslawfirm.com
*claim* no. 2

Mark L. Bergamo, Esq.
The Marcus Law Firm
ATTYS For US Bank,
National Association as Custodian
for Tower DBW VI 2016-1 Trust
275 Branford Road
North Branford, CT 06471
mbergamo@marcuslawfirm.com
*claim* no. 3

Matthew K. Beatman, Esq.
Zeisler and Zeisler
ATTYS For Hampshire House
Condominium  Association of Unit
Owners, Inc.
10 Middle Street
15th Floor      |
Bridgeport, CT 06604
MBeatman@zeislaw.com
*claim* no. 4

Juda J. Epstein, Esq.
Law Offices of Juda J. Epstein
ATTYS For Water Pollution
Control Authority for the City of
Bridgeport
3543 Main Street
Second Floor |
Bridgeport, CT 06606
contact@lawofficesjje.com
*claim* no. 6

Linda St. Perre, Esq.
Atty. For Bank of America, N.A.
Bankruptcy Dept.
Hunt Leibert Jacobson P.C.
50 Weston Street
Hartford, CT 06120
bankruptcy@huntleibert.com
claim no. 7

Linda St. Pierre, Esq.
Atty. For Bank of America, N.A.
Bankruptcy Dept.
Hunt Leibert Jacobson P.C.
50 Weston Street
Hartford, CT 06120
bankruptcy@huntleibert.com
claim no. 9

Victoria L. Forcella, Esq.
ATTYS For JPMorgan Chase
McCalla Raynar Leibert Pierce, LLC

50 Weston Street
Hartford, CT 06120
vforcell@huntleibert.com
(*alleged* )claim no.8

Victoria L. Forella, Esq.
McCalla Raynar Leiber, LLC
50 Weston Street
Hartford, Connecticut 06120
vforcell@huntleibert.com
(alleged ) claim no. 14

Molly T. Whiton
10 Columbus Boulevard
Hartford, CT 06106
mtwhiton@mtwhiton.com
(*Trustee*)

Linda St. Pierre, Esq.
ATTYS For PennyMac Holdings, LLC
McCalla Rayner Leibert Pierce, LLC

50 Weston Street
Hartford, CT 06120
bankruptcy@huntleibert.com
(alleged) *claim* no. 11

Patricia A. Davis, Esq. For
The Bank of New York, FKA the Bank of
New York, as Trustess for the certificate
holders of the CWABS, Inc., Asset-Backed
Certificates, Series 2006-12
pdavis@mlg-defaultlaw.com
(alleged) claim No. 12

Holley Claiborn, Esq.
U.S. Trustee
Office of the U.S.Trustee
Giaimo Federal Building
150 Court Street 302
New Haven CT 06510
USTPRegion02.NH.EFC@USDOJ.GOV

I Johnny Ray Moore, the Debtor certify that a copy of this objection to Claim No. 12

was sent by U.S. Postage Paid Mail to the following parties listed below:

Blong Van for
Ally Bank
PO BOX 130424
Roseville MN 55113-0004
claim no.1

Mike Mckeon for
Regional Water Authority
90 Sargent
New Haven, CT 06515
claim no. 5

Mr. Andrew Kussmeaul, For
The Bank of New York Mellon, Et. Al
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129
(alleged) claim no.12

Mr. Andrew Kussmeaul, for
U.S. Bank National Loan Servicing LLC
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129
(alleged) claim no. 10

Patricia A. Davis, Esq. For
The Bank of New York Mellon FKA The Bank of
New York, as Trustee for the certificateholders of
the CWABS, Inc., Asset-Backed Certificates,
Series 2006-12
275 West Natick Road, Suite 500
Warwick, RI 02886
(alleged) claim no.12

Dated March 27, 2017

THE DEBTOR,

By: _____

Johnny Ray Moore, Pro Se
15 Sachem Drive
Shelton CT 06484
203-395-4282