# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

IN RE:                        :
JOHNNY RAY MOORE      :     CHAPTER 13
       DEBTOR        :
                       :     CASE NO: 16-51133 JAM
BANK OF AMERICA, N.A.    :
       MOVANT       :     APRIL 14, 2017

     VS.

JOHNNY RAY MOORE
      RESPONDENT

MOLLY T. WHITON, TRUSTEE
      RESPONDENT

## DEBTOR'S SECOND OBJECTION TO PROOF OF CLAIM

Johnny Ray Moore, Debtor of the above – captioned estate, pursuant to 11 U.S.C. Section 558 objects to the following claim(s):

**Claim No. 7,** filed November 28, 2016 by Bank of America, herein called "the Creditor" in the amount of $99,101.90;

**Claim No. 9,** filed on December 21, 2016 by Bank of America, herein called "the Creditor in the amount of $100,580.75;

The Debtor objects to these claims for the following reasons:

1.     The Debtor objects to these claims under Title 11 USC Section 727 of the United States Bankruptcy Code, because these claims were already filed in the Debtor's first chapter 13 petition under 12-51027 and the Mortgage Debt has been Discharged.

2.     The Debtor on February 4, 2015 received a Discharge of Debt and the said

Mortgage Debt has been extinguished and the Debtor is no longer personally liable for this pre-bankruptcy petition debt as a result of this second proof of claim filed in *inter alia* by the Creditor holding the Debtor personally liable for the Debt. The filing of a second proof of claim by the Creditor is a violation of the Debtor's Discharge Injunction Pursuant to 11 U.S.C. § 524 (a) 2 of the United States Bankruptcy Code.

3.     The Creditor's original proof of claim was a misrepresentation of the fact as to the secured amount of the Debt and therefore Pursuant to 11 U.S.C. § 506 (a) the original dollar amount of the claim was unsecured.

THE RECORD OF FACTS:

4.     The Debtor filed a Chapter 13 Bankruptcy Petition on May 31, 2012 under Petition No.,12-51027 which was converted to Chapter 7 Petition on October 29, 2014.

5.     The Creditor under Petition No., 12-51027 filed a Proof of Claim on July 25, 2012, Claim No. 7, in the amount of $100,615.43 as secured, when in actuality the dollar amount of the debt of the claim was unsecured.

6.     The Creditor has now filed the same Claim again as Claim No. 9, under this Chapter 13 Bankruptcy Petition No. 16-51133 on December 21, 2016 in the amount of $100,580.75.

7.     The Debtor ask the Court to take Judicial Notice of **Exhibit A and B** being two separate and distinct Proof Claims regarding the same real estate property known as 102 Adeline Street, New Haven CT. 06519.

8.     The Creditor also under Petition No. 12-51027 filed Proof of Claim on July 25, 2012, Claim No. 8 in the amount of $99140.85 as secured, when in actuality the dollar amount of the debt of the claim was unsecured.

2

9.      The Creditor has now filed the same Claim again as Claim No. 7, under this

Chapter 13 Bankruptcy Petition No. 16-51133 on November 28, 2016 in the amount of

$99,101.90

10.     The Debtor ask the Court to take Judicial Notice of **Exhibit C and D** being two

separate and distinct  Proof of Claims regarding the same real estate property known as

102 Adeline Street, New Haven CT. 06519

11.     The Creditor in violation of the Debtor Discharge Injunction has used the filing of

these Proof of Claims to file Objections to the Debtor's Reorganization Plan without

having any just cause to do so, other than to prejudice the Debtor for which counsels

should be sanctioned for such a frivolous pleading. Please see **Exhibit E and F.**

12.     The Debtor ask the Court to take Judicial Notice of the fact that the Proof of  Claim

No. 7 and Proof of Claim No. 9 filed under this Petition by the Creditor makes claim that

the " amount necessary to cure any default as of the date of the petition is $0.00

dollars

13.     The Court should also know that the Creditor has never commenced any civil

action in State Court to foreclose on either of the subject real estate properties that these

Proof of Claims represent and the Debtor considers any Objections to the Debtor's

Confirmation Plan filed counsels on behalf of this Creditor to be unwarranted and

prejudicial to the Debtor reorganization plan.

14.     The filing of the Debtor's objection to a proof of claim in its self is an *inter alia*

bankruptcy procedure and therefore the Debtor is [not] petitioning  the Court to void the

mortgage lien.

15.      The Debtor has continued to tender payments to this Creditor although there is no reaffirmation agreement between the parties. There is no good cause   for this Creditor or its counsels to file any objection to the Debtor reorganizational plan, other than with intent to prejudiced the Debtor.

WHY THE SECOND OBJECTION:

The Debtor's first Objection Doc. No. 54, to the Movant's Proof of Claim was overruled by the Court on January 31, 2017 without prejudice to re-filing if the Debtor makes proper service. The Debtor didn't file his certificate of service prior to the scheduled hearing Doc. No 57.

THE DEBTOR'S ARGUMENT:

The Debtor claims in *inter alia* that the filing of the Creditor's second  proof of claim alone is in itself a violation of the Debtor's Discharge Injunction.  Please see *In Re McLean*, 794 F.3d 1313 (2015) where the eleventh circuit court of appeals clearly stated *that the mere filing of a second proof of claim regarding pre bankruptcy discharge of debt was a violation of the debtor's discharge Injunction.* The eleventh circuit further concluded that *"[f]iling a proof of claim is the first step in collecting a debt in bankruptcy and is, at the very least, an 'indirect' means of collecting a debt."* Id. at 1262; see *also Lewallen v. Green Tree Servicing*, L.L.C., 487 F.3d 1085, 1091 (8th Cir.2007) *(stating that "[w]hen a creditor files a proof of claim before the bankruptcy court, this amounts to a civil action to collect the debt.")*; *Coxson v. Commonwealth Mortgage Co. of Am., L.P. (Inre Coxson )*, 43 F.3d 189, 193–94 (5th Cir.1995) *(agreeing with the district court that "filing a proof of claim is 'an action to collect the debt' ")*. Therefore the Debtor would also argue that these second

4

proof of claims filed by counsels of behalf of the Creditor is violation of the Debtor's Discharge Injunction and has nothing to do with the enforcement of the mortgage lien against the collateral of the property which is an *in rem* cause of action. The filing of these proof of claims is an *inter alia* cause of action commenced to collect pre-bankruptcy discharged debt, and to include such debt in the Debtor's Plan in order to have the Debtor's petition dismissed, or to make it so that the Debtor would be unable to confirm his plan, considering the fact that the Creditor having filed an objection to the Debtor's reorganization plan, as further proof to hold the Debtor personally liable for the pre-bankruptcy debt that has been discharged. The filing of this second proof of claim and the Creditor's objection makes demands on the Debtor to include pre-bankruptcy discharged debt in the Debtor's reorganization plan. This is a clear violation of the Debtor's Discharge Injunction. The Creditor has no good or just cause to file such an objection to the Debtors plan because just because the Debtor listed the value of the real estate property for $50,000.00. Furthermore there is no reaffirmation agreement between the two parties, nevertheless the Debtor has continued to tender payment to this Creditor and the Creditor has admitted in the second proof of claim there is no arrears owed. Therefore the counsels who filed these second proof of claims and the objections thereof should be sanctioned by the Court for having violated the Debtor's Discharge Injunction. The Creditor's Exhibit F., which is a reply to the Debtor first objection to this claim is without merit because the Debtor clearly under stands that a valid mortgage lien survives a Chapter 7 discharge and can be enforced *in rem.* This is [not] the issue before this Court. It is the filing on this second proof of claim in *inter alia* and the Creditor's attempt to have pre-bankruptcy debt that has been discharged to be made a part of the debtor's

5

reorganizational plan whereby increasing the Debtor's personal financial monetary obligations to the point rendering the Debtor inability to confirm any plan and deny the Debtor is right to repay his post-petition debts. *Please see Exhibit G.*

The Debtor has no intention of REAFFIRMING THIS DEBT;

The Debtor did not enter into any reaffirmation agreement with this Creditor and will continue to tender payments and handle this matter with this Creditor outside of this Bankruptcy Petition and if the Credit desires it can file a Motion for relief from the automatic stay in rem. The Debtor will not object.

**WHEREFORE,** because the Creditor's has filed a second proof of claim in *inter alia* seeking to collect from the Debtor Pre-Petition Bankrutpcy Debt that has already been Discharged, and to have the Debtor include Pre-Petition Discharged Debt into the Debtor's Reorganization Plan and having filed an Objection to the Debtor's Plan to pressure the Debtor by holding the Debtor personally liable in *inter alia* and considering the fact that there is no reaffirmation agreement and there is no arrears owed to the Movant by the Debtor and the Debtor has been tendering payments without any reaffirmation agreement the Debtor prayer for relief is that this second proof of claim be disallowed with prejudiced because it was filed in *inter alia* in violation of the Debtor's Discharge Injunction Pursuant to 11 USC 727 and 11 USC 524 (a) (2) of the United State Bankruptcy Code.

SUBMIITED BY THE DEBTOR,

Johnny Ray Moore, Pro Se
15 Sachem Drive
Shelton CT. 06484
203-395-4284
Johnnyraybanker@gmail.com

6

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

IN RE:
JOHNNY RAY MOORE                    :          CHAPTER 13
      DEBTOR                         :
                  :          CASE NO: 16-51133 JAM
BANK OF AMERICA, N.A.               :
      MOVANT                         :          APRIL 14, 2017

      VS.

JOHNNY RAY MOORE
      RESPONDENT

MOLLY T. WHITON, TRUSTEE
      RESPONDENT

### ORDER SUSTAINING DEBTOR'S SECOND OBJECTION TO CLAIMS

The objection of Johnny Ray Moore, the Debtor dated April 14 2017, to proof

claim No.7 and claim no. 9 having been filed in this proceeding having come before this

Court after due notice and a hearing; it is hereby

**ORDERED**: that the objection is sustained as to the following:

1. **Claim No. 7**, filed November 28, 2016 by Bank of America in the amount

of $99,101.90 is disallowed;

2. **Claim No. 9,** filed December 4, 2016 by Bank of America in the amount of

$100,580.75 is disallowed.


BY: THE COURT


_____
BANKRUTPCY / JUDGE

7

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

IN RE:

| | |
|---|---|
| JOHNNY RAY MOORE | : CHAPTER 13 |
| DEBTOR | : |
| | : CASE NO: 16-51133 JAM |
| The Bank of New York Mellon FKA The Bank of | : |
| New York, as Trustee for the Certificateholders of | : APRIL 14, 2017 |
| the CWABS, Inc., Asset-Backed Certificates | : |
| Series 2006-12 | : DOC. NO._____ |
| MOVANT | : |
| | : |
| JOHNNY RAY MOORE, DEBTOR | : |
| RESPONDENT | : |
| | : |
| MOLLY T. WHITON, TRUSTEE | : |
| RESPONDENT | : |

## CERTIFICATE OF SERVICE

I Johnny Ray Moore, the Debtor certify that a copy of this Second Objection to Claim

No. 7 and 9 was sent by electronic email to the following parties listed below and a

Copy of the Notice of hearing was mailed by U.S. Postal Paid First Class Mail to the

following addresses listed below:

Mark L. Bergamo, Esq.
The Marcus Law Firm
ATTYS For Tower Lien LLC
275 Branford Road
North Branford, CT 06471
mbergamo@marcuslawfirm.com
*claim* no. 2

Mark L. Bergamo, Esq.
The Marcus Law Firm
ATTYS For US Bank,
National Association as Custodian
for Tower DBW VI 2016-1 Trust
275 Branford Road
North Branford, CT 06471
mbergamo@marcuslawfirm.com
*claim* no. 3

Matthew K. Beatman, Esq.
Zeisler and Zeisler
ATTYS For Hampshire House
Condominium Association of Unit
Owners, Inc.
10 Middle Street
15th Floor
Bridgeport, CT 06604
MBeatman@zeislaw.com
*claim* no. 4

Linda St. Perre, Esq.
ATTYS For Bank of America, N.A.
Bankruptcy Dept.
McCalla Raynar Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120
bankruptcy@huntleibert.com
claim no. 7

Linda St. Pierre, Esq.
ATTYS For PennyMac Holdings, LLC
McCalla Rayner Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120
bankruptcy@huntleibert.com
(alleged) *claim* no. 11

Victoria L. Forella, Esq.
ATTYS For JPMorgan Chase
McCalla Raynar Leibert Pierce, LLC
50 Weston Street
Hartford CT 06120
vforcella@huntleibert.com
(alleged) claim no. 14

Holley Claiborn, Esq.
U.S. Trustee
Office of the U.S.Trustee
Giaimo Federal Building
150 Court Street 302
New Haven CT 06510
USTPRegion02.NH.EFC@USDOJ.GOV

Juda J. Epstein, Esq.
Law Offices of Juda J. Epstein
ATTYS For Water Pollution
Control Authority for the City of
Bridgeport
3543 Main Street
Second Floor
Bridgeport, CT 06606
contact@lawofficesjje.com
*claim* no. 6

Linda St. Pierre, Esq.
ATTYS For Bank of America, N.A.
Bankruptcy Dept.
McCalla Raynar Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120
bankruptcy@huntleibert.com
claim no. 9

Patricia A. Davis, Esq. For
The Bank of New York, FKA the Bank of
New York, as Trustee for the certificate
holders of the CWABS, Inc., Asset-Backed
Certificates Series 2006-12
pdavis@mlg-defaultlaw.com
(alleged) claim no.12

Molly T. Whiton
10 Columbus Boulevard
Hartford, CT 06106
mtwhiton@mtwhiton.com
(*Trustee*)

I Johnny Ray Moore, the Debtor certify that a copy of this second objection to Claim No.

7 and 9 was sent by U.S. Postage Paid Mail to the following parties listed below:

Blong Van, For
Ally Bank
PO BOX 130424
Roseville MN 55113-0004
claim no.1

Mike Mckeon, For
Regional Water Authority
90 Sargent
New Haven, CT 06515
claim no. 5

Kimberly Wall,
For Frontier Communications
Bankruptcy Dept.
19 John Street
Middletown, NY 10940
claim no. 8

Mr. Andrew Kussmeaul, For
Residential Funding Mortgage
Securities II, Inc. Home Equity Loan
Pass-Through Certificates, Series 2007-
HSA2, U.S.Bank National Association,
as Trustee, successor by merger to
LaSalle Bank National Association
as Trustee
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite, 300
Highlands Ranch, Colorado 80129
(alleged) claim no. 10

Mr. Andrew Kussmeaul, For
The Bank of New York Mellon, Et. Al
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129
(alleged) claim no.12

Patricia A. Davis, Esq., For
The Bank of New York Mellon FKA The Bank of
New York, as Trustee for the certificateholders of
the CWABS, Inc., Asset-Backed Certificates,
Series 2006-12
275 West Natick Road, Suite 500
Warwick, RI 02886
(alleged) claim no.12

Jenelle C. Arnold
ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O.Box 17933
San Diego, CA 92177-0933
c/o Bank of America, N.A.

THE DEBTOR,

By: _____

Johnny Ray Moore, Pro Se
15 Sachem Drive
Shelton CT 06484
greenenergyjrm@gmail.com
203-395-4282

# EXHIBIT _A_ .

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT _____ DISTRICT OF _Connecticut___ | | PROOF OF CLAIM |
|---|---|---|
| **Name of Debtor:** Johnny Ray Moore | **Case Number:** 12-51027 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to11 U.S.C. § 503.*

| | COURT USE ONLY |
|---|---|
| **Name of Creditor** (the person or other entity to whom the debtor owes money or property): Bank of America, N.A. | |
| **Name and address where notices should be sent:** Bank of America, N.A. Bankruptcy Department P.O. Box 26012, NC4-105-02-99, Greensboro, North Carolina 27420  Telephone number:            email: | ☐ Check this box if this claim amends a previously filed claim.  **Court Claim Number:**_____ (*If known*)  Filed on:_____ |
| **Name and address where payment should be sent** (if different from above): Bank of America, N.A. Bankruptcy Department P.O. Box 26012, NC4-105-02-99, Greensboro, North Carolina 27420  Telephone number:            email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**     $_____100,615.43_____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____Note Dated  1/2/08_____
    (See instruction #2)

**3. Last four digits of any number** by which creditor identifies debtor: 2299___ ___ ( B,507-4626 )

**3a. Debtor may have scheduled account as:** Not Listed (See instruction #3a)

**3b. Uniform Claim Identifier (optional):** _____ (See instruction #3b)

**4. Secured Claim** (See instruction #4) Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed,** included in secured claim, if any: $_____0.00_____

Nature of property or right of setoff: ☒Real Estate  ☐Motor Vehicle  ☐Other Describe: 102 Adeline Street, New Haven, Connecticut 06513

**Basis for perfection:** _Note and Mortgage_____

**Value of Property:** $_____

**Amount of Secured Claim:** $_____100,615.43_____

Annual Interest Rate 3.490 % ☐Fixed  or ☒Variable (when case was filed)

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4). | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). | |
| ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). | ☐ Taxes or penalties owed to governmental units – 11U.S.C. §507 (a)(8). | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). | **Amount entitled to priority:** $_____ |

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/11) 2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☒ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Bonni S. Mantovani
Title: Attorney
Company: Prober & Raphael, A Law Corporation
Address and telephone number (if different from notice address above):
 P.O. Box 4365
 Woodland Hills, CA 91365-4365

(Signature)          (Date) 7/24/12

Telephone number: (818) 227-0100     email: cmartin@pralc.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments that are destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (12/11)                                                                                                                    3

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

B 10 (Attachment A) (12/11)

# Mortgage Proof of Claim Attachment

**If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Bankruptcy Rule 3001(c)(2).**

| | | | |
|---|---|---|---|
| **Name of debtor:** Johnny Ray Moore | | **Case number:** | 12-51027 |
| **Name of creditor:** Bank of America, N.A. | | **Last four digits** of any number you use to identify the debtor's account: | 2299 |

## Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1. **Principal due**          (1)   $ 100,100.00

2. **Interest due**

| Interest rate | From mm/dd/yyyy | To mm/dd/yyyy | Amount |
|---|---|---|---|
| 3.490 % | 04/01/2012 | 05/31/2012 | $ 515.43 |
| _____ % | _____ | _____ | $ _____ |
| _____ % | _____ | _____ | + $ _____ |

Total interest due as of the petition date   $ 515.43   Copy total here ▶ (2) + $ 515.43

3. **Total principal and interest due**      (3)   $ 100,615.43

## Part 2: Statement of Prepetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates incurred | | Amount |
|---|---|---|---|
| 1. Late charges | _____ | (1) | $ _____ |
| 2. Non-sufficient funds (NSF) fees | _____ | (2) | $ _____ |
| 3. Attorney's fees | _____ | (3) | $ _____ |
| 4. Filing fees and court costs | _____ | (4) | $ _____ |
| 5. Advertisement costs | _____ | (5) | $ _____ |
| 6. Sheriff/auctioneer fees | _____ | (6) | $ _____ |
| 7. Title costs | _____ | (7) | $ _____ |
| 8. Recording fees | _____ | (8) | $ _____ |
| 9. Appraisal/broker's price opinion fees | _____ | (9) | $ _____ |
| 10. Property inspection fees | _____ | (10) | $ _____ |
| 11. Tax advances (non-escrow) | _____ | (11) | $ _____ |
| 12. Insurance advances (non-escrow) | _____ | (12) | $ _____ |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | _____ | (13) | $ _____ |
| 14. Property preservation expenses. Specify:_____ | _____ | (14) | $ _____ |
| 15. Other. Specify:_____ | _____ | (15) | $ _____ |
| 16. Other. Specify:_____ | _____ | (16) | $ _____ |
| 17. Other. Specify:_____ | _____ | (17) + $ _____ |

18. **Total prepetition fees, expenses, and charges. Add all of the amounts listed above.**    (18)   $ 0.00

B 10 (Attachment A) (12/11)                                                   Page 2

## Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

**Does the installment payment amount include an escrow deposit?**

☒  No

☐  Yes. Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with applicable nonbankruptcy law.

---

| | | | |
|---|---|---|---|
| 1. **Installment payments due** | Date last payment received by creditor | _____05/01/2012_____ | |
| | Number of installment payments due (1) | _____ | |
| 2. **Amount of installment payments due** | _____installments @ | $_____ | |
| | _____installments @ | $_____ | |
| | _____installments @ | + $_____ | |
| | **Total installment payments due as of the petition date** | $____0.00 | Copy total here ▶ (2) $____0.00 |
| 3. **Calculation of cure amount** | **Add** total prepetition fees, expenses, and charges | Copy total from Part 2 here ▶ | + $____0.00 |
| | **Subtract** total of unapplied funds (funds received but not credited to account) | | − $____0.00 |
| | **Subtract** amounts for which debtor is entitled to a refund | | − $_____ |
| | **Total amount necessary to cure default as of the petition date** | | (3) $____0.00 |

Copy total onto Item 4
of Proof of Claim form

Post-Petition Due Date:  June 1, 2012

Post-Petition Payment Amount: $ 295.90

# SPECIAL NOTICE

## THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.

The following statement provides you with notice of certain rights which you may have by law. Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

### CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify Prober and Raphael within 30 days that all or a part of your obligation or judgment is disputed, then Prober and Raphael will mail to you a written verification of the obligations or judgment and the amounts owed to Bank of America, N.A.

In addition and upon your request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.

# EXHIBIT B .

**Fill in this information to identify the case:**

Debtor 1    JOHNNY RAY MOORE

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  District of Connecticut

Case number    16 - 51133

## Official Form 410
# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Bank of America, N.A.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Bank of America, N.A
Name

P.O. Box 31785
Number    Street

Tampa            FL        33631
City            State        ZIP Code

Contact phone  888-702-1161

Contact email  cre.heloc.loan.poc@bankofamerica.com

Where should payments to the creditor be sent? (if different)

Bank of America, N.A
Name

P.O. Box 15312
Number    Street

Wilmington        DE        19850
City            State        ZIP Code

Contact phone  888-702-1161

Contact email  cre.heloc.loan.poc@bankofamerica.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _2_ _2_ _9_ _9_

7. **How much is the claim?**    $_____100,580.75_. Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

9. **Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:    102 Adeline St    New Haven    CT    06513

**Basis for perfection:**    Recorded Mortgage

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $_____

Amount of the claim that is secured:    $_____100,580.75

Amount of the claim that is unsecured:    $_____0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____0.00

Annual Interest Rate (when case was filed) 3.740 %

☐ Fixed

☑ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
| --- | --- | --- |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Yes. *Check one:*    **Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    12/01/2016
                    MM / DD / YYYY

/s/Alexander K. Lee
_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Alexander | K. | Lee |
| --- | --- | --- | --- |
| | First name | Middle name | Last name |

| Title | Agent for Creditor |
| --- | --- |

| Company | Aldridge Pite, LLP |
| --- | --- |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 4375 Jutland Drive | | |
| --- | --- | --- | --- |
| | Number    Street | | |
| | San Diego | CA | 92117 |
| | City | State | ZIP Code |

| Contact phone | 858.750.7600 | Email | alee@aldridgepite.com |
| --- | --- | --- | --- |

# EXHIBIT _C_.

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT _____ DISTRICT OF Connecticut ___ | | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor:<br>Johnny Ray Moore | Case Number:<br>12-51027 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Bank of America, N.A. | |
|---|---|
| Name and address where notices should be sent:<br>Bank of America, N.A.<br>Bankruptcy Department<br>P.O. Box 26012, NC4-105-02-99, Greensboro, North Carolina 27420<br><br>Telephone number:               email: | **COURT USE ONLY**<br>❏ Check this box if this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>  (If known)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br>Bank of America, N.A.<br>Bankruptcy Department<br>P.O. Box 26012, NC4-105-02-99, Greensboro, North Carolina 27420<br><br>Telephone number:               email: | ❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**         $_____99,140.85_____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____Note Dated 7/6/07_____
  (See instruction #2)

| **3. Last four digits of any number** by which creditor identifies debtor:<br>4099___ __ ( B.507-4627 ) | **3a. Debtor may have scheduled account as:**<br>Not Listed_____<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☒Real Estate  ❏Motor Vehicle  ❏Other
Describe: 127 Cedar Hill Avenue, New Haven, Connecticut 06511

Value of Property: $_____

Annual Interest Rate 3.240 % ❏Fixed  or  ☒Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
                    $      0.00

Basis for perfection: _Note and Mortgage_____

Amount of Secured Claim:    $    99,140.85

Amount Unsecured:    $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| ❏ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). | ❏ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | |
|---|---|---|---|
| ❏ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). | ❏ Taxes or penalties owed to governmental units – 11U.S.C. § 507 (a)(8). | ❏ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). | Amount entitled to priority:<br>$_____ |

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/11)                                                                                              2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☒ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
                        (Attach copy of power of attorney, if any.)    or their authorized agent.    (See Bankruptcy Rule 3005.)
                                                                        (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Bonni S. Mantovani
Title:       Attorney
Company:     Prober & Raphael, A Law Corporation
Address and telephone number (if different from notice address above):    _(Signature)_                                    7/24/12
  P.O. Box 4365                                                            (Signature)                        (Date)
  Woodland Hills, CA 91365-4365

Telephone number: (818) 227-0100        email: cmartin@pralc.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (12/11)    3

_____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

B 10 (Attachment A) (12/11)

## Mortgage Proof of Claim Attachment

**If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Bankruptcy Rule 3001(c)(2).**

| | | | |
|---|---|---|---|
| Name of debtor: | Johnny Ray Moore | Case number: | 12-51027 |
| Name of creditor: | Bank of America, N.A. | Last four digits of any number you use to identify the debtor's account: | ___ ___ ___ 4099 |

### Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1. Principal due          (1) $ __98,791.03__

2. Interest due

| Interest rate | From mm/dd/yyyy | To mm/dd/yyyy | Amount |
|---|---|---|---|
| 3.240 % | 04/15/2012 | 05/31/2012 | $ 349.82 |
| _____ % | _____ | _____ | $ _____ |
| _____ % | _____ | _____ | + $ _____ |

Total interest due as of the petition date    $ __349.82__    Copy total here ▶    (2) + $ __349.82__

3. Total principal and interest due      (3) $ __99,140.85__

### Part 2: Statement of Prepetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates incurred | | Amount |
|---|---|---|---|
| 1. Late charges | _____ | (1) | $ _____ |
| 2. Non-sufficient funds (NSF) fees | _____ | (2) | $ _____ |
| 3. Attorney's fees | _____ | (3) | $ _____ |
| 4. Filing fees and court costs | _____ | (4) | $ _____ |
| 5. Advertisement costs | _____ | (5) | $ _____ |
| 6. Sheriff/auctioneer fees | _____ | (6) | $ _____ |
| 7. Title costs | _____ | (7) | $ _____ |
| 8. Recording fees | _____ | (8) | $ _____ |
| 9. Appraisal/broker's price opinion fees | _____ | (9) | $ _____ |
| 10. Property inspection fees | _____ | (10) | $ _____ |
| 11. Tax advances (non-escrow) | _____ | (11) | $ _____ |
| 12. Insurance advances (non-escrow) | _____ | (12) | $ _____ |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | _____ | (13) | $ _____ |
| 14. Property preservation expenses. Specify:_____ | _____ | (14) | $ _____ |
| 15. Other. Specify:_____ | _____ | (15) | $ _____ |
| 16. Other. Specify:_____ | _____ | (16) | $ _____ |
| 17. Other. Specify:_____ | _____ | (17) + | $ _____ |
| 18. Total prepetition fees, expenses, and charges. Add all of the amounts listed above. | | (18) | $ 0.00 |

Case 12-51027    Claim 8-1    Filed 07/25/12    Desc Main Document    Page 5 of 28

B 10 (Attachment A) (12/11)                                                  Page 2

## Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

**Does the installment payment amount include an escrow deposit?**

☒ No

☐ Yes. Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with applicable nonbankruptcy law.

1. **Installment payments due**    Date last payment received by creditor    _____05/15/2012_____

   Number of installment payments due    (1) _____

2. **Amount of installment payments due**

   _____installments @    $ _____

   _____installments @    $ _____

   _____installments @    + $ _____

   Total installment payments due as of the petition date    $ _____0.00_____    Copy total here ▶ (2) $ _____0.00_____

3. **Calculation of cure amount**

   <u>Add</u> total prepetition fees, expenses, and charges    Copy total from Part 2 here ▶    + $ _____0.00_____

   <u>Subtract</u> total of unapplied funds (funds received but not credited to account)    − $ _____0.00_____

   <u>Subtract</u> amounts for which debtor is entitled to a refund    − $ _____

   Total amount necessary to cure default as of the petition date    (3) $ _____0.00_____

   Copy total onto Item 4 of Proof of Claim form

Post-Petition Due Date:  June 15, 2012

Post-Petition Payment Amount: $ 271.11

27

## SPECIAL NOTICE

### THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.

The following statement provides you with notice of certain rights which you may have by law. Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

### CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify Prober and Raphael within 30 days that all or a part of your obligation or judgment is disputed, then Prober and Raphael will mail to you a written verification of the obligations or judgment and the amounts owed to Bank of America, N.A.

In addition and upon your request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.

# EXHIBIT _D_.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | JOHNNY RAY MOORE |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Connecticut |
| Case number | 16 - 51133 |

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.** Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents.** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Bank of America, N.A. <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes.  From whom? _____ |

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Bank of America, N.A <br> Name | Bank of America, N.A <br> Name |
| P.O. Box 31785 <br> Number      Street | P.O. Box 15312 <br> Number      Street |
| Tampa        FL        33631 <br> City        State        ZIP Code | Wilmington        DE        19850 <br> City        State        ZIP Code |
| Contact phone 888-702-1161 | Contact phone 888-702-1161 |
| Contact email cre.heloc.loan.poc@bankofamerica.com | Contact email cre.heloc.loan.poc@bankofamerica.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ — _ _ _ _ _ — _ _ _ _ _ — _ _ _ _ _

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☑ No <br> ☐ Yes.  Claim number on court claims registry (if known) _____        Filed on _____ <br> MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes.  Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|------------------|

**6. Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 4 0 9 9

**7. How much is the claim?**    $_____99,101.90. Does this amount include interest or other charges?

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned _____

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe:    127 Cedar Hill Ave    New Haven    CT    06511 - 2707

**Basis for perfection:**    Recorded Mortgage _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $_____
Amount of the claim that is secured:    $_____99,101.90

Amount of the claim that is unsecured:    $_____0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____0.00

Annual Interest Rate (when case was filed) 3.490 %
☐ Fixed
☑ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | Check the appropriate box:<br><br>☐ I am the creditor.<br>☑ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  __11/22/2016__<br>　　　　　　　　　MM / DD / YYYY |

**/s/ Bryan S. Fairman**
Signature

Print the name of the person who is completing and signing this claim:

| Name | Bryan | S. | Fairman |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Agent for Creditor | | |
| Company | Aldridge Pite, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 4375 Jutland Drive | | |
| | Number　　　Street | | |
| | San Diego | CA | 92117 |
| | City | State | ZIP Code |
| Contact phone | 858.750.7600 | Email | bfairman@aldridgepite.com |

32

Case 16-51133    Claim 7-1    Filed 11/28/16    Desc Main Document    Page 4 of 29



33

# EXHIBIT E .

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| JOHNNY RAY MOORE | : | CASE NO. 16-51133 |
| AKA JOHNNY R. MOORE | : | |
| | : | |
| BANK OF AMERICA, N.A. | : | |
| MOVANT | : | |
| | : | |
| VS. | : | |
| | : | |
| JOHNNY RAY MOORE | : | |
| AKA JOHNNY R. MOORE, DEBTOR | : | |
| MOLLY T. WHITON, TRUSTEE | : | |
| RESPONDENTS | : | JANUARY 20, 2017 |

### OBJECTION TO CONFIRMATION

     BANK OF AMERICA, N.A. ("Movant"), a secured creditor in the above

bankruptcy case on property located at **102 Adeline Street, New Haven, CT 06513**, by

its undersigned counsel, respectfully objects to confirmation of Debtor's Plan and in

support of its objection respectfully alleges:

1.    Upon information and belief the Plan seeks to modify the Movant's claim

    however there is no Order granting Motion to Determine Secured Status

    modifying said claim.

2.    The Plan fails to provide for full payment of the Movant's debt owing pursuant to

    its filed Proof of Claim.

3.    Movant reserves its right to object to confirmation should it appear that the loan is

    not post-petition current, that the Plan was not filed in good faith, the plan is not

    feasible or the Plan does not include post-petition bankruptcy fees and costs

    incurred by the Movant;

4.    Movant further reserves its right under the confirmation order to amend its proof

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET ● HARTFORD, CONNECTICUT 06120 ● (860) 808-0606 ● JURIS NO. 101589

of claim and/or proceed forward with a Motion for Relief from Stay post

confirmation should it find that additional pre-petition funds are due and owing.

Said reservation of rights shall remain in full force and effect during the post

confirmation period regardless of whether the instant objection to claim is

withdrawn or marked off.

WHEREFORE, Movant prays that confirmation of the Debtor's Plan be denied.


Bank Of America, N.A.


By: _____
                    Linda J. St.Pierre, Esq.
                    Hunt Leibert Jacobson, P.C.
                    50 Weston St., Hartford, CT  06120
                    Telephone No. (860) 808-0606
                    Federal Bar No. CT 22287


THIS FIRM IS A DEBT COLLECTOR. WE MAY BE ATTEMPTING TO COLLECT A DEBT AND ANY
INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. AT THIS TIME, WE ARE ONLY
SEEKING TO PROCEED AGAINST THE PROPERTY.  IN THE EVENT OF A BANKRUPTCY
DISCHARGE, NO DEFICIENCY JUDGMENT WILL BE ASSESSED AGAINST THE BORROWER.


HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET  ●  HARTFORD, CONNECTICUT 06120  ●  (860) 808-0606  ●  JURIS NO. 101589

## CERTIFICATION

I hereby certify that a copy of the foregoing Appearance and Request for Notice was served via first class; postage prepaid mail and/or via ECF e-mail this 20th day of January, 2017 to:

Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06484
(Debtor)

Molly T. Whiton
10 Columbus Boulevard
Hartford, CT 06106
(Trustee)

U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

By: _____
    Linda J. St.Pierre, Esq.
    Hunt Leibert Jacobson, P.C.
    50 Weston St., Hartford, CT  06120
    Telephone No. (860) 808-0606
    Federal Bar No. CT 22287

HUNT LEIBERT JACOBSON, P.C.  ●  ATTORNEYS AT LAW
50 WESTON STREET  ●  HARTFORD, CONNECTICUT 06120  ●  (860) 808-0606  ●  JURIS NO. 101589

37

# EXHIBIT__F__.

UNITED STATES BANKRUPTCY COURT
DISTRICIT OF CONNECTICUT
Bridgeport Division

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| JOHNNY RAY MOORE | : | CASE NO. 16-51133 |
| AKA JOHNNY R. MOORE | : | |
| | : | |
| BANK OF AMERICA, N.A. | : | |
|     MOVANT | : | |
| | : | |
| VS. | : | |
| | : | |
| JOHNNY RAY MOORE | : | |
| AKA JOHNNY R. MOORE, DEBTOR | : | |
| MOLLY T. WHITON, TRUSTEE | : | |
|     RESPONDENTS | : | JANUARY 17, 2017 |

## OBJECTION TO CONFIRMATION

BANK OF AMERICA, N.A. ("Movant"), a secured creditor in the above

bankruptcy case on property located at **127 Cedar Hill Avenue, New Haven,**

**Connecticut 06511,** by its undersigned counsel, respectfully objects to confirmation of

Debtor's Plan and in support of its objection respectfully alleges:

1.  Upon information and belief the Plan seeks to modify the Movant's claim

    however there is no Order granting Motion to Determine Secured Status

    modifying said claim.

2.  The Plan fails to provide for full payment of the Movant's debt owing pursuant to

    its filed Proof of Claim.

3.  Movant reserves its right to object to confirmation should it appear that the loan is

    not post-petition current, that the Plan was not filed in good faith, the plan is not

    feasible or the Plan does not include post-petition bankruptcy fees and costs

    incurred by the Movant;

4.  Movant further reserves its right under the confirmation order to amend its proof

of claim and/or proceed forward with a Motion for Relief from Stay post confirmation should it find that additional pre-petition funds are due and owing. Said reservation of rights shall remain in full force and effect during the post confirmation period regardless of whether the instant objection to claim is withdrawn or marked off.

WHEREFORE, Movant prays that confirmation of the Debtor's Plan be denied.

Bank Of America, N.A.

By: _____
      Joseph R. Dunaj Esq.
      Hunt Leibert Jacobson, P.C.
      50 Weston St., Hartford, CT  06120
      Telephone No. (860) 808-0606
      Federal Bar No. CT 27869

THIS FIRM IS A DEBT COLLECTOR. WE MAY BE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. AT THIS TIME, WE ARE ONLY SEEKING TO PROCEED AGAINST THE PROPERTY.  IN THE EVENT OF A BANKRUPTCY DISCHARGE, NO DEFICIENCY JUDGMENT WILL BE ASSESSED AGAINST THE BORROWER.

## CERTIFICATION

I hereby certify that a copy of the foregoing Appearance and Request for Notice was served via first class; postage prepaid mail and/or via ECF e-mail this 17th day of January, 2017 to:

Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06484
(Debtor)

Molly T. Whiton
10 Columbus Boulevard
Hartford, CT 06106
(Trustee)

U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

By_____
Joseph R. Dunaj Esq.
Hunt Leibert Jacobson, P.C.
50 Weston St., Hartford, CT  06120
Telephone No. (860) 808-0606
Federal Bar No. CT 27869

# EXHIBIT 6 .

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### Bridgeport Division

IN RE:                                                    CHAPTER 13

Johnny Ray Moore a/k/a Johnny R. Moore,

         DEBTOR                               CASE NO. 16-51133

Bank of America, N.A.,
         MOVANT

VS

Johnny Ray Moore a/k/a Johnny R. Moore,

         DEBTOR

Molly T. Whiton, TRUSTEE

         RESPONDENT

### RESPONSE TO DEBTOR'S OBJECTION TO CLAIM 7 AND 9

    Bank of America N.A., secured creditor in the above-referenced case, hereby submits this Response to Johnny Ray Moore aka Johnny R. Moore's ("Debtor") "Objection to Claim #7 and #9" (the "Objection") filed on December 21, 2016, and in support thereof, respectfully states as follows:

### RELEVANT BACKGROUND

#### A.    The Underlying Notes, Mortgages, Defaults and Bankruptcies

1. On July 6 2007, Debtor obtained a mortgage loan in the amount of $100,000.00, relating to the property located at 127 Cedar Hill Ave, New Haven, CT 06511. A copy of the mortgage and endorsed note is annexed hereto as Exhibit A.

2. On January 2, 2008, Debtor obtained a mortgage loan in the amount of $100,000.00, relating to the property located at 102 Adeline St., New Haven CT, 06513. A copy of the mortgage, and endorsed note is annexed hereto as Exhibit B.

14. There is no evidence and no showing made that Bank of America, N.A. is seeking to enforce any debt as to personal liability, because it is not in fact. Consequently there is no showing of any actual or threatened violation of the discharge injunction.

**B.        Due Process Requires an Adversary Proceeding filed to Void or Value liens**

15. The Debtor has concluded, incorrectly, that he could transform Bank of America, N.A.'s liens into an unsecured and dischargeable claims merely by scheduling the mortgage debt as partially unsecured in the bankruptcy petition in bankruptcy case 12-51027. Due process requires that a debtor who seeks to invalidate a lien may do so only by filing an adversary proceeding. *See Cen-Pen Corp v. Hanson,* 58 F. 3d 89 (4th Cir. 1995); Fed. R. B. Proc. 7001 (2).

16. In both bankruptcy filings, case 12-51027 and 16-51133, the Debtor has yet to file an adversary proceeding related to Bank of America N.A.'s liens that attempts to value or treat these claims and accordingly Bank of America's liens are valid.

## CONCLUSION

Wherefore, for the foregoing reasons, Bank of America, N.A. respectfully requests that this Honorable Court deny Debtor's Objection and allow for the claims to remain valid.

Dated: January 19, 2017
      New York, New York

                              **LEOPOLD & ASSOCIATES, PLLC**

                              By: */s/ Michael Rozea*
                                  Michael Rozea, Esq.
                                  Attorneys for Movant
                                  80 Business Park Drive
                                  Armonk, NY 10504
                                  mrozea@leopoldassociates.com
                                  Phone: 914-219-5787 x 140
                                  Fax: 914-206-4066
                                  Fed Bar ID# ct29256

3.   The Debtor subsequently defaulted on his obligation to repay both of these mortgage loans.

4.   On May 31, 2012, Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code which converted to Chapter 7 on October 29, 2014.  On February 4, 2015 the discharge order was entered.  A copy of the discharge order is annexed hereto as Exhibit C.

5.   On August 24, 2016, the Debtor then filed a petition under Chapter 13 of the United States Bankruptcy Code with a bar date for Proofs of Claim of December 27, 2016.

6.   Bank of America, N.A. filed two timely proofs of claim. One for the property located at 127 Cedar Hill Ave, New Haven, CT 06511 on November 28, 2016 on the claims register as claim number 7-1. Another for the property located at 102 Adeline St., New Haven CT, 06513 on December 1, 2016 on the claims register as claim number 9-1.

7.   On December 21, 2016, the Debtor filed an Objection to Claims #7 and #9.

### ARGUMENT

#### A.   Debtor's Discharge Does Not Void Bank of America N.A.'s Lien

8.   Debtor argues that his discharge voids Bank of America N.A.'s lien because Debtor received a discharge in the Chapter 7 case, however that is not how the discharge injunction operates under 11 U.S.C. §§ 524(a)(2) and 727(b).

9.   Section 524(a) of the Code provides:

> (a) A discharge in a case under this title-(1) voids any judgment at any time obtained, *to the extent that such judgment is a determination of the personal liability of the debtor . . .* [and] (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt *as a personal liability of the debtor . . . .*

11 U.S.C. § 524(a) (emphasis added).

10. Section 524(a)(2) only prevents enforcement of personal liability and acts only as a bar to the "commencement or continuation" of acts or actions to collect a discharged debt "as a personal liability."

11. Debtor's arguments overlook the fundamental and firmly established principle of bankruptcy law that liens on real property and other secured interests pass through bankruptcy unaffected. *See Dewsnup v. Timm*, 112 S.Ct. 773, 778 (1992). While a bankruptcy discharge precludes a creditor from pursuing a deficiency judgment against the debtor personally, it leaves intact the secured creditor's right to pursue an action against the debtor *in rem*. *Id.*

12. Moreover, case law clearly indicates while a bankruptcy discharge eliminates a borrower's personal obligation with respect to the property, the Chapter 7 discharge does not eliminate a mortgage lender's lien on the property and a lender is still permitted to proceed with its in rem rights with respect to the Property if timely payments are not made. *See* 11 U.S.C. § 727(b); *Johnson v. Home State Bank*, 501 U.S. 78, 80 (1991).

13. The general rule that a bankruptcy filing by a borrower does not affect the enforceability of a security interest in collateral has been part of U.S. bankruptcy jurisprudence for well over a century. *See Long v. Bullard*, 117 U.S. 617 (1886); *accord Dewsnup v. Timm*, 502 U.S. 410, 417 (1992) ("the creditor's lien stays with the real property until the foreclosure"); *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991) ("Ordinarily, liens and other secured interests survive bankruptcy."); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*.").