FILED

2017 MAY -9 P 2: 52

CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

IN RE:
   JOHNNY RAY MOORE                                :   CHAPTER 13
   DEBTOR
                                                :   CASE NO: 16-51133 JAM

The Bank of New York Mellon FKA The Bank of
New York, as Trustee for the Certificateholders of   :   MAY 9, 2017
the CWABS, Inc., Asset-Backed Certificates
Series 2006-12                              :   DOC. NO. 158
   MOVANT

JOHNNY RAY MOORE, DEBTOR
   RESPONDENT

MOLLY T. WHITON, TRUSTEE
   RESPONDENT

### DEBTOR'S RESPONSE TO THE MOVANT'S REPLY TO THE DEBTOR'S OBJECTION TO THE MOVANT'S PROOF OF CLAIM NO. 12

COMES NOW **JOHNNY RAY MOORE**, a Citizen of the **UNITED STATES OF AMERICA**, which has been afforded rights under the **UNITED STATES CONSTITUTION** to **Due Process**, herein called ("the Debtor") of the above Bankruptcy Estate. The Debtor respectfully files this Response to the Movant's Reply to the Debtor's Objection to the following Proof of Claim No. 12, in defense of the Bankruptcy Estate Pursuant to 11 U.S.C. § 558 of the United States Bankruptcy Code, the Debtor makes the following claims.

First and foremost THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, as TRUSTEE FOR THE CERTIFICATEHOLDERS of THE CWABS INC., ASSETT-BACKED CERTIFICATES SERIES 2006-12, herein called ("the Movant").

1

For the record, the issues raised in the Movant's Reply to the Debtor's Objection to the Proof of Claim are frivolous and are without merit and are void on its face because the issues do not address the subject matter before this Court, which is the Movant's petitioning the Court to reinstate pre-bankruptcy debt that has been Discharged. The Movant is also attempting to move the Court to grant its claim to allow this discharged debt to become a part of the Debtors petition in order to have the Debtor's petition dismissed and/or to have this discharged debt included into the Debtor's Chapter 13 reorganization plan in hope of rendering the plan unconfirmable.

<u>For the record, the Debtor's Objection to the Movant's Proof of Claim has nothing to do with the mortgage lien. The Debtor will address the lien by this Movant who is an UNSECURED PARTY claiming interest in the Debtor's Property when the Debtor files its Objection to the Movant's Motion for Relief from Stay *in Rem*. Therefore, counsel's claim that the reason that the Debtor's has filed an Objection to its Proof of Claim is to void the mortgage lien is false and misleading as well as claiming the failure of the Debtor to file an adversary proceeding to void the mortgage lien is misleading. These are not the issues before the Court and counsel is conflating the issues as to the reason the Debtor has filed its Objection to this Claim. Counsel seeks to distort the Debtor's reasons for filing an Objection to this Claim, by sayings its Objection is to void the Mortgage Lien which wouldn't be a violation of the Debtor's Discharged Injunction. This conflations of the issues clearly shows counsel's willful intent to Prejudice the Debtor, and further it shows that counsel has no respect for the Debtor's rights, or for this Court, and the Federal Rules and local Rules of Bankruptcy Procedure's or the</u>

<u>Federal Rule of Civil Procedure's by seeking to have the Court to Prejudice Debtor in violating its own Order as to the Debtor's Discharge of Debt.</u> (*emphasis added*)

The Debt that the Movant has claimed in its Second Proof of Claim was discharged under the Debtor's initial Chapter 13 Bankruptcy Petition, which was filed with the Court on May 31, 2012 under Petition 12-51027. On October 29, 2014, this Petition was converted to Chapter 7. The said mortgage debt was subsequently Discharged by Order of this Court, dated February 4, 2015, which was signed by the Honorable Alan H.W. Shiff under 11 U.S.C. § 727 of the United States Bankruptcy Code. The Movant's was and is fully aware of the Debtor's Discharge, after having received proper notice by the Court of the Debtor's Discharge when the Certificate of Notice was sent on February 6, 2015. (*See* Doc. No. 442 – Exhibit F). The Debtor ask the Court to take Judicial Notice of this Exhibit and further asks that it be admitted into evidence for the record.

The Debtor's Objection to this Claim is strictly based on the Movant seeking to have this Court Reinstate Pre-Bankruptcy Mortgage Debt that has previously been Discharged by this Court. The Debtor argues that this Pre-Bankruptcy Discharged Mortgage Debt should not be allowed by the Court and become part of the Debtor's personal liability to be included into the Debtor's Chapter 13 Organizational Plan being pre-petition debt that was incurred before the Debtor received his Discharge. The relief counsel now seeks from this Court would severally Prejudice the Debtor by way of its Second Proof of Claim, by holding the Debtor personally liable in *inter alia* for Pre Bankruptcy Debt, it granted by the Court would be in violation of the Debtor's Discharge Injunction Pursuant to 11 U.S.C. § 524 (a) (2) of the United States

3

Bankruptcy Code. In Support, the Debtor respectfully moves this Court Sustain its Objection to the Movant's Second Proof of Claim, in support of its Objection the Debtor states the additional facts for the record:

I.  **MOVANT'S PROOF OF CLAIM(S)**

The Definition of a Proof of Claim pursuant to the Proof of Claim form B10. The proof of claim gives both instruction on how to fill out the legal document and definitions of what a Debtor, Creditor, Claim and Proof of Claim is, for example: In the Debtor's Objection to this Claim, Exhibit D., page 5, filed as Doc. No. 139, please note the following definition is underlined and the Debtor's reply in bold:

1. **Debtor**: <u>A debtor is the person, corporation, or other enitity that has filed a bankruptcy case.</u> *In the previous petition case no. 12-51027, the Debtor had filed a Chapter 13 Petition, seeking relief to reorganize debt and the repay all or a portion of that debt back to the creditor over a period of 3 or 5 years.*

2. **Creditor**: <u>A creditor is a person, corporation, or other entity to whom the [Debtor owes a debt] that was incurred before the date of the bankruptcy filing. See 11 U.S.C. § 101 (10).</u> *On May 31, 2012 when the debtor filed his first bankruptcy case, the Debtor was personally liable for the Mortgage Debt whether secured or unsecured. The Movant's first Proof of Claim, filed on 10/19/12, claimed a debt owed by the Debtor in the amount $371,413.18*. Please see Exhibit D., page 49.

3. **Claim**: <u>a claim is the creditor's right to receive payment for a [debt owed by the debtor] on the date of the bankruptcy filing. See 11 U.S.C. § 101 (5). A claim may be secured or unsecured.</u> *Since the Debtor's Discharge of the said Mortgage Debt. The Movant Second Proof of Claim filed on 12/27/2016 in the Amount of $85,599.16 is frivolous and unwarranted because the Debtor is not personally liable for the Debt being claimed by the Movant.* Please see Exhibit E. page 57 of the Debtor's Objection to proof of claim.

4. **Proof of Claim**: <u>A proof of claim is a form used by the creditor to indicate the amount of [the debt owed by the debtor] on the date of the bankruptcy filing.</u> *This Second Proof of Claim that was filed is the subject matter before this Court. This Claim is a clear violation of the Debtor's Discharge Injunction because the Movant commenced an action to collect pre bankruptcy mortgage debt that has been discharged. The mere filing of this Claim and the Movant's Objection to the Debtor's Chapter 13 Plan is proof that the Movant is attempting to collect a Debt it Claims is personally owed by the Debtor.* Please see Exhibit G.

It is clear by the above definitions that the filing of a Proof of Claim is an attempt by this

4

Movant, to collect a Debt that they claim is [owed by the Debtor] at the time the Debtor filed a bankruptcy petition on 8/24/2016 under Title 11 of the United States Bankruptcy Code.

II.          **THE DEBTOR'S ARUGUMENT IN RESPONSE :**

The Debtor ask the Court to take Judicial Notice of the record established by the Court that has been certified by transcript of a hearing held on January 3, 2017 between Johnny Ray Moore, the Debtor, Pro Se and the Bridgeport Water Pollution Control Authority, herein called (the Secured Creditor). The Secured Creditor at the hearing was represented by Attorney Juda J. Epstein of the Law Firm of Juda J. Epstein. The Court transcript of that hearing has been filed with the Court. **Please see Doc. No. 83. On page 21 of page 36,** wherein the Secured Creditor acknowledged that the debt owed had been discharged. "The Transcript" on Page 21, Line 7. **The Court:** *"Well, why wouldn't his personal obligations have been discharged In his prior case".* Line 9. **Mr. Epstein:** *"Your Honor, I acknowledge that all are discharged, but the liens are in rem. I've been having this - -* "Line 12. **The Court:** *"But that's a different issue. If the liens are in - - that's a different issue than filing a proof of claim in this case with a dollar amount that he has to account for in a Chapter 13 plan. That's a different issue".* Line 17. **Mr. Epstein:** "Judge, he can't keep the property without paying the in rem liens from 2010, '11, and '12". Line 19. **The Court:** *"I understand that. Then you get relief from stay. That's a different story. What Mr. Moore is - - What's on the calendar today is his objection to your proof of Claim".* Page 22 of 36.Line 2. **The Court:** *"You don't need a proof of claim. There is no claim against him if the debt has been discharged individually, but you can still - - you still have a lien against the property that you can*

*foreclose on."* Page 24 of 36 Line 11. **The Court:** <u>*"The distinction is his claim - - if there is no claim against him personally, his Chapter 13 Plan doesn't have to provide for payment against it. That's the distinction. Okay."*</u> Line 15. *(emphasis added)*

**Mr. Epstein:** Okay. Page 25 of 36 Line 11. **The Court:** *"Do you understand what I'm saying, Mr. Moore? The problem you still have is they can foreclose on the property. They can't sue you personally and you don't personally have to pay for it. They can take the real property though to satisfy their debt"*. Line 19. Mr. Moore: Your Honor, with all due respect, I clearly understand - - Line 21. **The Court**: Okay. Good.

Here we see that the Court has already stated on the record that the filing of a Proof of Claim and the Debtor's Objection to that claim is a separate and distinct cause of action between the Note and the Mortgage. Here the Court has already made it clear that because of my discharge, I was not personally liable for secured debt (in this case a portion of that debt was unsecured). In order for the Secured Creditor to collect it would have to get relief from the stay in order to enforce any valid liens against the collateral of the real property.

The Court stated <u>on the record</u> that I do not have to include discharged debt in my Chapter 13 Plan. <u>Nor should such debt be calculated as secured debt to dismiss my Chapter 13 petition</u> pursuant to 11 U.S.C. §109 (e). *(emphasis added)*
Counsel in its reply which was not timely filed, seeks to distort the Debtor's reasons for filing an Objection to its Second Proof of Claim by wrongfully arguing in rem issues as it relates to the Mortgage Lien for which the Court has already stated **"that's a different issue"**

**III.**                          **CONCLUSION**

The mere filing of this Second Proof of Claim is an attempt for the Movant to collect & hold the Debtor personally liable for Pre-Bankruptcy debt that has been Discharged and for which the Debtor is no longer personally liable. It is the Debtor's position that this Second Proof of Claim, the Movant's Objection to the Chapter 13 Plan, together with the various collections letters that have been mailed by the Movant to the Debtor is sufficient proof that the Movant is attempting to collect a debt that has been discharged. The evidence presented and filed with the Court as Exhibits A,B,C,D,E, attached to the Debtor's Objection to Claim and Exhibits F and G attached to this Response serves as further proof of various attempts made by the Movant to harass the Debtor into tendering mortgages payments. The refusal of this Movant's to withdraw such a claims shows the Contempt of counsel towards the for the Debtor's rights to a fresh start. Debtors are afforded a fresh start as a result of a Court's Discharge of Debt Order granting the Debtor a Discharge Injunction. The Debtor respectfully moves the Court to sustain its Objection to the Movant's Claim, and grant the Debtor other fair deemed fair and equitable for the Contempt that both this Movant and its Counsel has shown in order to Prejudice the Debtor without regard for the laws under Title 11 of the United States Bankruptcy Code.

RESPECTFULLY SUBMITTED THE DEBTOR

By: _/s/ Johnny Ray Moore_

Johnny Ray Moore, Pro Se
15 Sachem Drive
Shelton CT. 06484
203-395-4284
Johnnyraybanker@gmail.com

7

## **DEBTOR'S CERTIFICATE OF SERVICE**

FILED

I Johnny Ray Moore, the Debtor certify that the following Response to the Movant's Reply to the Debtor's Objection to its Proof of Claim No. 12 was sent by Electronic Mail to the following parties listed below.

2017 MAY -9  P 2: 52

CLERK, U.S. BANKRUPTCY COURT DISTRICT

Mark L. Bergamo, Esq.
The Marcus Law Firm
ATTYS For Tower Lien LLC
275 Branford Road
North Branford, CT 06471
mbergamo@marcuslawfirm.com
*claim* no. 2

Mark L. Bergamo, Esq.
The Marcus Law Firm
ATTYS For US Bank,
National Association as Custodian
for Tower DBW VI 2016-1 Trust
275 Branford Road
North Branford, CT 06471
mbergamo@marcuslawfirm.com
*claim* no. 3

Matthew K. Beatman, Esq.
Zeisler and Zeisler
ATTYS For Hampshire House
Condominium Association of Unit
Owners, Inc.
10 Middle Street
15th Floor
Bridgeport, CT 06604
MBeatman@zeislaw.com
*claim* no. 4

Juda J. Epstein, Esq.
Law Offices of Juda J. Epstein
ATTYS For Water Pollution
Control Authority for the City of
Bridgeport
3543 Main Street
Second Floor
Bridgeport, CT 06606
contact@lawofficesjje.com
*claim* no. 6

Linda St. Perre, Esq.
ATTYS For Bank of America, N.A.
Bankruptcy Dept.
McCalla Raymer Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120
bankruptcy@huntleibert.com
claim no. 7

Linda St. Pierre, Esq.
ATTYS For Bank of America
McCalla Raymer Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120
bankruptcy@huntleibert.com
(alleged) claim no. 9

Linda St. Pierre, Esq.
ATTYS For PennyMac Holdings, LLC
McCall Raymar Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120
bankruptcy@huntleibert.com
(alleged) claim no. 11

Victoria L. Forcella, Esq.
ATTYS For JPMorgan Chase Bank, N.A.
McCalla Raymar Leibert Pierce, LLC
50 Weston Street
Hartford, Connecticut 06120
vforcella@huntleibert.com
(alleged) claim no. 14

Molly T. Whiton, Trustee
10 Columbus Boulevard
Hartford, CT 06106
mtwhiton@mtwhiton.com
mtwhiton@mtwhiton.com
(*Trustee*)

Patricia A.Davis, Esq. For
The Bank of New York, FKA
The Bank of New York Mellon, as Trustee
for the certificate holders of the CWABS
Series 2006-12   (alleged) claim no.
pdavis@mlg-defaultlaw.com

Holley Claiborn, Esq.
U.S. Trustee
Office of the U.S.Trustee
Giaimo Federal Building
150 Court Street 302
New Haven CT 06510
USTPRegion02.NH.EFC@USDOJ.GOV

Mike Mckeon FOR
Regional Water Authority
90 Sargent  Drive
New Haven, CT 06515

I Johnny Ray Moore, the Debtor certify that the following Response to the Movant's

Reply to the Debtor's Objection to its Proof of Claim No. 12 was sent by U.S. Postal

Paid First Class Mail to the following *parties to the following parties listed below.

Blong Van For
Ally Bank
P.O.Box 130424
Rosenville MN 55113-0004
claim no. 1

Kimberly Wall
For Frontier Communication
Bankruptcy Dept.
19 John Street
Middletown, NY 10940
claim no. 8

*Mr. Andrew Kussmeaul, For
The Bank of New York Mellon, FKA
The Bank of New York Mellon, as Trustee
for the certificates holders of the CWABS
Inc., Asset-Back Certificates,
Series 2006-12
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129
(alleged) claim no.12

*Mr. Andrew Kussmeaul, For
Residential Funding Mortgage
Securities II, Inc. Home Equity Loan Pass
-Through Certificates, Series 2007-HSA2,
U.S.Bank National Association, as
Trustee, successor in interest to Bank of
America N.A., as Trustee, successor by
merger to LaSalle Bank National
Association, as Trustee
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129
(alleged) claim no.10

*Patricia A. Davis, Esq. For
The Bank of New York Mellon, FKA
The Bank of New York Mellon, as Trustee
for the certificate holders of the CWABS
Inc., Asset-Back Certificates,
Series 2006-12
275 West Natick Road, Suite 500
Warwick, RI 02886
(alleged) claim no. 12

9

Tamara Kirby For  
New Haven City Tax Collector  
165 Church Street  
New Haven CT 06510  
claim no. 13

Lori Jo For  
Century Financial Services, Inc.  
also D/B/A  
Century Healthcare Serv. Collections  
23 Maiden Lane  
North Haven, CT 06473-0098

Dated May 9, 2017

THE DEBTOR,

By: *Johnny Ray Moore*  
Johnny Ray Moore, Pro Se  
15 Sachem Drive  
Shelton CT 06484  
greenenergyjrm@gmail.com  
(203) 395-4282

# EXHIBIT F.

Case 12-51027    Doc 442    Filed 02/06/15    Entered 02/07/15 00:44:15    Desc Imaged
Certificate of Notice    Page 1 of 5

United States Bankruptcy Court
District of Connecticut

In re:                                                                    Case No. 12-51027-ahws
Johnny Ray Moore                                                          Chapter 7
        Debtor
                            **CERTIFICATE OF NOTICE**

District/off: 0205-5        User: sstaton            Page 1 of 3            Date Rcvd: Feb 04, 2015
                            Form ID: B18             Total Noticed: 42

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 06, 2015.
db              +Johnny Ray Moore,    15 Sachem Drive,    Shelton, CT 06484-1756
cr               American InfoSource LP as agent for Midland Fundin,    PO Box 268941,
                 Oklahoma City, OK 73126-8941
cr              +Bank Of America, N.A.,    2380 Performance Dr.,    Richardson, TX 75082-4333
cr              +Bank of America, N.A c/o Prober & Raphael A Law Co,    20750 Ventura Blvd, Suite 100,
                 Woodland Hills, CA 91364-6207
dbaty           +Mark M. Kratter,    Kratter & Gustafson, LLC,    71 East Avenue Suite O,    Norwalk, CT 06851-4903
cr              +Shameka Smith,    63 Blohm Street,    Floor 1,    West Haven, CT 06516-5458
cr               Tower Lien, LLC,    P.O. Box 823502,    Philadelphia, Pa 19182-3502
cr              +WPCA Of Bridgeport,    Law Office of Juda J. Epstein,    3543 Main Street, Second Floor,
                 Bridgeport, CT 06606-3626
8213526         +Bank of America, N.A,    Linda St. Pierre,    Hunt Leibert Jacobson,    50 Weston Street,
                 Hartford, CT 06120-1504
7964598          Bank of New York Mellon,    f/k/a The Bank of New York,    Bank of America,
                 Mail Stop TX2-982-03-03,    105 Corporate Drive , PTX-09,    Plano, TX 75024
7872350          Chase,    P.O. Box 46903,    Glendale, CO 80246
8202898         +Christiana Trust, A Division Of Wilmington Savings,    Gerald A. Gordon,
                 Hunt Leibert & Jacobson PC,    50 Weston Street,    Hartford, CT 06120-1504
7951400         +JPMorgan Chase Bank, National Association,    700 Kansas Lane,    Attn: Correspondence Mail,
                 Mail Code LA4-5555,    Monroe, LA 71203-4774
7875562         +JPMorgan Chase Bank, National Association,    Gerald A. Gordon,    Hunt Leibert & Jacobson PC,
                 50 Weston Street,    Hartford, CT 06120-1504
8342367         +Johnny Ray Moore,    David G. Volman,    One Trap Falls Road,    Suite 901,
                 Shelton, CT 06484-7601
8326678         +PennyMac Holdings ,LLC,    Linda St. Pierre,    Hunt Leibert Jacobson,    50 Weston Street,
                 Hartford, CT 06120-1504
8205912         +PennyMac Loan Services, LLC,    c/o Aldridge Connors LLP,    Bankruptcy Department,
                 Fifteen Piedmont Center,    3575 Piedmont Road, N.E., Suite 500,    Atlanta, GA 30305-1623
8204813         +PennyMac Loan Services, LLC,    6101 Condor Drive,    Suite 310,    Moorpark, CA 93021-2602
8262004         +Shameka Smith,    63 Blohm Street, 1st Floor,    West Haven ,CT 06516-5458
7952301         +Specialized Loan Servicing, LLC,    Attention Bankruptcy Department,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
7957389         +State of CT, Dept. of Revenue Services,    Maria A. Santos,    Office of the Attorney General,
                 55 Elm Street,    Hartford, CT 06106-1752
7948607          State of Connecticut,    Department of Revenue Services,    C&E Division, Bankruptcy Unit,
                 25 Sigourney Street,    Hartford, CT 06106-5032
7875551         +The Bank Of New York Mellon fka,    The Bank of New York, as Trustee,    Andrew S. Cannella,
                 Bendett & McHugh, P.C.,    270 Farmington Avenue ,Suite 151,    Farmington, CT 06032-1926
7953685         +The Bank of New York Mellon fka The Bank of New Yo,    c/o Bank of America, N.A.,
                 7105 Corporate Drive,    Plano, TX 75024-4100
7972404         +Tower Lien LLC,    Mark L. Bergamo/ The Marcus Law Firm,    275 Brandford Road,
                 North Brandford, CT 06471-1337
7972979         +Tower Lien, LLC,    Mark L. Bergamo,    The Marcus Law Firm,    275 Branford Road,
                 Branford, CT 06471-1337
8368354         +WPCA of Bridgeport,    Juda J. Epstein,    Law Offices of Juda J. Epstein,    3543 Main Street,
                 Second Floor,    Bridgeport, CT 06606-3626

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr              +EDI: QBHKATZ.COM Feb 04 2015 18:43:00     Barbara H. Katz, Trustee,    57 Trumbull Street,
                 New Haven, CT 06510-1004
cr              +EDI: PRA.COM Feb 04 2015 18:44:00     PRA Receivables Management LLC,    POB 41067,
                 Norfolk, VA 23541-1067
8040769         +EDI: ATTWIREBK.COM Feb 04 2015 18:44:00     %AT&T Services, Inc,
                 Karen A. Cavagnaro - Lead Paralegal,    One AT&T Way, Room 3A 231,    Bedminster, NJ 07921-2693
7901125          EDI: AIS.COM Feb 04 2015 18:44:00     American InfoSource LP as agent for,
                 Midland Funding LLC,    PO Box 268941,    Oklahoma City, OK 73126-8941
7919592         +EDI: ACCE.COM Feb 04 2015 18:43:00     Asset Acceptance LLC,    P.O. Box 2036,
                 Warren MI 48090-2036
7951859         +EDI: OPHSUBSID.COM Feb 04 2015 18:43:00     Azurea I, LLC,    c/o Weinstein & Riley, P.S.,
                 2001 Western Ave., Ste. 400,    Seattle, WA 98121-3132
7883628          EDI: BANKAMER2.COM Feb 04 2015 18:43:00     FIA CARD SERVICES, N.A.,    PO Box 15102,
                 Wilmington, DE 19886-5102
7899320          EDI: BANKAMER.COM Feb 04 2015 18:43:00     Bank of America, N.A.,    Bankruptcy Department,
                 P.O. Box 26012, NC4-105-02-99,    Greensboro, NC 27420-6012
7886702          EDI: DISCOVER.COM Feb 04 2015 18:43:00     Discover Bank, DB Servicing Corporation.,
                 PO Box 3025,    New Albany, OH 43054-3025
7980782          EDI: IRS.COM Feb 04 2015 18:43:00     Internal Revenue Service,    P.O. Box  7346,
                 Philadelphia, PA 19101-7346
7890585         +EDI: OPHSUBSID.COM Feb 04 2015 18:43:00     Keystone Recovery Partners. LLC Series A,
                 c/o Weinsrein & Riley,    2001 Western Avenue, Ste 400,    Seattle,WA 98121-3132
7873579          EDI: MERRICKBANK.COM Feb 04 2015 18:43:00     Merrick Bank,    Resurgent Capital Services,
                 PO Box 10368,    Greenville, SC 29603-0368
7934483         +EDI: OPHSUBSID.COM Feb 04 2015 18:43:00     Oak Harbor Capital VI, LLC,
                 c/o Weinstein & Riley, P.S.,    2001 Western Ave., Ste. 400,    Seattle, WA 98121-3132

Case 12-51027    Doc 442    Filed 02/06/15    Entered 02/07/15 00:44:15    Desc Imaged
Certificate of Notice    Page 2 of 5

```
District/off: 0205-5           User: sstaton              Page 2 of 3           Date Rcvd: Feb 04, 2015
                               Form ID: B18              Total Noticed: 42

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
7919066         EDI: PRA.COM Feb 04 2015 18:44:00      Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
8369819        +E-mail/Text: ustpregion02.nh.ecf@usdoj.gov Feb 04 2015 18:43:19      United States Trustee,
                 150 Court Street, Room 302,   New Haven, Ct 06510-2022
                                                                                              TOTAL: 15

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Christiana Trust, A Division Of Wilmington Savings
cr              JPMorgan Chase Bank, National Association
cr              PennyMac Holdings, LLC
cr              PennyMac Loan Services, LLC
cr              State of CT, Dept. of Revenue Services
cr              The Bank Of New York Mellon
cr              The Bank of New York Mellon fka The Bank of New Yo
7872349         Bank of America,   Home Loans,   Special Loan Servicing,    P.O. Box 91410-0227
aty*           +Barbara H. Katz, Trustee,   57 Trumbull Street,   New Haven, CT 06510-1004
cr*            +Azurea I, LLC,   c/o Weinstein & Riley, P.S.,   2001 Western Ave., Ste. 400,
                 Seattle, WA 98121-3132
cr*            +Oak Harbor Capital VI, LLC,   c/o Weinstein & Riley, P.S.,    2001 Western Ave., Ste. 400,
                 Seattle, WA 98121-3132
                                                                                  TOTALS: 8, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 06, 2015                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 4, 2015 at the address(es) listed below:
              Abigail Hausberg    on behalf of U.S. Trustee    U. S. Trustee USTPREGION02.NH.ECF@USDOJ.GOV
              Ana M. Fidalgo    on behalf of Creditor    The Bank of New York Mellon fka The Bank of New York, as
               Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-12
               bkecf@bmpc-law.com, afidalgo@bmpc-law.com
              Ana M. Fidalgo    on behalf of Creditor    JPMorgan Chase Bank, National Association
               bkecf@bmpc-law.com, afidalgo@bmpc-law.com
              Ana M. Fidalgo    on behalf of Creditor    The Bank Of New York Mellon bkecf@bmpc-law.com,
               afidalgo@bmpc-law.com
              Andrew Cannella    on behalf of Creditor    The Bank Of New York Mellon bkecf@bmpc-law.com
              Andrew Cannella    on behalf of Creditor    The Bank of New York Mellon fka The Bank of New York,
               as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series
               2006-12 bkecf@bmpc-law.com
              Andrew S. Cannella    on behalf of Creditor    PennyMac Holdings, LLC bkecf@bmpc-law.com
              Barbara H. Katz, Trustee    barbarakatz@snet.net, bhkatz@ecf.epiqsystems.com
              Barbara H. Katz, Trustee   on behalf of Trustee Barbara H. Katz, Trustee barbarakatz@snet.net,
               bhkatz@ecf.epiqsystems.com
              Brian D. Rich    on behalf of Defendant    JP Morgan Chase Bank, N.A. rich@halloran-sage.com,
               spencer@halloran-sage.com
              David G. Volman    on behalf of Debtor Johnny Ray Moore joni@volmanlaw.com
              Gerald A. Gordon    on behalf of Creditor    JPMorgan Chase Bank, National Association
               ggordon@huntleibert.com
              Gerald A. Gordon    on behalf of Creditor    Christiana Trust, A Division Of Wilmington Savings
               Fund Society, FSB, As Trustee For Normandy Mortgage Loan Trust Trust, Series 2013-18
               ggordon@huntleibert.com
              Juda J. Epstein    on behalf of Creditor    WPCA Of Bridgeport contact@lawofficesjje.com
              Kim L. McCabe    on behalf of U.S. Trustee    U. S. Trustee kim.mccabe@usdoj.gov
              Linda St. Pierre    on behalf of Creditor    PennyMac Holdings, LLC bankruptcy@huntleibert.com,
               lstpierre@huntleibert.com
              Linda St. Pierre    on behalf of Creditor    PennyMac Loan Services, LLC
               bankruptcy@huntleibert.com, lstpierre@huntleibert.com
              Linda St. Pierre    on behalf of Defendant    Christiana Trust A Division of Wilmington ,Savings
               Fund Society,FBS,as Trustee for Normandy Mortgage Loan Trust,Series 2013-18
               bankruptcy@huntleibert.com, lstpierre@huntleibert.com
```

```
District/off: 0205-5           User: sstaton              Page 3 of 3              Date Rcvd: Feb 04, 2015
                               Form ID: B18               Total Noticed: 42
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
            Linda   St. Pierre    on behalf of Creditor    JPMorgan Chase Bank, National Association
             bankruptcy@huntleibert.com,   lstpierre@huntleibert.com
            Linda   St. Pierre    on behalf of Creditor    Bank of America, N.A c/o Prober & Raphael A Law
             Corporation bankruptcy@huntleibert.com,   lstpierre@huntleibert.com
            Linda   St. Pierre    on behalf of Creditor    Bank Of America, N.A. bankruptcy@huntleibert.com,
             lstpierre@huntleibert.com
            Linda   St. Pierre    on behalf of Creditor    Christiana Trust, A Division Of Wilmington Savings
             Fund Society, FSB, As Trustee For Normandy Mortgage Loan Trust Trust, Series 2013-18
             bankruptcy@huntleibert.com,   lstpierre@huntleibert.com
            Linda   St. Pierre    on behalf of Defendant    Selene Finance, LLP bankruptcy@huntleibert.com,
             lstpierre@huntleibert.com
            Linda   St. Pierre    on behalf of Defendant    Penny Mac Loan Services,LLC
             bankruptcy@huntleibert.com,   lstpierre@huntleibert.com
            Linda   St. Pierre    on behalf of Defendant    JP Morgan Chase Bank, N.A.
             bankruptcy@huntleibert.com,   lstpierre@huntleibert.com
            Maria A. Santos    on behalf of Creditor    State of CT, Dept. of Revenue Services
             maria.santos@ct.gov
            Mark L. Bergamo    on behalf of Creditor    Tower Lien, LLC mbergamo@marcuslawfirm.com
            Michael A. Leone    on behalf of Defendant    JP Morgan Chase Bank, N.A. leone@halloran-sage.com
            Molly T. Whiton    on behalf of Trustee Molly T. Whiton mtwhiton@mtwhiton.com
            U. S. Trustee    USTPRegion02.NH.ECF@USDOJ.GOV
                                                                                                      TOTAL: 30

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

District of Connecticut
Case No. <u>12-51027</u>
Chapter 7

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06484

Social Security / Individual Taxpayer ID No.:
xxx-xx-8060

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: <u>2/4/15</u>

<u>Alan H.W. Shiff</u>
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# EXHIBIT 6 .

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECITCUT (BRIDGEPORT)

| | |
|---|---|
| In Re:<br>Johnny Ray Moore<br>Aka Johnny R. Moore<br>    Debtor,<br>_____/ | Chapter 13<br>Case No.: 16-51133 |

## OBJECTION TO PLAN

Now comes Specialized Loan Servicing LLC as servicer for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-12 (together with its predecessors, successors, affiliates, principals, and assigns, "Creditor") a creditor and party in interest herein, and, by and through its undersigned counsel, hereby objects to the proposed Chapter 13 Plan filed by Johnny Ray Moore ("Debtor"). As grounds, Creditor states as follows:

1. Creditor is a secured creditor of Debtor and is secured by a first mortgage on Debtor's property located at 73-75 Baldwin Street, Bridgeport, CT 06607 (the "Property").

2. According to Creditor's Proof of Claim filed on December 27, 2016, Creditor's total secured claim is $85,599.16 with a total pre-petition arrearage of $1,973.53.

3. On or about September 2, 2016, Debtor filed a Chapter 13 Plan (the "Plan").

4. The Plan does not provide for any treatment of Creditor's secured claim.

5. The Plan does not provide for adequate treatment of Creditor's secured claim and is not feasible.

WHEREFORE, Creditor respectfully requests that this Honorable Court deny confirmation of Debtor's proposed Chapter 13 Plan.

                                                      Specialized Loan Servicing LLC as servicer for The
                                                     Bank of New York Mellon FKA The Bank of New
                                                     York, as Trustee for the certificateholders of the
                                                     CWABS, Inc., Asset-Backed Certificates, Series
                                                     2006-12
                                                     By its Attorneys,

Dated: January 9, 2017                   /s/ Patricia A. Davis, Esq._
                                                     Patricia A. Davis, #025753
                                                     Marinosci Law Group, P.C.
                                                     275 West Natick Road, Suite 500
                                                     Warwick, RI 02886

Telephone: (401) 234-9200
pdavis@mlg-defaultlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF CONNECITCUT (BRIDGEPORT)

| | |
|---|---|
| In Re:<br>Johnny Ray Moore<br>Aka Johnny R. Moore<br>Debtor,<br>_____/ | Chapter 13<br>Case No.: 16-51133 |

## CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on the 9th day of January, 2017, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system or, by first class mail on the parties listed in section 2 below.

1. Documents Served:

   1. Objection to Confirmation of Plan
   2. Certificate of Service

/s/ Patricia A. Davis, Esq.
Patricia A. Davis, Esq. # 25753
Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02886
Telephone: (401) 234-9200

**VIA ECF**
U.S. Trustee, on behalf of the US Trustee
Molly T. Whiton, Esq. on behalf of the Trustee
Linda St. Pierre, Esq., on behalf of PENNYMAC HOLDINGS, LLC
Matthew B. Beatman, Esq., on behalf of Hampshire House Condominium Association
Juda J. Epstein, Esq., on behalf of Water Pollution Control Authority
Victoria L. Forcella, Esq., on behalf of JPMorgan Chase Bank
Marc L. Bergamo, Esq., on behalf of Tower Lien, LLC
Marc L. Bergamo, Esq., on behalf of US Bank, National association

**VIA MAIL**
Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06484