UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

FILED
2017 MAY 12 P 2: 40
CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
JOHNNY RAY MOORE
   DEBTOR

BANK OF AMERICIA, N.A.
   MOVANT

JOHNNY RAY MOORE, DEBTOR
   RESPONDENT

MOLLY T. WHITON, TRUSTEE
   RESPONDENT

: CHAPTER 13
:
: CASE NO: 16-51133 JAM
:
: DOC. NO. 163
:
:
:
:
:
:
: MAY 12, 2017

## DEBTOR'S RESPONSE TO THE MOVANT'S REPLY TO THE DEBTOR'S OBJECTION TO THE MOVANT'S PROOF OF CLAIMS NO. 7 & 9

COMES NOW **JOHNNY RAY MOORE**, a Citizen of the **UNITED STATES OF AMERICA**, which has been afforded rights under the **UNITED STATES CONSTITUTION** to **DUE PROCESS**, herein called ("the Debtor") of the above Bankruptcy Estate. The Debtor respectfully files this Response to the Movant's Reply to the Debtor's Second Objection to the following Proof of Claim No. 7 & 9, and in defense of the Bankruptcy Estate Pursuant to 11 U.S.C. § 558 of the United States Bankruptcy Code, the Debtor makes the following claims.

### REVELANT BACKGROUND

First and foremost BANK OF AMERICA, N.A, herein called ("the Movant") makes claim in Number 6., in its Reply that the Movant filed two timely proof of claims on November 28, 2016. The Debtor's response is that the Movant also filed two Proof of

1

Claims regarding the same Mortgage Debt under the Debtor's previous Bankruptcy Case No. 12-51027 on November 25, 2012, listed as Claim 7-1 and Claim 8-1. These claims are regarding the same subject properties known as 102 Adeline Street, New Haven Ct 06511 and 127 Cedar Hill Avenue, New Haven CT 06511. The Debtor did not file any Objection to the Movant's Proof of Claim in the prior bankruptcy petition. The Movant has never filed any action to foreclosure on the mortgages against the Debtor in State Court, and the Movant has no cause to commence any action at this time.

The Movant has also acknowledged in its Reply under revelant backgroud list at number 4., that the Debtor received a Discharge of the said Mortgage Debt on February 4, 2015 by the Honorable Alan H. W. Shiff. The Court having received no Objection to the Debtor's Discharge, sent the Certificate of Notice of the Court Order discharging the Debtor of this Debt to this Movant regarding the previous Claims. Please see Exhibit A .

### DEBTOR'S ARGUMENT IN RESPONSE

Counsel seeks to distort and cloud the subject matter regarding the issues before the Court, which are these second Proof of Claims. The Movant is petitioning the Court to reinstate previously Discharged Debt. The Debtor's Objection has nothing to do with the Mortgage Lien as a matter of fact, the Debt has no intention of challenging the validity of the Mortgage Lien. Therefore, although the Debtor has received a Discharge of the Mortgage Debt. Although the Debtor without having any

REAFFIRMATION AGREEMENT with this Movant has willingly choose to tender mortgage payments. Therefore, for Counsel to misrepresent the Debtor's motives for filing its Objection to the Movant's Proof of Claim to void the Mortgage Lien or commence an adversary proceeding, the Debtor claims is offensive and is grounds for Sanctions and Punitive Damages for its willful attempt to disregard the Court Order regarding the Debtor's Discharge, by way of THE FILING OF THESE TWO PROOF OF CLAIMS which are clearly a violation of the Debtor's Discharge Injunction Pursuant to 11 U.S.C. § 524 (a) (2).

Counsel's entire argument is based on the Mortgage Lien which is not currently the issue before the Court. The filing of a Proof of Claim is an *inter alia* procedure and not an *in Rem* procedure. Counsel having no just cause to file any Proof of Claim, having now done so seeks to hold the Debtor personally liable for a Debt the Debtor doesn't personally owe. Counsel's argument that the Debtor has failed to file an Adversary Proceeding to Void the Lien, is another misrepresentation of the Truth as to the Reasons the Debtor filed its Objection to these Claims. It is clear to the Debtor that Counsel is conflating the issues in order to get the Court to allow these Claims. The Court should not allow these claims having already established a record in the matter of In Re: Johnny Ray Moore vs, Bridgeport Water Pollution Control Authority having held hearing regarding the Movant's argument...

The Debtor ask's the Court to take Judicial Notice of the record established by the Court that has been certified by transcript of a hearing held on January 3, 2017 between Johnny Ray Moore, the Debtor, Pro Se and the Bridgeport Water Pollution

Control Authority, herein called (the Secured Creditor). The Secured Creditor at the hearing was represented by Attorney Juda J. Epstein. The Court transcript of that hearing has been filed with the Court. **Please see Doc. No. 83. On page 21 of page 36,** wherein the Secured Creditor acknowledged that the debt owed had been discharged. "The Transcript" which states on Page 21, Line 7. **The Court:** *"Well, why wouldn't his personal obligations have been discharged In his prior case".* Line 9. **Mr. Epstein:** *"Your Honor, I acknowledge that all are discharged, but the liens are in rem. I've been having this - -* "Line 12. **The Court:** *"But that's a different issue. If the liens are in - - that's a different issue than filing a proof of claim in this case with a dollar amount that he has to account for in a Chapter 13 plan. That's a different issue".* Line 17. **Mr. Epstein:** "Judge, he can't keep the property without paying the in rem liens from 2010, '11, and '12". Line 19. **The Court:** *"I understand that. Then you get relief from stay. That's a different story. What Mr. Moore is - - What's on the calendar today is his objection to your proof of Claim".* Page 22 of 36. Line 2. **The Court:** *"You don't need a proof of claim. **There is no claim against him if the debt has been discharged individually,** (emphasis added) but you can still - - you still have a lien against the property that you can foreclose on."* Page 24 of 36 Line 11. **The Court:** "<u>The distinction is his claim - - if there s no claim against him personally, his Chapter 13 Plan doesn't have to provide for payment against it. That's the distinction. Okay.</u>" Line 15. *(emphasis added)*

**Mr. Epstein:** Okay. Page 25 of 36 Line 11. **The Court:** "*Do you understand what I'm saying, Mr. Moore? The problem you still have is they can foreclose on the property.*

4

*They can't sue you personally and you don't personally have to pay for it. They can take the real property though to satisfy their debt*". Line 19. Mr. Moore: Your Honor, with all due respect, I clearly understand - - Line 21. **The Court**: Okay. Good.

Here we see that the Court has already stated on the record that the filing of a Proof of Claim and the Debtor's Objection to that claim is a separate and distinct cause of action between the Note and the Mortgage. Here the Court has already made it clear that because of my discharge, I was not personally liable for secured debt (in this case a portion of that debt was unsecured). In order for the Secured Creditor to collect it would have to get relief from the stay in order to enforce any valid liens against the collateral of the real property.

The Court stated <u>on the record</u> that I do not have to include discharged debt in my Chapter 13 Plan. <u>Nor should such debt be calculated as secured debt to dismiss my Chapter 13 petition</u> pursuant to 11 U.S.C. §109 (e). *(emphasis added)*
Counsel in its reply which was not timely filed, seeks to distort the Debtor's reasons for filing an Objection to its Second Proof of Claim by wrongfully arguing in rem issues as it relates to the Mortgage Lien for which the Court has already stated **"that's a different issue"**

**III.**                                              **CONCLUSION**

The mere filing of the Movant's Second Proof of Claims is an attempt by the Movant to collect & hold the Debtor personally liable for Pre-Bankruptcy debt that has been

5

Discharged, and for which the Debtor is no longer personally liable. It is the Debtor's position that the only reason counsel has filed these Claims are to Prejudice and Injure the Debtor in hopes that the Chapter 13 Trustee may move to have the Debtor's Petition dismissed or render the Debtor's Chapter 13 plan unconfirmable, by allowing Pre Bankruptcy Debt. Therefore, the Debtor respectfully moves the Court to Sustain its Objection to the Movant's Claim, and grant the Debtor such other Relief as the Court may deemed fair and equitable for the contempt shown by the Movant and its Counsel in an attempt to Prejudice and harm the Debtor and for refusing to withdraw its claim and pressing forwarded having filed an Objection to the Debtor's Plan and wasting both the Courts time as well as the Debtor's time in the process.

RESPECTFULLY SUBMITTED THE DEBTOR

By: _/s/ Johnny Ray Moore_

Johnny Ray Moore, Pro Se
15 Sachem Drive
Shelton CT. 06484
203-395-4284
Johnnyraybanker@gmail.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

FILED
2017 MAY 12 P 2:40
CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
JOHNNY RAY MOORE
   DEBTOR

BANK OF AMERICIA, N.A.
   MOVANT

JOHNNY RAY MOORE, DEBTOR
   RESPONDENT

MOLLY T. WHITON, TRUSTEE
   RESPONDENT

: CHAPTER 13
:
: CASE NO: 16-51133 JAM
:
: DOC. NO. _____
:
:
:
:
:
:
: MAY 12, 2017

## CERTIFICATE OF SERVICE

I Johnny Ray Moore, the Debtor certify that the following Response to the Movant's Reply to the Debtor's Objection to its Proof of Claims No. 7 & 9 was sent by Electronic Mail to the following parties listed below.

Mark L. Bergamo, Esq.
The Marcus Law Firm
ATTYS For Tower Lien LLC
275 Branford Road
North Branford, CT 06471
mbergamo@marcuslawfirm.com
*claim* no. 2

Mark L. Bergamo, Esq.
The Marcus Law Firm
ATTYS For US Bank,
National Association as Custodian
for Tower DBW VI 2016-1 Trust
275 Branford Road
North Branford, CT 06471
mbergamo@marcuslawfirm.com
*claim* no. 3

Matthew K. Beatman, Esq.
Zeisler and Zeisler
ATTYS For Hampshire House
Condominium Association of Unit
Owners, Inc.
10 Middle Street
15th Floor
Bridgeport, CT 06604
MBeatman@zeislaw.com
*claim* no. 4

Juda J. Epstein, Esq.
Law Offices of Juda J. Epstein
ATTYS For Water Pollution
Control Authority for the City of
Bridgeport
3543 Main Street
Second Floor
Bridgeport, CT 06606
contact@lawofficesjje.com
*claim* no. 6

Linda St. Perre, Esq.
ATTYS For Bank of America, N.A.
Bankruptcy Dept.
McCalla Raymer Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120
bankruptcy@huntleibert.com
morzea@leopldassociates.com
claim no. 7

Linda St. Pierre, Esq.
ATTYS For Bank of America
McCalla Raymer Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120
bankruptcy@huntleibert.com
morzea@leopldassociates.com
claim no. 9

Linda St. Pierre, Esq.
ATTYS For PennyMac Holdings, LLC
McCall Raymar Leibert Pierce, LLC
50 Weston Street
Hartford, CT 06120
bankruptcy@huntleibert.com
(alleged) claim no. 11

Victoria L. Forcella, Esq.
ATTYS For JPMorgan Chase Bank, N.A.
McCalla Raymar Leibert Pierce, LLC
50 Weston Street
Hartford, Connecticut 06120
vforcella@huntleibert.com
(alleged) claim no. 14

Molly T. Whiton, Trustee
10 Columbus Boulevard
Hartford, CT 06106
mtwhiton@mtwhiton.com
mtwhiton@mtwhiton.com
(*Trustee*)

Holley Claiborn, Esq.
U.S. Trustee
Office of the U.S.Trustee
Giaimo Federal Building
150 Court Street 302
New Haven CT 06510
USTPRegion02.NH.EFC@USDOJ.GOV

Patricia A.Davis, Esq. For
The Bank of New York, FKA
The Bank of New York Mellon, as Trustee
for the certificate holders of the CWABS
Series 2006-12   (alleged) claim no.
pdavis@mlg-defaultlaw.com

Mike Mckeon FOR
Regional Water Authority
90 Sargent Drive
New Haven, CT 06515

I Johnny Ray Moore, the Debtor certify that the following Response to the Movant's Reply to the Debtor's Objection to its Proof of Claims No. 7 & 9 was sent by U.S. Postal Paid First Class Mail to the following *parties to the following parties listed below.

Blong Van For
Ally Bank
P.O.Box 130424
Rosenville MN 55113-0004
claim no. 1

Kimberly Wall
For Frontier Communication
Bankruptcy Dept.
19 John Street
Middletown, NY 10940
claim no 8

Mr. Andrew Kussmeaul, For
The Bank of New York Mellon, FKA
The Bank of New York Mellon, as Trustee
for the certificates holders of the CWABS
Inc., Asset-Back Certificates,
Series 2006-12
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129
POCInquiries@BuckleyMadole.com
(alleged) claim no.12

Tamara Kirby For
New Haven City Tax Collector
165 Church Street
New Haven CT 06510
claim no. 13

*Mr. Andrew Kussmeaul, For
Residential Funding Mortgage
Securities II, Inc. Home Equity Loan Pass
-Through Certificates, Series 2007-HSA2,
U.S.Bank National Association, as
Trustee, successor in interest to Bank of
America N.A., as Trustee, successor by
merger to LaSalle Bank National
Association, as Trustee
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129
POCInquiries@BuckleyMadole.com
(alleged) claim no.10

*Patricia A. Davis, Esq. For
The Bank of New York Mellon, FKA
The Bank of New York Mellon, as Trustee
for the certificate holders of the CWABS
Inc., Asset-Back Certificates,
Series 2006-12
275 West Natick Road, Suite 500
Warwick, RI 02886
(alleged) claim no. 12

Lori Jo For
Century Financial Services, Inc.
also D/B/A
Century Healthcare Serv. Collections
23 Maiden Lane
North Haven, CT 06473-0098

Dated May 12, 2017

THE DEBTOR,
By: *(signature)*
Johnny Ray Moore, Pro Se
15 Sachem Drive
Shelton CT 06484
greenenergyjrm@gmail.com
(203) 395-4282

9

# EXHIBIT A.

Case 12-51027   Doc 442   Filed 02/06/15   Entered 02/07/15 00:44:15   Desc Imaged
Certificate of Notice   Page 1 of 5

United States Bankruptcy Court
District of Connecticut

In re:
Johnny Ray Moore
   Debtor

Case No. 12-51027-ahws
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0205-5    User: sstaton    Page 1 of 3    Date Rcvd: Feb 04, 2015
Form ID: B18    Total Noticed: 42

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 06, 2015.

```
db           +Johnny Ray Moore,   15 Sachem Drive,   Shelton, CT 06484-1756
cr            American InfoSource LP as agent for Midland Fundin,   PO Box 268941,
               Oklahoma City, OK 73126-8941
cr           +Bank Of America, N.A.,   2380 Performance Dr.,   Richardson, TX 75082-4333
cr           +Bank of America, N.A c/o Prober & Raphael A Law Co,   20750 Ventura Blvd, Suite 100,
               Woodland Hills, CA 91364-6207
dbaty        +Mark M. Kratter,   Kratter & Gustafson, LLC,   71 East Avenue Suite O,   Norwalk, CT 06851-4903
cr           +Shameka Smith,   63 Blohm Street,   Floor 1,   West Haven, CT 06516-5458
cr            Tower Lien, LLC,   P.O. Box 823502,   Philadelphia, Pa 19182-3502
cr           +WPCA Of Bridgeport,   Law Office of Juda J. Epstein,   3543 Main Street, Second Floor,
               Bridgeport, CT 06606-3626
8213526      +Bank of America, N.A,   Linda St. Pierre,   Hunt Leibert Jacobson,   50 Weston Street,
               Hartford, CT 06120-1504
7964598       Bank of New York Mellon,   f/k/a The Bank of New York,   Bank of America,
               Mail Stop TX2-982-03-03,   105 Corporate Drive , PTX-09,   Plano, TX 75024
7872350       Chase,   P.O. Box 46903,   Glendale, CO 80246
8202898      +Christiana Trust, A Division Of Wilmington Savings,   Gerald A. Gordon,
               Hunt Leibert & Jacobson PC,   50 Weston Street,   Hartford, CT 06120-1504
7951400      +JPMorgan Chase Bank, National Association,   700 Kansas Lane,   Attn: Correspondence Mail,
               Mail Code LA4-5555,   Monroe, LA 71203-4774
7875562      +JPMorgan Chase Bank, National Association,   Gerald A. Gordon,   Hunt Leibert & Jacobson PC,
               50 Weston Street,   Hartford, CT 06120-1504
8342367      +Johnny Ray Moore,   David G. Volman,   One Trap Falls Road,   Suite 901,
               Shelton, CT 06484-7601
8326678      +PennyMac Holdings ,LLC,   Linda St. Pierre,   Hunt Leibert Jacobson,   50 Weston Street,
               Hartford, CT 06120-1504
8205912      +PennyMac Loan Services, LLC,   c/o Aldridge Connors LLP,   Bankruptcy Department,
               Fifteen Piedmont Center,   3575 Piedmont Road, N.E., Suite 500,   Atlanta, GA 30305-1623
8204813      +PennyMac Loan Services, LLC,   6101 Condor Drive,   Suite 310,   Moorpark, CA 93021-2602
8262004      +Shameka Smith,   63 Blohm Street, 1st Floor,   West Haven ,CT 06516-5458
7952301      +Specialized Loan Servicing, LLC,   Attention Bankruptcy Department,
               8742 Lucent Blvd, Suite 300,   Highlands Ranch, Colorado 80129-2386
7957389      +State of CT, Dept. of Revenue Services,   Maria A. Santos,   Office of the Attorney General,
               55 Elm Street,   Hartford, CT 06106-1752
7948607       State of Connecticut,   Department of Revenue Services,   C&E Division, Bankruptcy Unit,
               25 Sigourney Street,   Hartford, CT 06106-5032
7875551      +The Bank Of New York Mellon fka,   The Bank of New York, as Trustee,   Andrew S. Cannella,
               Bendett & McHugh, P.C.,   270 Farmington Avenue ,Suite 151,   Farmington, CT 06032-1926
7953685      +The Bank of New York Mellon fka The Bank of New Yo,   c/o Bank of America, N.A.,
               7105 Corporate Drive,   Plano, TX 75024-4100
7972404      +Tower Lien LLC,   Mark L. Bergamo/ The Marcus Law Firm,   275 Brandford Road,
               North Brandford, CT 06471-1337
7972979      +Tower Lien, LLC,   Mark L. Bergamo,   The Marcus Law Firm,   275 Branford Road,
               Branford, CT 06471-1337
8368354      +WPCA of Bridgeport,   Juda J. Epstein,   Law Offices of Juda J. Epstein,   3543 Main Street,
               Second Floor,   Bridgeport, CT 06606-3626
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
tr           +EDI: QBHKATZ.COM Feb 04 2015 18:43:00   Barbara H. Katz, Trustee,   57 Trumbull Street,
               New Haven, CT 06510-1004
cr           +EDI: PRA.COM Feb 04 2015 18:44:00   PRA Receivables Management LLC,   POB 41067,
               Norfolk, VA 23541-1067
8040769      +EDI: ATTWIREBK.COM Feb 04 2015 18:44:00   AT&T Services, Inc,
               Karen A. Cavagnaro - Lead Paralegal,   One AT&T Way, Room 3A 231,   Bedminster, NJ 07921-2693
7901125       EDI: AIS.COM Feb 04 2015 18:44:00   American InfoSource LP as agent for,
               Midland Funding LLC,   PO Box 268941,   Oklahoma City, OK 73126-8941
7919592      +EDI: ACCE.COM Feb 04 2015 18:43:00   Asset Acceptance LLC,   P.O. Box 2036,
               Warren MI 48090-2036
7951859      +EDI: OPHSUBSID.COM Feb 04 2015 18:43:00   Azurea I, LLC,   c/o Weinstein & Riley, P.S.,
               2001 Western Ave., Ste. 400,   Seattle, WA 98121-3132
7883628       EDI: BANKAMER2.COM Feb 04 2015 18:43:00   FIA CARD SERVICES, N.A.,   PO Box 15102,
               Wilmington, DE 19886-5102
7899320      +EDI: BANKAMER.COM Feb 04 2015 18:43:00   Bank of America, N.A.,   Bankruptcy Department,
               P.O. Box 26012, NC4-105-02-99,   Greensboro, NC 27420-6012
7886702       EDI: DISCOVER.COM Feb 04 2015 18:43:00   Discover Bank, DB Servicing Corporation.,
               PO Box 3025,   New Albany, OH 43054-3025
7980782       EDI: IRS.COM Feb 04 2015 18:43:00   Internal Revenue Service,   P.O. Box 7346,
               Philadelphia, PA 19101-7346
7890585      +EDI: OPHSUBSID.COM Feb 04 2015 18:43:00   Keystone Recovery Partners. LLC Series A,
               c/o Weinstein and Riley,   2001 Western Avenue, Ste 400,   Seattle,WA 98121-3132
7873579       EDI: MERRICKBANK.COM Feb 04 2015 18:43:00   Merrick Bank,   Resurgent Capital Services,
               PO Box 10368,   Greenville, SC 29603-0368
7934483      +EDI: OPHSUBSID.COM Feb 04 2015 18:43:00   Oak Harbor Capital VI, LLC,
               c/o Weinstein & Riley, P.S.,   2001 Western Ave., Ste. 400,   Seattle, WA 98121-3132
```

```
District/off: 0205-5            User: sstaton              Page 2 of 3           Date Rcvd: Feb 04, 2015
                                Form ID: B18              Total Noticed: 42

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
7919066          EDI: PRA.COM Feb 04 2015 18:44:00      Portfolio Recovery Associates, LLC,   POB 41067,
                 Norfolk VA 23541
8369819         +E-mail/Text: ustpregion02.nh.ecf@usdoj.gov Feb 04 2015 18:43:19      United States Trustee,
                 150 Court Street, Room 302,   New Haven, Ct 06510-2022
                                                                                              TOTAL: 15

                 ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr               Christiana Trust, A Division Of Wilmington Savings
cr               JPMorgan Chase Bank, National Association
cr               PennyMac Holdings, LLC
cr               PennyMac Loan Services, LLC
cr               State of CT, Dept. of Revenue Services
cr               The Bank Of New York Mellon
cr               The Bank of New York Mellon fka The Bank of New Yo
7872349          Bank of America,   Home Loans,    Special Loan Servicing,   P.O. Box 91410-0227
aty*            +Barbara H. Katz, Trustee,    57 Trumbull Street,   New Haven, CT 06510-1004
cr*             +Azurea I, LLC,   c/o Weinstein & Riley, P.S.,   2001 Western Ave., Ste. 400,
                 Seattle, WA 98121-3132
cr*             +Oak Harbor Capital VI, LLC,   c/o Weinstein & Riley, P.S.,   2001 Western Ave., Ste. 400,
                 Seattle, WA 98121-3132
                                                                                 TOTALS: 8, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 06, 2015                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 4, 2015 at the address(es) listed below:
              Abigail Hausberg    on behalf of U.S. Trustee    U. S. Trustee USTPREGION02.NH.ECF@USDOJ.GOV
              Ana M. Fidalgo    on behalf of Creditor    The Bank of New York Mellon fka The Bank of New York, as
               Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-12
               bkecf@bmpc-law.com, afidalgo@bmpc-law.com
              Ana M. Fidalgo    on behalf of Creditor    JPMorgan Chase Bank, National Association
               bkecf@bmpc-law.com, afidalgo@bmpc-law.com
              Ana M. Fidalgo    on behalf of Creditor    The Bank Of New York Mellon bkecf@bmpc-law.com,
               afidalgo@bmpc-law.com
              Andrew Cannella    on behalf of Creditor    The Bank Of New York Mellon bkecf@bmpc-law.com
              Andrew Cannella    on behalf of Creditor    The Bank of New York Mellon fka The Bank of New York,
               as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series
               2006-12 bkecf@bmpc-law.com
              Andrew S. Cannella    on behalf of Creditor    PennyMac Holdings, LLC bkecf@bmpc-law.com
              Barbara H. Katz, Trustee    barbarakatz@snet.net, bhkatz@ecf.epiqsystems.com
              Barbara H. Katz, Trustee    on behalf of Trustee Barbara H. Katz, Trustee barbarakatz@snet.net,
               bhkatz@ecf.epiqsystems.com
              Brian D. Rich    on behalf of Defendant    JP Morgan Chase Bank, N.A. rich@halloran-sage.com,
               spencer@halloran-sage.com
              David G. Volman    on behalf of Debtor Johnny Ray Moore joni@volmanlaw.com
              Gerald A. Gordon    on behalf of Creditor    JPMorgan Chase Bank, National Association
               ggordon@huntleibert.com
              Gerald A. Gordon    on behalf of Creditor    Christiana Trust, A Division Of Wilmington Savings
               Fund Society, FSB, As Trustee For Normandy Mortgage Loan Trust Trust, Series 2013-18
               ggordon@huntleibert.com
              Juda J. Epstein    on behalf of Creditor    WPCA Of Bridgeport contact@lawofficesjje.com
              Kim L. McCabe    on behalf of U.S. Trustee    U. S. Trustee kim.mccabe@usdoj.gov
              Linda St. Pierre    on behalf of Creditor    PennyMac Holdings, LLC bankruptcy@huntleibert.com,
               lstpierre@huntleibert.com
              Linda St. Pierre    on behalf of Creditor    PennyMac Loan Services, LLC
               bankruptcy@huntleibert.com, lstpierre@huntleibert.com
              Linda St. Pierre    on behalf of Defendant    Christiana Trust A Division of Wilmington ,Savings
               Fund Society,FBS,as Trustee for Normandy Mortgage Loan Trust,Series 2013-18
               bankruptcy@huntleibert.com, lstpierre@huntleibert.com
```

Case 12-51027    Doc 442    Filed 02/06/15    Entered 02/07/15 00:44:15    Desc Imaged
Certificate of Notice    Page 3 of 5

```
District/off: 0205-5           User: sstaton              Page 3 of 3              Date Rcvd: Feb 04, 2015
                               Form ID: B18              Total Noticed: 42

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Linda  St. Pierre    on behalf of Creditor    JPMorgan Chase Bank, National Association
              bankruptcy@huntleibert.com, lstpierre@huntleibert.com
              Linda  St. Pierre    on behalf of Creditor    Bank of America, N.A c/o Prober & Raphael A Law
              Corporation bankruptcy@huntleibert.com, lstpierre@huntleibert.com
              Linda  St. Pierre    on behalf of Creditor    Bank Of America, N.A. bankruptcy@huntleibert.com,
              lstpierre@huntleibert.com
              Linda  St. Pierre    on behalf of Creditor    Christiana Trust, A Division Of Wilmington Savings
              Fund Society, FSB, As Trustee For Normandy Mortgage Loan Trust Trust, Series 2013-18
              bankruptcy@huntleibert.com, lstpierre@huntleibert.com
              Linda  St. Pierre    on behalf of Defendant    Selene Finance, LLP bankruptcy@huntleibert.com,
              lstpierre@huntleibert.com
              Linda  St. Pierre    on behalf of Defendant    Penny Mac Loan Services,LLC
              bankruptcy@huntleibert.com, lstpierre@huntleibert.com
              Linda  St. Pierre    on behalf of Defendant    JP Morgan Chase Bank, N.A.
              bankruptcy@huntleibert.com, lstpierre@huntleibert.com
              Maria A. Santos    on behalf of Creditor    State of CT, Dept. of Revenue Services
              maria.santos@ct.gov
              Mark L. Bergamo    on behalf of Creditor    Tower Lien, LLC mbergamo@marcuslawfirm.com
              Michael A. Leone    on behalf of Defendant    JP Morgan Chase Bank, N.A. leone@halloran-sage.com
              Molly T. Whiton    on behalf of Trustee Molly T. Whiton mtwhiton@mtwhiton.com
              U. S. Trustee    USTPRegion02.NH.ECF@USDOJ.GOV
                                                                                              TOTAL: 30
```

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

District of Connecticut
Case No. 12-51027
Chapter 7

In re Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Johnny Ray Moore
15 Sachem Drive
Shelton, CT 06484

Social Security / Individual Taxpayer ID No.:
xxx-xx-8060

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

IT IS ORDERED:

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 2/4/15

Alan H.W. Shiff
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts That are Not Discharged

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.