**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---

|  |  |  |  |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | CASE No. | 16-51133 (JAM) |
| JOHNNY RAY MOORE, | ) | | |
| | ) | CHAPTER | 13 |
| DEBTOR. | ) | | |
| | ) | RE: ECF Nos. | 220, 266 |

**ORDER GRANTING MOTION FOR**
***IN REM* RELIEF FROM AUTOMATIC STAY**

On September 29, 2017, PennyMac Holdings, LLC, through its servicer, PennyMac Loan

Services, LLC ("PennyMac"), filed a Motion for *In Rem* Relief from the Automatic Stay (the

"Motion for *In Rem* Relief", ECF No. 220), regarding the Debtor's principal residence commonly

known as 15 Sachem Drive, Shelton, CT 06484 (the "Property"). On October 13, 2017, the

Debtor filed a Motion to Extend Time to File Objection to the Motion for *In Rem* Relief (the

"Motion to Extend Time", ECF No. 233). On October 25, 2017, the Court entered an Order

granting in part the Motion to Extend Time, ordering the Debtor to file an objection to the

Motion for *In Rem* Relief on or before November 8, 2017, and scheduling a hearing on the

Motion for *In Rem* Relief for November 14, 2017 (the "Order Granting In Part Motion to Extend

Time and Scheduling Hearing on Motion for *In Rem* Relief", ECF No. 240). On November 8,

2017, instead of filing an objection to the Motion for *In Rem* Relief, the Debtor filed a Motion

for Relief from the Order Granting In Part Motion to Extend Time and Scheduling Hearing on

Motion for *In Rem* Relief (the "Motion for Relief from the Order", ECF No. 256), requesting that

a hearing on the Motion for *In Rem* Relief be marked "off."

A hearing on the Motion for *In Rem* Relief was held on November 14, 2017. The Debtor

and counsel for PennyMac appeared at the hearing. During the hearing, the Court ordered: (i)

PennyMac must file an amended Motion for *In Rem* Relief by November 17, 2017 (the

"Amended Motion for *In Rem* Relief"); (ii) the Debtor must file a response to the Amended Motion for *In Rem* Relief by December 1, 2017; (iii) a hearing to be held on the Amended Motion for *In Rem* Relief on December 12, 2017 (the "November 14th Order").  On November 17, 2017, PennyMac filed an Amended Motion for *In Rem* Relief (the "Amended Motion for *In Rem* Relief", ECF No. 266).  On November 30, 2017, instead of filing an objection to the Amended Motion for *In Rem* Relief, the Debtor filed a Motion to Extend Time to Comply with the November 14th Order (the "Motion to Extend Time to Comply with November 14th Order", ECF No. 281).  Also on November 30, 2017, the Debtor filed: (i) an appeal of the Order Overruling Objection to Claims No. 10 and 11 in the United States District Court for the District of Connecticut (the "Notice of Appeal", ECF No. 272); a Motion for Leave to Appeal (the "Motion for Leave to Appeal", ECF No. 273);[1] and (iii) a Motion for Stay Pending Appeal (the "Motion for Stay Pending Appeal", ECF No. 274).  On December 1, 2017, the Debtor filed a Motion to Continue the December 12th hearing on the Amended Motion for *In Rem* Relief, which was denied on December 6, 2017.

A hearing on the Amended Motion for *In Rem* Relief was held on December 12, 2017.  The Debtor did not appear at the December 12th hearing.  Because the Debtor failed to appear at the December 12th hearing, the Court continued the hearing on the Amended Motion for *In Rem* Relief to December 14, 2017, the date set for the confirmation hearing on the Debtor's Chapter 13 Plan.  The Debtor also failed to appear at the December 14th hearing.  At the conclusion of the December 14th hearing, the Court took the Amended Motion for *In Rem* Relief under advisement.

---

[1] Claim No. 11 is the claim of PennyMac filed in the Debtor's pending Chapter 13 case.

After a review of: (i) the Debtor's conduct in and the record of the Debtor's prior bankruptcy case filed in 2012, Case No 12-51027; (ii) the Debtor's conduct in and record of the pending Connecticut Superior Court foreclosure action commenced against the Debtor in 2009, which record is contained in the Amended Motion for *In Rem* Relief; (iii) the Debtor's conduct in and record of the Debtor's pending Chapter13 case filed in 2016; and (iv) the arguments advanced in the pleadings and at the hearings held in the Debtor's pending Chapter 13 case, in accordance with 11 U.S.C. § 362(d)(4)(B); it is hereby

**ORDERED**: The Amended Motion for *In Rem* Relief is **GRANTED** and PennyMac is granted *in rem* relief from the automatic stay as to the Property, based upon the findings that PennyMac's claim is secured by an interest in the Property, and that pursuant to § 362(d)(4)(B), the filing of the Debtor's pending Chapter 13 case was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting the Property; and it is further

**ORDERED**: In accordance with § 362(d)(4), if this Order is recorded in compliance with applicable state laws governing notices of interest or liens in real property, this Order shall be binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of this Order, except that the Debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after a notice and hearing.  *See* § 102(1).  Any federal, state or local governmental unit that accepts notice of interests or liens in real property shall accept a certified copy of this Order for indexing and recording; and it is further

**ORDERED**: The fourteen (14) day stay provided in Fed. R. Bankr. P. 4001(a)(3) is hereby waived; and it is further

**ORDERED**: Pursuant to 11 U.S.C. § 1301(c), to the extent that the co-debtor stay in 11 U.S.C. § 1301(a) applies, it is hereby terminated; and it is further

**ORDERED**: At or before 5:00 p.m. on January 12, 2018, the Clerk's Office shall serve this Order upon the Debtor via the email address provided by the Debtor on his petition and via first class mail at 15 Sachem Drive, Shelton CT, 06484.

Dated at Bridgeport, Connecticut this 12th day of January, 2018.

Julie A. Manning
Chief United States Bankruptcy Judge
District of Connecticut