**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE No.       16-51133 (JAM) |
| JOHNNY RAY MOORE, ) | |
| ) | CHAPTER      13 |
| DEBTOR. ) | |
| ) | RE: ECF Nos.   91, 264, 312 |

**<u>ORDER GRANTING AMENDED MOTION TO DISMISS</u>**
**<u>WITH A ONE YEAR BAR TO FILING A CASE</u>**

On October 31, 2016, the Chapter 13 Trustee (the "Trustee"), filed a Motion to Dismiss the Debtor's case for failure to prosecute the case, pursuant to 11 U.S.C. § 1307(c)[1] (the "Motion to Dismiss", ECF No. 31[2]).  A hearing on the Motion to Dismiss was scheduled to be held on January 19, 2017.  On December 14, 2016, the Debtor filed a reply to the Motion to Dismiss (ECF No. 51).  On January 18, 2017, the Trustee filed an Amended Motion to Dismiss (the "Amended Motion to Dismiss", ECF No. 91), asserting that the Debtor is not eligible for relief under Chapter 13 because, as of the petition date, his secured debts exceed the secured debt limitations under § 109(e).

A hearing on the Motion to Dismiss was held on January 19, 2017.  During the hearing, it came to the attention of the Court that the Amended Motion to Dismiss was filed the previous day.  The Court then continued the hearing on the Motion to Dismiss to a date to be set by the Court.  Soon thereafter, the Debtor filed a series of objections to claims filed by creditors, motions for continuance, and motions to reconsider orders previously entered by the Court.

---

[1] Unless otherwise specified, all future statutory references are to Title 11 of the United States Code.

[2] Unless otherwise specified, all future docket references are to the Debtor's pending Chapter 13 bankruptcy case (Case No. 16-51133).

On November 16, 2017, the Clerk's office issued a Notice of Hearing advising all parties, including the Debtor, that a hearing on the Amended Motion to Dismiss was scheduled to be held on December 14, 2017, which was the same date set for the confirmation hearing on the Debtor's Chapter 13 Plan (the "Notice of Hearing on Amended Motion to Dismiss", ECF No. 263). On that same day, the Trustee filed a supplemental brief in support of the Amended Motion to Dismiss, citing case law to support the relief requested (the "Trustee's Supplemental Brief", ECF No. 264). *In re Mazzeo*, 131 F.3d 295, 304-05 (2d Cir. 1997); *see also In re Slack*, 187 F.3d 1070, 1073-75 (9th Cir. 1999); *United States v. Verdunn*, 89 F.3d 799, 802 (11th Cir. 1996) (claim is plainly liquidated if its amount is made certain by operation of law); *In re Barcal*, 213 B.R. 1008, 1012 (8th Cir. BAP 1997); *In re Imagine Fulfillment Servs.*, LLC, 489 B.R. 136, 147 (Bankr. C.D. Cal. 2013) (claim is not contingent if events giving rise to liability occurred prepetition); *In re Mitchell*, 255 B.R. 345 (Bankr. D. Mass. 2000) (claim is liquidated so long as amount of liability is readily calculable even if debtor disputes liability).

On November 17, 2017, PennyMac Holdings, LLC, by its servicer, PennyMac Loan Services, LLC ("PennyMac"), filed an Amended Motion for *In Rem* Relief from the Automatic Stay ("Amended Motion for *In Rem* Relief", ECF No. 266) regarding the real property commonly known as 15 Sachem Drive, Shelton CT (the "Property"). The Amended Motion for *In Rem* Relief contained numerous factual allegations of the Debtor's prepetition and post-petition bad faith conduct in support of the relief requested. *See In re Ciarcia*, 2017 WL 5062144, at *7 n.26 (Bankr. D. Conn. Nov. 1, 2017) (citing *In re 234–6 West 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997)) (holding that "the standards for bad faith as evidence of cause, whether in the context of dismissal or relief from the stay, are not substantively different from each other.").

Despite appropriate notice having been provided, the Debtor failed to appear at the December 14th hearing. Several matters were heard during the hearing, including the Amended Motion for *In Rem* Relief and the Amended Motion to Dismiss. At the conclusion of the hearing, the Court took the Amended Motion for *In Rem* Relief under advisement and continued the hearing on the Amended Motion to Dismiss to January 10, 2018.

On December 15, 2017, the Court issued an Order to Appear and Show Cause why the case should not be dismissed as a bad faith filing (the "Order to Appear and Show Cause"), and set January 10, 2018, as the hearing date on the Order to Appear and Show Cause (ECF No. 312). *See In re Van Eck*, 425 B.R. 54, 68 (Bankr. D. Conn. 2010) (citing *In re Dilley*, 125 B.R. 189, 198 (Bankr. N.D. Ohio 1991) (several courts have held, pursuant to §§ 349(a) and 105(a), after a notice and hearing, a bankruptcy court may *sua sponte* dismiss a Chapter 13 case with a bar order for cause).

On January 10, 2018, the Debtor, counsel for the Chapter 13 Trustee, and counsel for the creditor Hampshire House Condominium Association of Unit Owners, Inc., appeared at the hearing on the Order to Appear and Show Cause and the Amended Motion to Dismiss. During the hearing, the Debtor was examined under oath as to why the case should not be dismissed as a bad faith filing. The Debtor's testimony corroborated many of the allegations of the Debtor's bad faith conduct contained in PennyMac's Amended Motion for *In Rem* Relief.

After a review of (i) the Debtor's conduct in and the record of the Debtor's prior bankruptcy case filed on May 31, 2012 (the "Debtor's 2012 bankruptcy case", Case No. 12-51027); (ii) the Debtor's conduct in and record of the pending Connecticut Superior Court

foreclosure action commenced against the Debtor in 2009 ("Foreclosure Action")³, which record is contained in the Amended Motion for *In Rem* Relief; (iii) the Debtor's conduct in and record of the Debtor's pending Chapter13 case filed on August 24, 2016 (the "Debtor's 2016 bankruptcy case," Case No. 16-51133); and (iv) the arguments advanced in the pleadings and at the hearings held in the Debtor's pending Chapter 13 case and the testimony of the Debtor at the January 10th hearing, the following are the Court's findings of fact in connection with the Amended Motion to Dismiss and the Order to Appear and Show Cause.

    I.    *Findings of Fact*

On October 18, 2009, prior to the filing of both of the Debtor's bankruptcy cases, JPMorgan Chase Bank, National Association ("JPMorgan"), commenced the Foreclosure Action against the Debtor, to foreclose its interests in the Property.

    a.    *State Court Foreclosure Action*

On May 21, 2010, the Debtor filed a motion to dismiss the Foreclosure Action for lack of subject matter jurisdiction. On October 25, 2010, the Connecticut Superior Court (the "State Court") entered an order denying the Debtor's motion to dismiss the Foreclosure Action, holding that "[t]he defendant's argument lacks substantive support, merely conclusions [sic], this court has subject matter jurisdiction because the plaintiff possesses the promissory note in this case." Ex. D of PennyMac's Amended Motion for *In Rem* Relief (ECF No. 266). Undeterred, on November 5, 2010, the Debtor filed a motion to reargue the order denying his motion to dismiss the Foreclosure Action, which was denied on November 8, 2010. On May 1, 2012, the Debtor filed a petition to mediate JPMorgan's claims. Two days later, on May 3, 2012, the Debtor filed an answer and affirmative defenses re-arguing that JPMorgan has no standing to maintain its

---

³ The State Foreclosure Action is entitled *JPMorgan Chase Bank, National Association v. Moore, Johnny Ray et al.*, Superior Court, Judicial District of Milford, Docket No. AAN-CV09-6001369-S. *See* Ex. A of PennyMac's Amended Motion for *In Rem* Relief (ECF No. 266).

4

claim. Unsatisfied with the orders entered in favor of PennyMac in the ongoing Foreclosure Action, on May 31, 2012, the Debtor filed the Debtor's 2012 bankruptcy case with this Court.

### b. *The Debtor's 2012 bankruptcy case*

On October 26, 2012, during the Debtor's 2012 bankruptcy case, JPMorgan filed proof of claim number 16 in the amount of $899,758.71, asserting its debt was secured by the Property. On November 8, 2012, the Debtor filed an objection to JPMorgan's proof of claim arguing that JPMorgan has no standing to maintain its claim (ECF No. 65 of Case No. 12-51027).

On November 26, 2012, the Debtor filed a motion to voluntarily convert his case from Chapter 13 to Chapter 11 ("Motion for Voluntary Conversion", ECF No. 83 of Case No. 12-51027), which was granted on November 29, 2012 (ECF No. 84 of Case No. 12-51027). In his Motion for Voluntary Conversion, the Debtor stated that "[t]he current Chapter 13 petition with regards to the secured debts being claimed by the Movant's [sic] exceeds the secured claim allowed under a Chapter 13 petition." (ECF No. 83 of Case No. 12-51027).

On February 24, 2014, JPMorgan transferred proof of claim number 16 to PennyMac (ECF No. 242 of Case No. 12-51027). Between July 2013 and October 2014, the United States Trustee and several creditors, including PennyMac, filed a series of motions seeking to compel the Debtor to produce certain documents or, in the alternative, to dismiss or convert the Debtor's case from Chapter 11 to Chapter 7, *see* ECF Nos. 242, 251, 321, and 350 of Case No. 12-51027. All of the parties asserted that conversion or dismissal was appropriate because the Debtor's Chapter 11 case had been pending for almost two years with no disclosure statement and plan of reorganization having been filed by the Debtor.

On April 9, 2014, the United States Trustee and the Debtor entered into a stipulation agreement. The Court then entered an order setting a timetable for the Debtor to propose a

disclosure statement and plan of reorganization, to obtain confirmation of a plan of reorganization, and to file monthly operating reports ("Stipulated Timetable Order", ECF No. 257 of Case No. 12-51027). Rather than complying with the Stipulated Timetable Order, the Debtor commenced an adversary proceeding against creditors, including PennyMac, asking the Court to relieve him of compliance with the Stipulated Timetable Order until his pending objections to proofs of claims were fully adjudicated by the Court.[4] *See* Adversary Proceeding No. 14-5052.

On September 25, 2014, the United States Trustee filed a declaration asserting that the Debtor's case should be converted to Chapter 7 because the Debtor failed to comply with the Stipulated Timetable Order ("Non-compliance Declaration", ECF No. 327 of Case No. 12-51027). On October 29, 2014, the Court entered an order converting the case to Chapter 7, holding that "conversion to chapter 7 is further appropriate under the Non-compliance Declaration as a result of the Debtor's failure to comply with the Stipulated Timetable Order" ("Conversion Order", ECF No. 358 of Case No. 12-51027). On October 31, 2014 and November 3, 2014, the Debtor filed what were essentially motions to reconsider the Conversion Order (ECF Nos. 363 and 364 of Case No. 12-51027). On January 9, 2015, the Chapter 7 Trustee filed a notice of intent to abandon the Property (ECF No. 425 of Case No. 12-51027). On February 4, 2015, the Debtor received a discharge (ECF No. 437 of Case No. 12-51027).

    *c. State Court proceedings following Debtor's discharge in 2012 case*

On July 7, 2015, the State Court entered an order granting JPMorgan's motion to substitute PennyMac as party plaintiff in the Foreclosure Action over the Debtor's objection.

---

[4] The Debtor displayed this same behavior in his pending bankruptcy case (Case No. 16-51133), where he asked the Court for extension of time to amend his Chapter 13 plan and respond to pending motions for thirty days after his objections to proofs of claims were fully adjudicated by the Court. *See*, *e.g.*, ECF Nos. 138, 155, 231, 232, 233, 236, 238 of Case No. 16-51133.

*See* Ex. P of PennyMac's Amended Motion for *In Rem* Relief (ECF No. 266 of Case No. 16-51133). On July 25, 2015, the Debtor filed a motion to reconsider the order granting the motion to substitute, which was denied by the State Court on July 29, 2015. *See* Ex. Q of PennyMac's Amended Motion for *In Rem* Relief. The day before the order denying the Debtor's motion to reconsider was entered, on July 28, 2015, the Debtor filed another motion to reconsider, which was denied by the State Court on July 30, 2015. *See* Ex. S of PennyMac's Amended Motion for *In Rem* Relief. On August 17, 2015, the Debtor filed an appeal of both of the orders denying his motions to reconsider to the Connecticut Appellate Court, which was dismissed on November 20, 2015. *See* Ex. S of PennyMac's Amended Motion for *In Rem* Relief. On March 21, 2016, the State Court granted PennyMac's motion for summary judgment over the Debtor's objection, holding that:

> The affirmative defenses filed by the defendant do not attack the making, execution, or validity of the Note and Mortgage (#134.00); nor does the Affidavit in Opposition to the Motion for Summary judgment (#164.00). Further, the defendant has not filed a brief in opposition to the Motion for Summary Judgment pursuant to Connecticut Practice Book [section] 11-10.

Ex. T of PennyMac's Amended Motion for *In Rem* Relief.

On April 8, 2016, the Debtor filed a motion to reconsider the order granting PennyMac's motion for summary judgment, which was denied on April 12, 2016. *See* Ex. U of PennyMac's Amended Motion for *In Rem* Relief. Thereafter, the Debtor filed a motion to vacate the order granting PennyMac's motion for summary judgment and a motion for disqualification of judicial authority. *See* PennyMac's Amended Motion for *In Rem* Relief at pg. 3. On August 17, 2016, the State Court scheduled all pending hearings to be held on August 25, 2016. *See* Ex. W of PennyMac's Amended Motion for *In Rem* Relief. On the eve of the August 25th hearing, on

August 24, 2016, and while the Debtor's 2012 bankruptcy case was pending, the Debtor filed the Debtor's 2016 bankruptcy case.

        d.    *The Debtor's 2016 bankruptcy case*

During the Debtor's 2016 bankruptcy case, he filed a series of objections to at least twelve (12) proofs of claims, including PennyMac's proof of claim, and countless motions for continuance and to reconsider the Orders previously entered by the Court. Most notably, between October 5, 2017 and October 20, 2017, the Debtor filed at least seven (7) motions seeking continuances and three (3) motions to reconsider the Orders previously entered by the Court. As a *pro se* debtor, the Debtor was afforded more than sufficient time to respond to pleadings filed in the case. In fact, on July 25, 2017, a hearing was held on the Debtor's objection to the secured proof of claim number 15 of the City of Bridgeport Tax Collector. At the hearing, the Court granted the Debtor's request not to enter any Orders on his pending objections to claims for at least two weeks because, on July 29, 2017, the Debtor was getting married. By repeatedly seeking continuances, failing to appear at the scheduled hearings on December 12, 2016 and December 14, 2016, commencing an adversary proceeding against the creditors on December 13, 2016, and pressing arguments which were or could have been asserted earlier and/or re-arguing theories previously advanced and rejected, the conduct of the Debtor supports the finding that he continues to hinder and delay creditors. As noted by the creditor PennyMac, "[t]o date, the Debtor's secured creditor has been carrying this [P]roperty while the Debtor enjoys the use of it rent free." PennyMac's Objection at p. 2 (ECF No. 306).

        II.    *Conclusions of Law*

After careful review of (i) the Debtor's conduct in and the record of the Debtor's 2012 bankruptcy case; (ii) the Debtor's conduct in and record of the pending Foreclosure Action,

which record is contained in the Amended Motion for *In Rem* Relief; (iii) the Debtor's conduct in and record of the Debtor's 2016 bankruptcy case; and (iv) the arguments advanced in the pleadings and at the hearings held in the Debtor's pending Chapter 13 case, and in accordance with §§ 109(e), 1307(c), 349(a) and 105, cause exists to dismiss the Debtor's case, and cause exists to condition such dismissal with a one year bar to filing another case. *See In re Peia*, 204 B.R. 310, 314 (Bankr. D. Conn. 1996) (citing *In re Russo*, 94 B.R. 127, 129 (Bankr. N.D. Ill. 1988) (mere successive filings of bankruptcy petitions by a debtor does not constitute bad faith; however, "it is a misuse of the bankruptcy process to file one case, then, failing to achieve the intended goals, to refile a second case," thereby choosing refilling rather than an appeal and thus circumventing the appeal process.); *see also In re Casse*, 198 F.3d 327 (2d Cir. 1999). Accordingly, it is hereby

**ORDERED**: Pursuant to §§ 109(e) and 1307(c), the Chapter 13 Trustee's Amended Motion to Dismiss is **GRANTED** because the Debtor's secured debts exceed the applicable statutory maximum of $1,184,200, pursuant to § 109(e); it is further

**ORDERED**: Pursuant to §§ 349(a) and 105, the Debtor is barred from filing for relief under any chapter of the Bankruptcy Code, in any bankruptcy court, for a period of not less than one (1) year from the date of entry of this Order.

**ORDERED**: At or before 7:00 p.m. on January 12, 2018, the Clerk's Office shall serve this Order upon the Debtor via the email address provided by the Debtor on his petition and via first class mail at 15 Sachem Drive, Shelton CT, 06484.

Dated at Bridgeport, Connecticut this 12th day of January, 2018.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut