UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------- x
IN RE: JOHNNY RAY MOORE,         :
                                 :
        Appellant,               :
                                 :
v.                               :
                                 :
UNITED STATES TRUSTEE,           :   Civil No. 3:18-cv-41 (AWT)
                                 :
        Notice.                  :
                                 :
v.                               :
                                 :
TOWER LIEN,                      :
                                 :
        Appellee.                :
                                 :
-------------------------------- x
```

### ORDER RE MOTION FOR LEAVE TO APPEAL

The appellant has filed a motion for leave to appeal an interlocutory order issued by the Bankruptcy Court, which overruled the appellant's objection to the allowance of Claim No. 2. (See Doc. No. 13). For the reasons set forth below, the motion for leave to file an interlocutory appeal (as initially submitted, see Doc. No. 1, and later amended in Doc. No. 13) is hereby DENIED.

Because the challenged order is interlocutory, the appellant has filed his appeal pursuant to 28 U.S.C. § 158(a)(3). Section 158(a)(3) only permits appeals with leave of the district court. "Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure provide standards for

1

district courts to follow in determining whether discretionary review of an interlocutory bankruptcy order should be granted. Instead, courts in this circuit look to the standards set in 28 U.S.C. § 1292(b), which governs interlocutory appeals from district courts to courts of appeal." In re Ad Hoc Committee of Tort Victims, No. 04 CV 08934(CSH), 2005 WL 267564, at *4 (S.D.N.Y. Feb. 3, 2005). "To permit an interlocutory appeal pursuant to § 1292(b), the order being appealed must '(1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion,' and the movant must also show that '(3) an immediate appeal would materially advance the ultimate termination of the litigation.'" In re Traversa, 371 B.R. 1, 4 (D. Conn. 2007) (quoting In re Enron Corp., No. 01-16034, 2006 WL 2548592, at *3 (S.D.N.Y. Sept. 5, 2006)).

Here, leave to appeal should be denied. The appellant's underlying bankruptcy case was dismissed on January 12, 2018 (See Doc. No. 13), so there is no possible outcome of this appeal that would materially advance the ultimate termination of the underlying litigation.

The Clerk shall close this case.

It is so ordered.

Signed this 17th day of August, 2018, at Hartford, Connecticut.

                                         /s/ AWT
                                     Alvin W. Thompson
                                     United States District Judge