**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------- X
IN RE:                           :
                                 :
JOHNNY RAY MOORE,                :   Bky. Pet. No. 16-51133 (JAM)
                                 :
          Debtor.                :
                                 :
_____    :
                                 :
JOHNNY RAY MOORE,                :
                                 :
          Appellant,             :
                                 :   Civil No. 3:18-cv-317(AWT)
v.                               :
                                 :
PENNYMAC HOLDINGS, LLC BY ITS    :
SERVICER PENNYMAC LOAN SERVICES, :
LLC; and ROBERTA NAPOLITANO,     :
CHAPTER 13 TRUSTEE,              :
                                 :
          Appellees.             :
-------------------------------- X
```

**ORDER DISMISSING APPEAL**

In the instant appeal, the debtor, Johnny Ray Moore, appeals the order of the Bankruptcy Court dismissing his bankruptcy case with prejudice. See Order Granting Amended Motion to Dismiss With A One Year Bar to Filing a Case (ECF No. 1-1). Consolidated into this appeal is the appeal originally filed as Civil Number 3:18-cv-161 (AWT), which was an appeal of the Bankruptcy Court's Order Granting Motion For In Rem Relief from Automatic Stay (ECF No. 1-1). For the reasons set forth below, this consolidated appeal is being dismissed.

The Appellant repeatedly obtained extensions of time in

-1-

which to file the statement of issues on appeal and designation

of the record. Then, between December 15, 2018 and January 3,

2019, the Appellant made a series of filings. In an effort to

accommodate the pro se Appellant, the court entered a scheduling

order which treated the document filed by the Appellant on

December 15, 2018 (see ECF No. 22) as the Appellant's brief and

set a deadline of February 26, 2019 for the filing of the

Appellees' briefs. The Appellant then filed a document that was

described as a response to the court's order and a motion to

reconsider the order (see ECF Nos. 31 and 32). The Appellant

represented that he did not intend the document he filed as ECF

No. 22 to be treated as the Appellant's brief and asserted that

he had a right to file a brief. On February 13, 2019, the court

entered an order instructing the Appellant to immediately file

his brief, because it had not been the court's intention to

deprive the Appellant of the opportunity to file a brief.

However, instead of filing his brief, the Appellant filed a

Motion to Remand Its Combined Appeal Back to the United States

Bankruptcy Court Regarding Petition No. 16-51133 Since the

Appeal Has Become Moot (ECF No. 34). In this document, the

Appellant asserted he had no need to file a brief and sought to

have the matter remanded to the Bankruptcy Court without

briefing or argument. Based on the foregoing, the court

concludes that the Appellant does not intend to raise issues of

substance on this appeal but rather, merely seeks continued delay. Accordingly, this appeal is being dismissed pursuant to Rule 8003(a)(2).

In addition, after reviewing the papers that have been filed in this consolidated appeal, the court concludes that the appeal lacks merit. It is apparent that all of the requirements for granting relief from stay pursuant to 11 U.S.C. § 362(d) were satisfied and that the Bankruptcy Court acted appropriately in granting relief from the automatic stay. "The bankruptcy court's decision on a motion to lift the automatic stay is reviewable only for an abuse of discretion." Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 142 (2d Cir. 1999). There was clearly no abuse of discretion here.

Also, it is apparent that the Bankruptcy Court properly dismissed the debtor's bankruptcy case. The debtor had secured, non-contingent, liquidated claims that exceeded the debt limits for a Chapter 13 debtor. The findings of fact in the Order Granting Amended Motion to Dismiss With A One Year Bar to Filing a Case support the Bankruptcy Court's conclusion that the debtor's case should be dismissed with a one year bar to filing another case.

The Clerk shall close this case.

It is so ordered.

Signed this 14th day of March 2019, at Hartford,

Connecticut.


                                    /s/  AWT
                               _____
                                Alvin W. Thompson
                            United States District Judge